**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge R. Brooke Jackson**


Civil Action No. 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

      Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GMBH,
INNOVATIS IMMOBILIEN GMBH,
INNOVATIS ASSET MANAGEMENT SA,
LEXINGTON CAPITAL & PROPERTY
INVESTMENTS, LLC, and
BARRY FUNT,

      Defendants.

---

**PLAINTIFFS' MOTION TO COMPEL NOMINAL DEFENDANT CREDIT
SUISSE AG AND THE LASSHOFER DEFENDANTS TO ANSWER QUESTION**

---

### INTRODUCTION

If the Lasshofer Defendants have already obtained the funds from their accounts

maintained at Nominal Defendant Credit Suisse AG, then this Court's forthcoming

August 10, 2012 hearing to determine whether personal jurisdiction exists over Credit

Suisse AG is moot. This is why—on August 1, 2012—Plaintiffs asked the Lasshofer

Defendants and Credit Suisse AG a simple question: does Credit Suisse AG currently

hold funds in excess of $50,000 U.S. on behalf of, or for the benefit of, any Lasshofer Defendant? The next day, Credit Suisse AG refused to answer the question. The Lasshofer Defendants never even responded.

In this motion, Plaintiffs ask this Court to compel both Credit Suisse AG and the Lasshofer Defendants to answer the simple question. If the answer is "yes," the August 10 hearing should go forward as planned. If the answer is "no," (1) the Lasshofer Defendants are in contempt of Court again; (2) Credit Suisse AG may be in contempt of Court; and (3) the forthcoming August 10 hearing is a waste of this Court's and the parties' time and resources. Either way, an answer to this simple question is necessary.

FACTS

## I.     The Middle District of Florida's AUSA's July 25, 2012 Motion

On July 25, 2012, the Assistant United States Attorney (AUSA) in the Middle District of Florida unexpectedly moved to vacate that court's Second Preliminary Order of Forfeiture against the contents of "Credit Suisse Bank Account No. 0835-1128069 held in the name of Innovatis Asset Management S.A." *United States v. Burgess*, No. 6:10-cr-161-ACC-GJK, at 1 (M.D. Fla. July 25, 2012), ECF No. 130. In her motion, the AUSA wrote:

> [T]he funds that were restrained by Swiss authorities in Innovatis' Credit Suisse Account (as a result of the United States' MLAT request) were <u>not</u> the proceeds the defendant [Michael Burgess] obtained as a result of the acts for which he was convicted.

*Id*. at 3.

2

This representation to the Court, of course, contradicts other representations the same AUSA, and other members of her investigation/prosecution team, have made in the Middle District of Florida. In the Government's Second Motion for a Preliminary Order of Forfeiture, filed on August 10, 2011, the AUSA wrote:

> In paragraph 13 of his plea agreement, entitled "Forfeiture of Assets," Michael Frank Burgess admitted that at least $6.8 million in wire fraud proceeds were deposited into the Credit Suisse Bank Account 0835-1128069-12 held in the name of Innovatis Asset Management S.A. in furtherance of the wire fraud conspiracy.

*United States v. Burgess*, No. 6:10-cr-161-ACC-GJK, at 1 (M.D. Fla. Aug. 10, 2011), ECF No. 92. Moreover, in Special Agent Steven Knapp's affidavit establishing probable cause "that the funds held in Credit Suisse Bank Account #0835-1128069-12 held in the name of Innovatis Asset Management S.A. in Zurich, Switzerland contain proceeds traceable to a conspiracy to wire fraud [*sic*] offenses in violation of Title 18, United States Code, Sections [*sic*] 1343," Special Agent Knapp provides specific multi-million-dollar examples of fraud victims' transfers made directly into the aforementioned Innovatis Credit Suisse account in Zurich, Switzerland. *United States v. Burgess*, No. 6:10-cr-161-ACC-GJK, at 1 (M.D. Fla. June 24, 2010), ECF No. 5.

In any event, the AUSA filed her July 25 motion just days after she sent the following email, under the subject line "Swiss Freeze", to Plaintiffs' counsel:

> The extension that was granted was actually granted through July 31, and not July 26, as I had thought. Do you think that would be enough time to speak with your client?

(Declaration of Christopher W. Madel, filed concurrently ("Madel Decl."), dated August 3, 2012, Ex. 1.) In essence, the AUSA informed Plaintiffs that they had until July 31 to

accept the terms of her settlement with Lasshofer because this was the date that the Swiss

Government would apparently lift the restraint on the Lasshofer Defendants' funds held

in the Credit Suisse AG accounts. Surprisingly, the AUSA moved the Middle District of

Florida District Court before receiving Plaintiffs' answer to her own question.

## II.      The July 30, 2012 Telephonic Hearing Regarding Plaintiffs' Motion for a Temporary Restraining Order

At the July 30, 2012 hearing regarding Plaintiffs' Motion for Temporary

Restraining Order (Dkt. 86), counsel for the Lasshofer Defendants drew attention to the

AUSA's July 25 filing, even though the Government's motion to vacate did not affect his

clients' obligation, imposed by this Court's June 1 Preliminary Injunction Order, not to

transfer any funds out of any Credit Suisse AG accounts. Counsel's apparent purpose in

mentioning the motion to vacate was to support his argument that the funds were not

subject to this Court's freeze order. This may be an indication that the Lasshofer

Defendants had already removed, or were in the process of attempting to remove, their

funds from the theretofore restrained Credit Suisse AG accounts.

## III.     Plaintiffs' Simple Question Regarding Whether the Lasshofer Defendants' Funds Remain at Credit Suisse AG

On August 1, 2012, two days after this Court issued its Temporary Restraining

Order prohibiting Credit Suisse AG from transferring funds out of the Credit Suisse AG

accounts containing the Lasshofer Defendants' $6.8 million (Dkt. 97), Plaintiffs' counsel

directed the following question to counsel for Credit Suisse AG:

Can you tell us if the money in these 12 accounts is still frozen?

(Madel Decl. Ex. 2.)

4

Later on the same day, having received no response to the above question,

Plaintiffs' counsel asked counsel for Credit Suisse AG and counsel for the Lasshofer

Defendants to answer a similar question:

> Does Credit Suisse AG currently hold funds in excess of $50,000 U.S. on behalf of, or for the benefit of, (1) Erwin Lasshofer; (2) Innovatis GmbH; (3) Innovatis Immobilien GmbH; and/or (4) Innovatis Asset Management SA?

(Madel Decl. Ex. 3.) In this same email, Plaintiffs' counsel informed counsel for Credit

Suisse AG and counsel for the Lasshofer Defendants that if they did not provide an

answer by 5:00 pm CST on August 2, 2012, Plaintiffs would move this Court to compel

them to answer. (*Id.*)

On August 2, 2012, Credit Suisse AG responded by writing:

> Credit Suisse is not permitted to respond at this time given banking secrecy laws.

(Madel Decl. Ex. 4.)  Counsel for the Lasshofer Defendants ignored the question. (Madel

Decl. at ¶ 6.)

## ARGUMENT

**This Court should compel both Credit Suisse AG and the Lasshofer Defendants to answer Plaintiffs' question in the interest of judicial economy and to expose a possible violation of this Court's Preliminary Injunction Order.**

Swiss banking secrecy laws notwithstanding, this Court can require both the

Lasshofer Defendants and Credit Suisse AG to answer Plaintiffs' question. *See Motorola*

*Credit Corp. v. Uzan*, No. 02 Civ. 666 (JSR)(FM), 2003 U.S. Dist. LEXIS 1215, at *22,

2003 WL 203011 at *8 (S.D.N.Y. Jan. 29, 2003) (compelling party to release Swiss

banking records; holding that although "Swiss courts do not consider court-ordered

waivers to be voluntary, . . . there is no reason why the plaintiffs should not be permitted

to pursue this potentially more expeditious route to securing the defendants' bank records in Switzerland and elsewhere"); *see Minpeco, S.A. v. ContiCommodity Servs., Inc.*, 116 F.R.D. 517, 521 (S.D.N.Y. 1987) (endorsing "flexible approach" to compelling disclosure of Swiss banking information).

If some or all of the injunctive relief requested by Plaintiffs in their July 25 Motion for Temporary Restraining Order (Dkt. 86) has been rendered moot by the Lasshofer Defendants'—and possibly Credit Suisse AG's—noncompliance with the June 1 Preliminary Injunction Order, this information should be provided immediately, before more judicial time and resources are consumed in futility. Additionally, this Court should compel an answer to Plaintiffs' question because, to the extent this will illuminate contemptuous behavior on the part of the Lasshofer Defendants or Credit Suisse AG, or both, it will inform the Court's ruling on Plaintiffs' July 24, 2012 Motion for Contempt (Dkt. 83), as well as Plaintiffs' next steps in this litigation.

## CONCLUSION

For the foregoing reasons, this Court should compel Credit Suisse AG and the Lasshofer Defendants to tell Plaintiffs whether or not Credit Suisse AG currently holds funds in excess of $50,000 U.S. on behalf of, or for the benefit of, (1) Erwin Lasshofer; (2) Innovatis GmbH; (3) Innovatis Immobilien GmbH; and/or (4) Innovatis Asset Management SA.

Dated this 3rd day of August, 2012.

Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

*/s/Christopher W. Madel*
Christopher W. Madel
Bruce D. Manning
Lauren E. Schrero
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
cwmadel@rkmc.com
bdmanning@rkmc.com
leschrero@rkmc.com


Stephanie E. Dunn
Robert N. Miller
**PERKINS COIE LLP**
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303-291-2300
Facsimile: 303-291-2400
rmiller@perkinscoie.com
sdunn@perkinscoie.com

and


ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2012, I electronically filed the foregoing PLAINTIFFS' MOTION TO COMPEL NOMINAL DEFENDANT CREDIT SUISSE AG AND THE LASSHOFER DEFENDANTS TO ANSWER QUESTION with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Stephanie Erin Dunn**
  sdunn@perkinscoie.com, sdunn-efile@perkinscoie.com
- **Kevin D. Evans**
  kdevans@s-elaw.com, sjoshi@s-elaw.com, tbaksay@s-elaw.com
- **Christopher William Madel**
  cwmadel@rkmc.com, dmvanalstine@rkmc.com, elbecker@rkmc.com, arthom@rkmc.com
- **Robert Nolen Miller**
  rmiller@perkinscoie.com, rmiller-efile@perkinscoie.com
- **Lauren Elizabeth Schrero**
  leschrero@rkmc.com, tesuter@rkmc.com

*/s/Christopher W. Madel*
Christopher W. Madel
Bruce D. Manning
Lauren E. Schrero
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
cwmadel@rkmc.com
bdmanning@rkmc.com
leschrero@rkmc.com

ATTORNEYS FOR PLAINTIFFS

83271727.1

8