# EXHIBIT 2

**From:** Manning, Bruce D. [mailto:BDManning@rkmc.com]
**Sent:** Wednesday, August 01, 2012 11:51 AM
**To:** Kate Craigmile; Madel, Christopher W.; 'SDunn@perkinscoie.com'
**Cc:** Marie A. Newberger; Thom, Aaron R.; 'RMiller@perkinscoie.com'; 'kdevans@s-elaw.com'; 'JNorth@cravath.com'; 'pdouglass@s-elaw.com'; 'JBeyda@cravath.com'
**Subject:** RE: Niemi v. Burgess et al. - TRO Evidentiary Hearing

Kate,

Our intention is to get a preliminary injunction motion filed in advance of the hearing, and I would hope to do so with sufficient time for you to reply. Obviously, we're on a very compressed schedule here. We expect that our presentation will need the better part of a morning, but we'll adjust as needed to the Court's schedule and availability.

It occurs to us that, at least as to the $6.8M in the 12 Credit Suisse accounts discussed and the subject of the Court's order, some portion of the matter may be moot if Lasshofer/Innovatis have again violated the Court's preliminary injunction and transferred the money out (if the Swiss Central Authority's freeze was dissolved before the Court entered the TRO on Monday). Can you tell us if the money in these 12 accounts is still frozen? Or was Mr. Douglass' citation to the Florida motion/order a round-about way of saying that his client has, yet again, violated the preliminary injunction order? If the matter, at least as to these particular accounts is moot, the whens and hows will need to be part of the presentation to Judge Jackson. And if Mr. Evans' clients did, in fact, pull the money out of the Credit Suisse accounts in any gap between the Swiss Central Authority's freeze and Monday's order, then Judge Jackson should know that fact immediately as he considers the appropriate remedies available to him for the continued contempt of his preliminary injunction order.

Thank you,
Bruce