**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson**

Civil Action No. 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

        Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GMBH,
INNOVATIS IMMOBILIEN GMBH,
INNOVATIS ASSET MANAGEMENT SA,
LEXINGTON CAPITAL & PROPERTY
INVESTMENTS, LLC, and
BARRY FUNT,

        Defendants.

---

**PLAINTIFFS' REPLY TO CREDIT SUISSE AG'S RESPONSE TO MOTION TO COMPEL NOMINAL DEFENDANT CREDIT SUISSE AG AND THE LASSHOFER DEFENDANTS TO ANSWER QUESTION**

---

**INTRODUCTION**

In its responsive brief, Credit Suisse AG argues that "responding to Plaintiffs' question will place Credit Suisse AG and its employees in violation of Swiss law, including banking secrecy laws, which carry criminal penalties." (Response Brief at 2.) Credit Suisse AG cites no law in support of this statement. And even if it did cite

supporting law, this Court could nevertheless order it to answer Plaintiffs' simple question.

## ARGUMENT

**Credit Suisse AG's assertion that answering Plaintiffs' question would cause it to violate banking secrecy laws is unsubstantiated; but even if the claim were supported, this would not preclude this Court from compelling it to answer.**

General assertions that "banking secrecy laws" bar compliance with Court-ordered discovery are inadequate. The Tenth Circuit, in *Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370, 1373 (10th Cir. 1978), upheld the District of Colorado's imposition of sanctions against Arthur Andersen & Co. for violating a discovery order. Arthur Andersen contended that "the documents" ordered produced "were not producible because of Swiss law." *Id*. The district court required that questions regarding "foreign secrecy laws" be stated "with particularity and specificity." *Id*. at 1374. Arthur Anderson failed to comply. *Id*. As a result, the Tenth Circuit concluded that "Andersen's claims with reference to Swiss law were no more than diversionary tactics." *Id*. Credit Suisse, like Arthur Anderson, has made general, unsubstantiated claims that answering Plaintiffs' simple question would violate Swiss banking secrecy laws. (*See* Response Brief at 2.) These general claims are inadequate and should be rejected.

Moreover, even assuming, *arguendo*, that Credit Suisse AG would offend Swiss law by answering Plaintiffs' question, this Court can nevertheless compel an answer. Although Credit Suisse AG attempts to distinguish the cases cited by Plaintiffs in their Motion to Compel an Answer, it ignores the basic principle articulated by these and other cases: "a foreign law's prohibition on discovery is not a bar to issuance of a discovery

2

order." *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Comp.*, 105 F.R.D. 16, 27 (S.D.N.Y. 1984) (explaining United States Supreme Court's holding in *Societe Internationale v. Rogers*, 357 U.S. 197 (1958)).

The court in *Minpeco, S.A. v. ContiCommodity Servs., Inc.*, 116 F.R.D. 517, 521, observed the trend among federal circuits of adopting a "flexible approach" to requiring disclosure of information purportedly protected by Swiss banking secrecy laws. Specifically, the court noted that, in *Trade Dev. Bank v. Cont'l Ins. Co.*, 469 F.2d 35 (2d Cir. 1972), the district court "might appropriately have exercised its power" to order "a Swiss bank to identify customer accounts in violation of Swiss bank secrecy law." *Id*. The motion to compel at issue in *Minpeco* was ultimately denied, after an extensive balancing analysis, primarily because "compliance" was "very likely to yield much material that plaintiffs will not find useful in this litigation." *Id*. at 528. In the present case, by contrast, an answer to Plaintiffs' question will enable both the Court and the parties to avoid the unnecessary expense incurred in litigating a moot issue.

Similarly, in *Motorola Credit Corp. v. Uzan*, No. 02 Civ. 666 (JSR) (FM), 2003 U.S. Dist. LEXIS 1215, at *21, 2003 WL 203011 at *7 (S.D.N.Y. Jan. 29, 2003), the court ordered defendants to consent to the release of their foreign bank records, implied that it had the authority to directly order UBS to release these records, but refrained from doing the latter only because "the plaintiffs have not shown an adequate basis" for obtaining this relief. In the present case, Plaintiffs have demonstrated a substantial need for Credit Suisse AG to answer their simple, yet significant, question. The Lasshofer

Defendants have yet to comply with any of the Court's orders and are unlikely to authorize Credit Suisse AG to answer the question, even if ordered to do so by the Court.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion to Compel Nominal Defendant Credit Suisse AG and the Lasshofer Defendants to Answer Question.

Dated this 9th day of August, 2012.

Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

*/s/Christopher W. Madel*
Christopher W. Madel
Bruce D. Manning
Lauren E. Schrero
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
cwmadel@rkmc.com
bdmanning@rkmc.com
leschrero@rkmc.com

and

Stephanie E. Dunn
Robert N. Miller
**PERKINS COIE LLP**
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303-291-2300
Facsimile: 303-291-2400
rmiller@perkinscoie.com
sdunn@perkinscoie.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2012, I electronically filed the foregoing PLAINTIFFS' REPLY TO CREDIT SUISSE AG'S RESPONSE TO MOTION TO COMPEL NOMINAL DEFENDANT CREDIT SUISSE AG AND THE LASSHOFER DEFENDANTS TO ANSWER QUESTION with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Stephanie Erin Dunn**
  sdunn@perkinscoie.com, sdunn-efile@perkinscoie.com
- **Kevin D. Evans**
  kdevans@s-elaw.com, sjoshi@s-elaw.com, tbaksay@s-elaw.com
- **Christopher William Madel**
  cwmadel@rkmc.com, dmvanalstine@rkmc.com, elbecker@rkmc.com, arthom@rkmc.com
- **Robert Nolen Miller**
  rmiller@perkinscoie.com, rmiller-efile@perkinscoie.com
- **Lauren Elizabeth Schrero**
  leschrero@rkmc.com, tesuter@rkmc.com

*/s/Christopher W. Madel*
Christopher W. Madel
Bruce D. Manning
Lauren E. Schrero
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
cwmadel@rkmc.com
bdmanning@rkmc.com
leschrero@rkmc.com

ATTORNEYS FOR PLAINTIFFS

83273652.1

5