**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**Honorable R. Brooke Jackson**

Civil Action No. 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

       Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

       Defendants.

---

**THE INNOVATIS DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY OR FOR *IN CAMERA* REVIEW OF DOCUMENTS**

---

Defendants Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, and Innovatis Asset Management, S.A. (collectively the "Innovatis Defendants"), *via* special appearance,[1] submit this Response In Opposition To Plaintiffs' Motion To Compel Discovery Or For *In Camera* Review Of Documents ("Motion To Compel") [Doc. No. 82; filed 7/23/12].

---

[1] Kevin D. Evans and Phillip L. Douglass of STEESE, EVANS & FRANKEL, P.C. ("SE&F") specially appeared in this matter to oppose entry of a preliminary injunction and challenge the

## INTRODUCTION

Plaintiffs claimed that they sought the Innovatis Defendants' attorney-client communications ostensibly to challenge the Opposed Motion Of Kevin D. Evans And Phillip L. Douglass Of Steese, Evans & Frankel, P.C. To Withdraw Their Special Appearance As Counsel For The Innovatis Defendants ("Opposed Motion To Withdraw") [Doc. No. 77; filed 6/28/2012]. *See, e.g.,* Motion To Compel at 9-10 ("Plaintiffs cannot effectively respond to the Lasshofer Defendants' alleged 'request' for withdrawal unless the conversations underlying it are disclosed.") & 13 ("Plaintiffs respectfully believe that the communications that led to the alleged 'request' to withdraw will provide a strong basis for contesting counsel's withdrawal."[2]).  While the Court subsequently denied the Opposed Motion To Withdraw (*see* Doc. No. 93), rendering Plaintiffs' Motion To Compel moot, Plaintiffs' frivolous accusations that the Innovatis Defendants have engaged in a crime or fraud with the aid of legal counsel cannot go unanswered. No basis exists to suspect, much less conclude, that the Opposed Motion To Withdraw was filed as part of a criminal or fraudulent scheme or that any such scheme exists, and there is no good faith basis to believe that a crime or a fraud has or is occurring.

---

Court's exercise of jurisdiction over the Innovatis Defendants on grounds of ineffective service of process, lack of personal jurisdiction, and improper venue. The Court has entered a Preliminary Injunction Order ("PI Order") [Doc. No. 50; filed 6/1/2012], which the Innovatis Defendants have appealed. The Innovatis Defendants have challenged the Court's jurisdiction through their Rule 12(b) Motion To Dismiss [Doc. No. 67; filed 6/15/2012], which is fully briefed. Thus, the purposes behind SE&F's special appearance have ended. However, the Court denied SE&F's Opposed Motion To Withdraw [Doc. No. 77; filed 6/28/2012] & [Doc. No. 94; filed 7/29/2012], and SE&F, therefore, remains counsel of record on behalf of the Innovatis Defendants.  This Response is not inconsistent with the special appearance, as it challenges Plaintiffs' request for discovery into attorney-client communications, apparently in relation to the Opposed Motion To Withdraw.

[2] Plaintiffs offered nothing other than unfounded speculation to demonstrate a good faith basis to make this assertion.

**ARGUMENT**

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* "[A] decision circumventing [the attorney-client privilege or the work product doctrine] poses a significant threat to the free flow of communications between clients and their attorneys and inhibits the ability of lawyers to adequately prepare their clients' cases." *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 561 (10th Cir. 1980).

**I. PLAINTIFFS' SCURRILOUS ASSERTION THAT GROUNDS EXIST FOR APPLICATION OF THE CRIME-FRAUD EXCEPTION SHOULD NOT GO UNSANCTIONED**

Plaintiffs seek to vitiate this oldest of privileges by invoking the crime-fraud exception to the attorney-client privilege. The crime-fraud exception applies only when an attorney is consulted in furtherance of a crime or fraud. *Kovacs v. Hershey Co.*, Civil Action No. 04-cv-01881-WYD-BNB, 2006 WL 2781591, at *9 (D. Colo. Sept. 26, 2006) (citing *In Re Grand Jury Subpoenas,* 144 F.3d 653, 660 (10th Cir. 1998)). In order to invoke this exception, " 'the party opposing the privilege must present prima facie evidence that the allegation of attorney participation in the crime or fraud has some foundation in fact.' " *Id.* (quoting *In Re Grand Jury Subpoenas*, 144 F.3d at 660). " 'The evidence must show that the client was engaged in or was planning the criminal or fraudulent conduct when it sought the assistance of counsel and that the assistance was obtained in furtherance of the conduct or was closely related to it.' " *Id.* (quoting *In Re Grand Jury Subpoenas*, 144 F.3d at 660).

In their Motion To Compel, Plaintiffs advocate a more expansive application of the crime-fraud exception than is recognized in the Tenth Circuit. (*See* Motion To Compel at 10-11). However, Plaintiffs cite no Tenth Circuit authority – and we are unaware of any – interpreting the crime-fraud exception so broadly. To the contrary, the Tenth Circuit has declared: "[W]e have not extended the [crime-fraud exception] to torts generally.[3] Instead, we have construed the exception as providing that '[t]he attorney-client privilege does not apply where the client consults an attorney to further a crime or fraud.' " *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995) (quoting *In re Grand Jury Proceedings,* 857 F.2d 710, 712 (10th Cir.1988), *cert. denied,* 492 U.S. 905 (1989)); *accord In re Grand Jury Proceedings, Vargas,* 723 F.2d 1461, 1467 (10th Cir. 1983).

Moreover, the cases on which Plaintiffs rely, which espouse the more expansive view – and decisions cited in them, involve conduct beyond the pale of what Plaintiffs have conjured against the Innovatis Defendants. *Zimmerman v. Poly Prep Country Day School*, No. 09 CV 4586(FB), 2012 WL 2049493, at *17 (E.D.N.Y. June 6, 2012), involved attorney participation in hiding historical knowledge about a prep school football coach's sexual misconduct. *Rambus, Inc. v. Infineon Techs. AG,* 220 F.R.D. 264, 281 (E.D. Va. 2004), involved communications relating to the spoliation of evidence. Of particular interest to this case, in *Chevron Corp. v. Salazar,* 275 F.R.D. 437 (S.D.N.Y. 2011), the court was asked to declare unenforceable a foreign judgment obtained in Ecuador. The court applied the crime-fraud exception to require

---

[3] Courts in the jurisdiction whose law Plaintiffs rely upon have applied the crime-fraud exception to torts generally. *See, e.g., Madanes v. Madanes,* 199 F.R.D. 135, 149 (S.D.N.Y. 2001) ("At a minimum, then, the attorney-client privilege does not protect communications in furtherance of an intentional tort that undermines the adversary system itself."). But even those cases do not come close to supporting Plaintiffs' baseless accusation against the Innovatis Defendants and their counsel.

production of attorney-client communications from the Ecuadorian proceeding because the plaintiffs' counsel in the Ecuadorian proceeding had acted fraudulently in obtaining the judgment. *See Chevron Corp.,* 275 F.R.D. at 454. Indeed, *Chevron Corp.* is much more suggestive that the attorney-client communications of Plaintiffs, who obtained a Preliminary Injunction by deceiving the Court about the law in Austria on service of process, would be subject to production than are those of the Innovatis Defendants. And in *Parrott v. Wilson,* 707 F.2d 1262 (11th Cir. 1983), the court upheld application of the crime-fraud exception to vitiate the work product doctrine because counsel had unethically tape-recorded witness conversations without the knowledge of the witnesses.

The conduct Plaintiffs accuse does not meet that standard for the crime-fraud exception under any stretch of the imagination – either under the standard in force within the Tenth Circuit or the more liberal standard Plaintiffs advocate. Plaintiffs have itemized six ways by which they claim the Innovatis Defendants acted criminally or fraudulently, none of which withstands scrutiny.

First, Plaintiffs assert that the crime-fraud exception applies because of "[t]he Lasshofer Defendants' failure to comply with this Court's orders." (Motion To Compel at 12). Plaintiffs do not identify the "orders," but presumably have in mind the Temporary Restraining Order and the Preliminary Injunction, as they are the topic of a separate Motion For Contempt And Sanctions. The Innovatis Defendants' Response In Opposition To Plaintiffs' Motion For Contempt And Sanctions [Doc. No. 110; filed 8/13/2012] shows that the Innovatis Defendants are not in contempt of these orders. Pursuant to FED. R. CIV. P. 10(c), the Innovatis Defendants incorporate that Response herein by reference.

Second, Plaintiffs allege "[t]he Lasshoffer Defendants' apparent unwillingness to accept this Court's resolution of issues related to injunctive relief" as a basis for vitiating the attorney-client privilege. (Motion To Compel at 12). Plaintiffs provide no meat to this skeletal assertion. If by "unwillingness" Plaintiffs mean "contempt," the Innovatis Defendants are not in contempt. *See supra.* If by "accept" Plaintiffs mean agree with this Court's "resolution" without question, Plaintiffs' argument is legally barren. It is not a crime or fraud to appeal an order which is directly appealable under federal law. *See* 28 U.S.C. § 1292(a)(1). It is not a crime or fraud to request that the Tenth Circuit stay that order pending outcome of the appeal, or to ask this Court to issue a stay as required by the FEDERAL RULES OF APPELLATE PROCEDURE. *See* FED. R. APP. P. 8(a)(1) & (2); *see also* FED. R. CIV. P. 62(c).

Third, Plaintiffs attack as criminal or fraudulent "[t]he Lasshofer Defendants' [alleged] strident language towards this Court and Plaintiffs (both in these proceedings and in Austria)." (Motion To Compel at 12). The Innovatis Defendants have been insistent in their advocacy that the Court does not have jurisdiction over them, that the Court's Preliminary Injunction Order is unlawful, and that the Court has committed errors through its rulings. They have also been insistent in demonstrating that Plaintiffs deceived the Court by representing that service by Federal Express comports with Austrian law. Moreover, with all due respect to the Court's conclusion that the Opposed Motion To Withdraw was a "diatribe," it did nothing more than factually set forth the developments in this case and the errors that the Innovatis Defendants believe have been committed. There is nothing strident, criminal, or fraudulent about any of this.

Fourth, Plaintiffs assert that "[t]he Lasshofer Defendants' repeated reargument of issues already resolved by this Court" amounts to a crime or a fraud. (Motion To Compel at 12).

6

Plaintiffs do not identify the "issues" that the Innovatis Defendants allegedly have repeatedly reargued. To the extent they reference the appeal of the Preliminary Injunction or the Opposed Motion To Withdraw, the Innovatis Defendants have shown above that Plaintiffs' assertions do not demonstrate a crime or fraud. To the extent they reference the personal jurisdiction and venue challenges in the Innovatis Defendants' Motion To Dismiss, the Motion To Dismiss clearly recognizes the Court's earlier rulings, but brings the arguments to preserve error (as is clearly stated therein) because those issues were decided before the Innovatis Defendants could brief them. (*See* Motion To Dismiss at 3). The Innovatis Defendants so-called "rearguments" are not criminal or fraudulent.

Fifth, as their penultimate argument, Plaintiffs' contend that "[t]he Lasshofer Defendants' decision to simultaneously move to dismiss for lack of service in the United States and seek to prevent service in Austria on the basis of alleged unfairness of the United States' proceedings" is in itself "sufficient evidence to support a good-faith belief in the applicability of the crime-fraud exception here." (Motion To Compel at 12). There is nothing criminal or fraudulent about the Innovatis Defendants' Motion To Dismiss or in their conduct in Austrian proceedings. On the other hand, Plaintiffs have been less than upfront about their own litigation tactics and in their misrepresentations to the Court about Austrian law.

The Motion To Dismiss warned about Plaintiffs' snatch-and-grab approach to service of process; a warning that has proved true. (*See* Motion To Dismiss at 2). It is Plaintiffs who fraudulently obtained a Preliminary Injunction after deceiving the Court that it had jurisdiction by falsely saying that service by Federal Express "comports" with Austrian law. (*See* Plaintiffs' *Ex Parte* Motion For Service Abroad (Filed Under Seal) [Doc. No. 11; filed 4/6/2012] at 6).

Then, their falsity revealed, Plaintiffs petitioned the Court to absolve their deception by declaring service authorized *nun pro tunc* under FED. R. CIV. P. 4(f)(3).  (*See* Plaintiffs' Response In Opposition To Lasshofer Defendants' Motion To Dismiss [Doc. No. 80; filed 7/9/2012] at 19-20).  Plaintiffs also are seeking to legitimize their conduct by proper service of Letters Rogatory while improperly restraining the Innovatis Defendants through the ruling of this Court gained through improper service.  *See Sangui Biotech Int'l, Inc. v. Kappes*, 179 F. Supp. 2d 1240, 1241 (D. Colo. 2002) ("Because [the German] Defendant had not yet been served with process, I did not have jurisdiction to enter a preliminary injunction against him.").  Plaintiffs' effort to fault the Innovatis Defendants as acting criminally or fraudulently by opposing their dubious tactics is unfounded.  It is for an Austrian court to decide whether to serve the Letters Rogatory.  There is nothing criminal or fraudulent in advising the Austrian court of events that have occurred in this Court, including Plaintiffs' deception of this Court about Austrian law.  (By choosing to deceive the Court about Austrian law, Plaintiffs have made the bed in which they now lie.)

Sixth, Plaintiffs assert that "[t]he Lasshofer Defendants' decision to move to withdraw in this Court but not in their Tenth Circuit appeal" is criminal or fraudulent. (Motion To Compel at 13).  Plaintiffs offer no authority suggesting that an attorney who withdraws from a district court proceeding must also withdraw from appellate proceedings involving an interlocutory order of the district court.  The Innovatis Defendants are unaware of any.  Moreover, there are legitimate – noncriminal/nonfraudulent – reasons for SE&F to maintain its appearance before the Tenth Circuit while honoring its clients' request to seek withdrawal before this Court:  even if Plaintiffs' ultimately prevail on the merits before this Court, the Innovatis Defendants are entitled to seek damages against Plaintiffs for harm caused by an improvidently granted

8

injunction. *See Grupo Mexicano de Desarrollo, S.A., v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 313-15 (1999). It makes perfect sense to seek withdrawal before this Court while maintaining an appearance before the Tenth Circuit; it is not indicative of criminal or fraudulent conduct.

The discussion above shows that Plaintiffs charged the Innovatis Defendants and their counsel of a crime or fraud without a legitimate legal or factual basis. Factually, where is the crime or fraud in anything Plaintiffs allege? It does not exist. Legally, where is the good faith basis for failing to disclose the limits of Tenth Circuit jurisprudence and to expand it here? Such specious accusations should not go unsanctioned.[4]

## II. THE INNOVATIS DEFENDANTS DID NOT WAIVE THE ATTORNEY-CLIENT PRIVILEGE

Finally, the Court should take notice that Plaintiffs' argument that the attorney-client privilege has been waived is as unfounded as Plaintiffs' invocation of the crime-fraud exception. Plaintiffs argue that by advising that the Innovatis Defendants requested counsel to withdraw, the attorney-client privilege has been waived as to all communications relating to the withdrawal. (Motion To Compel at 9-10). Plaintiffs ignore, however, D.C.COLO.LCIVR 83.D, which expressly provides: "A motion to withdraw must state the reasons for withdrawal ***unless the statement would violate the rules of professional conduct.***" (Emphasis added). Disclosing confidential communications would violate the rules of professional conduct. *See* COLO. RULES

---

[4] Because no basis exists to apply the crime fraud exception, the Court also should deny Plaintiffs' request for an *in camera* review of privileged communications. *See United States v. Zolin,* 491 U.S. 554, 572 (1989) ("Before engaging in *in camera* review to determine the applicability of the crime-fraud exception, 'the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person' that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." (citation omitted)).

OF PROF'L CONDUCT R. 1.6.  The Innovatis Defendants' counsel were not required to disclose the details of the reasons for their withdrawal beyond stating that it was at the request of the Innovatis Defendants.  Moreover, this statement did not disclose confidential communications between attorney and client, and it certainly did not open the door to all communications between attorney and client on the topic of withdrawal.   Plaintiffs' suggestion to the contrary has no basis in law or fact.[5]

## CONCLUSION

WHEREFORE, the Innovatis Defendants respectfully request that the Court deny Plaintiffs' Motion To Compel, and that the Court sanction Plaintiffs for making such scurrilous accusations about the Innovatis Defendants and their counsel.

---

[5] *Silverstein v. Fed. Bureau of Prisons*, No. 07-cv-02471-PAB-KMT, 2009 WL 4949959, at *12-14 (D. Colo. Dec. 14, 2009), cited by Plaintiffs, is inapposite. In that case, the defendant waived the privilege by intentionally disclosing a privileged memorandum containing detailed information and discussion about the plaintiff. Under those circumstances, the court determined that the defendant was required to answer questions about the memorandum. Nothing like that has occurred here.

Dated:  August 15, 2012.               Respectfully submitted,

                                       By:  *s/Kevin D. Evans*
                                       _____
                                       Kevin D. Evans
                                       Phillip L. Douglass
                                       STEESE, EVANS & FRANKEL, P.C.
                                       6400 S. Fiddlers Green Circle
                                       Suite 1820
                                       Denver, Colorado 80111
                                       Telephone:   720.200.0676
                                       Facsimile:   720.200.0679
                                       Email:  kdevans@s-elaw.com
                                                pdouglass@s-elaw.com

                                       Attorneys via Special Appearance for Defendants
                                       ERWIN LASSHOFER, INNOVATIS GmbH, INNOVATIS
                                       IMMOBILIEN GmbH, and INNOVATIS ASSET
                                       MANAGEMENT, S.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2012, I caused the **THE INNOVATIS DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY OR FOR *IN CAMERA* REVIEW OF DOCUMENTS** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Robert N. Miller
Stephanie E. Dunn
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone:    303.291.2300
Facsimile:    303.291.2400
Email:  rmiller@perkinscoie.com
        sdunn@perkinscoie.com

Christopher W. Madel
Bruce D. Manning
Lauren E. Schrero
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:    612.349.8500
Facsimile:    612.339.4181
Email:  cwmadel@rkmc.com
        bdmanning@rkmc.com
        leschrero@rkmc.com

*s/Theresa Baksay*

Theresa Baksay