Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28
**(Cite as: 1997 WL 370121 (M.D.Fla.))**

H

United States District Court, M.D. Florida.
COCA–COLA FOODS, a division of The Coca–Cola Co., Plaintiff,
v.
EMPRESA COMERCIAL INTERNACIONAL DE FRUTAS S.A., et al., Defendants.

No. 96–358–CIV–T–17C.
June 12, 1997.

James B. Murphy, Jr., Daniel F. Molony, William A. Gillen, Jr., Shackleford, Farrior, Stallings, & Evans, P.A., Tampa, FL, Timothy Jones Manor, John A. Reed, Jr., Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, FL, Joseph H. Hunt, King & Spalding, Atlanta, GA, L. Joseph Loveland, Denise U. Scofield, King & Spalding, Houston, TX, for Plaintiff.

Mark E. Levitt, Allen, Norton & Blue, P.A., Tampa, FL, L. Havard Scott, III, John H. Clegg, James A. Babst, Daphne P. McNutt, Virginia Quijada, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., Miami, FL and New Orleans, LA, for Defendants.

L. Robert Bourgeois, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Defendants.

James Robert Freeman, Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, FL, Richard H. Webber, Patrick V. Martin, Hill, Rivkins, Loesberg, O'Brien, Mulroy & Hayden, New York, NY, Darryl R. Richards, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., for Defendants.

*ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE*
KOVACHEVICH, Chief Judge.

***1** THIS CAUSE comes before the Court on: defendants', Empresa Comercial Internacional de Frutas (hereinafter "Empresa") and Apul Fruitconsult (hereinafter "Apul") (collectively "the defendants"), Request for Certification of Appeal and Stay of Proceedings Pursuant to 28 U.S.C. § 1292(b) (Dkt.67) and plaintiff's, Coca–Cola Company's (hereinafter "Coca–Cola" or "the plaintiff"), response (Dkt.80); Motion to Dismiss for Lack of Personal Jurisdiction on Behalf of Empresa Comercial Internacional de Frutas S.A. and Apul Fruitconsult A.G. (Dkt.72) and the plaintiffs response (Dkt.88); and plaintiffs Emergency Motion for Sanctions (Dkt.111) and the defendants' response (Dkt.118).

This Court, under authority of 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure (hereinafter "Fed.R.Civ.P."), and Rule 6.01(a), Local Rules of the Middle District of Florida, referred the above matters to the Honorable Elizabeth A. Jenkins (hereinafter "Magistrate Jenkins" or "Magistrate Judge"), United States Magistrate Judge, by referrals dated September 27, 1996 (Dkt.99) and December 13, 1996 (Dkt.111).

After considering the parties' submissions, Magistrate Jenkins, on March 31, 1997, filed a Report and Recommendation (hereinafter "R & R") (Dkt.120) wherein she recommends that this Court deny defendants' motions and grant plaintiff's motion. Upon consideration of the entire record, this Court adopts the R & R and incorporates it by reference.

I. BACKGROUND [FN1]

> FN1. Although this Court adopts the Magistrate Judge's R & R, a summary of the basic facts and issues in this case is presented for the benefit of the reader. They are not intended to replace, modify, or supplement the findings of the R & R.

The underlying causes of action in plaintiffs complaint are: fraud, conspiracy, negligent misrep-

Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28
**(Cite as: 1997 WL 370121 (M.D.Fla.))**

resentation, and breach of warranties and concern a shipment of apple juice concentrate (AJC). According to the plaintiff, the shipment of AJC contained a sweetener known as fructuline and, as such, did not comply with its strict requirements that all concentrates supplied to it for inclusion in its products be 100% juice concentrate and contain no additional ingredients. As a result of this alleged impurity, the plaintiff brought suit in the United States District Court for the Middle District of Florida, Tampa Division, against the manufacturers of the allegedly tainted AJC as well as the brokers that actually contracted with the plaintiff to provide the AJC. There have already been several pre-trial actions and motions proffered, argued, and decided. This order deals with the most recent conflict between the parties and involves the propriety of the service of process upon two (2) of the defendants as well as the plaintiffs emergency motion for sanctions submitted as a result of the defendants' failure to participate in court-ordered discovery to determine whether personal jurisdiction exists over the objecting defendants.

By order dated July 1, 1996, this Court denied the defendants' motion to quash service of process on Amnon Barasch, a director of the defendants' businesses (Dkt.57). Defendants grounded their motion on the contention that the plaintiff fraudulently enticed Barasch to travel to Florida under the guise of a settlement negotiation but in actuality intended to use Barasch's presence in the United States as the basis for effectuating service of process. The Court denied the motion after finding that Barasch traveled to Florida on his own volition and found no evidence to suggest that either party considered the meeting a settlement negotiation (Dkt.57, p. 5).

II. REVIEW OF REPORT AND RECOMMENDATION[FN2]

> FN2. This section is inspired by and paraphrases a similarly named section in *Gropp v. United Airlines, Inc.,* 817 F.Supp. 1558, 1560–62 (M.D.Fl.1993). The reader is encouraged to see *Gropp* and the referenced section for a full explanation of the District Court's obligations when reviewing the Magistrate Judge's R & R.

**\*2** When reviewing a Magistrate Judge's R & R, this Court must first determine what standard of review to apply. Then, using the appropriate standard, the Court must review: (1) the law the Magistrate Judge followed in recommending to grant or deny the motion; (2) the law the Magistrate Judge followed which forms the basis of the subject of the motion; and (3) the Magistrate Judge's findings in light of any objections offered by the non-moving party in reference to the R & R.

A. STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding of fact by a Magistrate Judge, the district court should make a *de novo* review of the record with respect to that factual issue. *See* 28 U.S.C. § 636(b)(1); *See also U.S. v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (upholding the constitutionality of 28 U.S.C. § 636(b)(1)); *Jeffrey S. v. State Bd. of Educ. of State of Georgia,* 896 F.2d 507, 512 (11th Cir.1990) (stating that a *de novo* review requirement is essential to the constitutionality of § 636); *LoConte v. Dugger,* 847 F.2d 745 (11th Cir.1988).

However, when no timely and specific objections are offered to the R & R, in whole or in part, case law seems to indicate that the district court should review a magistrate judge's findings using a *clearly erroneous* standard. *See Gropp v. United Airlines. Inc.,* 817 F.Supp. 1558, 1562 (M.D.Fl.1993).

In *Gropp,* this Court cites *Nettles v. Wainright,* 677 F.2d 404, 409 (5th Cir. Unit B 1982) (en banc), for the proposition that the district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge if no objections are filed to the R & R. The *Nettles* court further states that, arguably, when no objections are filed, the parties implicitly accept the

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28
**(Cite as: 1997 WL 370121 (M.D.Fla.))**

report and consent to the recommendations found therein. *See Id.* at 409. Acknowledging the lack of judicial precedent holding that a *clearly erroneous* standard applies to non-objected to findings of the magistrate judge, the *Gropp* Court decided that this is the correct standard of review to apply in such circumstances. *See Gropp,* 817 F.Supp. at 1562.

For the issues presented by the parties' motions in the case at bar, and recognizing that objections have been filed by the defendants with respect to the R & R, this Court sees no reason to extend, modify, or reverse the holdings in *Gropp* and the other cited cases. As such, a *de novo* standard will be applied to the findings of fact and applications of law which are objected to and a *clearly erroneous* standard will be applied to those findings which were not objected to.

B. REVIEW OF THE MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
  1. DEFENDANTS' MOTION FOR CERTIFICATION OF APPEAL AND STAY OF PROCEEDINGS IS DENIED

This Court has found no evidence that defendants objected to Magistrate Jenkins' recommendation to deny certification of appeal (Dkt.121). For the following reasons, this Court does not find Magistrate Jenkins' findings *clearly erroneous* and therefore adopts this part of the R & R as its own (Dkt.120, pp. 2–3). Magistrate Jenkins properly denied defendants' motion to amend the District Court's July 1, 1997 order to certify an interlocutory appeal of the question of whether or not the plaintiff properly served the defendants. First, such an act is not appropriate under 28 U.S.C. § 1292(b), and second, the law surrounding the defendants' question is not in dispute.

**\*3** First, 28 U.S.C. § 1292(b) provides for the interlocutory appeal of orders, not questions. Specifically,

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that *such order involves a controlling question of law as to which there is substantial ground for difference of opinion* and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order .... (emphasis added)

In this Court's opinion, Magistrate Jenkins is correct in finding that the defendants have failed to establish this Court's "order involves a controlling question of law as to which there is substantial ground for difference of opinion."

Second, the area of law questioned must be in dispute. The general rule is that § 1292(b) "forecloses interlocutory appeals in situations in which the law is well settled and the dispute arises in the application of the facts at hand to the law. Decisions that are 'fact specific' may not be appealed under § 1292(b)." *North Carolina v. Alexander & Alexander Servs., Inc.,* 685 F.Supp. 114, 115 (E.D.N.C.1988); *see also Clark–Dietz & Assoc. Engineers, Inc.,* 702 F.2d 67, 69 (5th Cir.1983) ("fact-review questions inappropriate for § 1292(b) review"); *SEC v. First Jersey Securities, Inc.,* 587 F.Supp. 535, 536 (S.D.N.Y.1984) (mixed question of law and fact not appropriate for certification).

Specific to the facts of this case, Magistrate Jenkins states the law is well settled on the notion that service of process will be found invalid if procured through fraud or deceit or under the false pretense of settlement. *See Citrexsa, S.A. v. Landsman,* 528 So.2d 517 (Fla. 3d DCA 1988). Since this is a well settled rule of law and the Court merely applied the facts of the case to the law in finding that service was not obtained improperly, certification is inappropriate in this circumstance, and defendants' motion is therefore denied.

2. PERSONAL JURISDICTION OVER THE DEFENDANTS IS ESTABLISHED AND MONETARY SANCTIONS AGAINST THE DEFEND-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28
**(Cite as: 1997 WL 370121 (M.D.Fla.))**

ANTS ARE ASSESSED VIA FEDERAL RULES OF CIVIL PROCEDURE, RULE 37(b)(2)

The defendants strenuously object to Magistrate Jenkins' exertion of the Court's personal jurisdiction over them. However, for the reasons stated below, and upon a *de novo* review of the facts surrounding this issue, this Court finds that the exercise of conclusively establishing personal jurisdiction over the defendants is an appropriate sanction for their violation of the Magistrate Judge's order dated October 17, 1996 (Dkt.105). Additionally, the defendants did not object to the imposition of monetary sanctions for their violation of the Magistrate Judge's order, and in finding these assessments not *clearly erroneous,* they are affirmed.

**\*4** In granting a district court the power to take a disputed matter as established, the Federal Rules of Civil Procedure (hereinafter " Fed.R.Civ.P."), Rule 37(b)(2)(A), state, in relevant part, that

[i]f a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule (Rule 37) ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

In addition to the above sanctions, the final paragraph of Rule 37(b) mandates the invocation of monetary sanctions as such:

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

As a result of the defendants' failure to obey the Magistrate Judge's October 17th order permitting discovery related to issues surrounding the propriety of the Court's assertion of personal jurisdiction over the defendants, the Court, pursuant to Fed.R.Civ.P. Rule 37(b)(2)(A), orders that the matters regarding which the order was made (the establishment of personal jurisdiction over the defendants) shall be taken as conclusively established for the purposes of the action.

Additionally, for the reasons cited below, this Court finds that the defendants' failure to comply with the Magistrate Judge's order was not substantially justified or that other circumstances make an award of expenses unjust. Therefore, the defendants are required to pay the reasonable expenses, including attorney's fees, caused by the failure to obey the court's order to participate in discovery. The Court's power to assess such sanctions against the defendants is found in the final paragraph of Fed.R.Civ.P. Rule 37, cited above.

a. FACTUAL BACKGROUND REGARDING THE ISSUE OF PERSONAL JURISDICTION

As part of their motion to quash service, defendants also raised objections to personal jurisdiction and venue (Dkt.36). The Court ordered the defendants to present further evidence on this issue, and the defendants filed a motion to dismiss for lack of personal jurisdiction (Dkts.57, 72) and attached an affidavit by Barasch averring that the defendants had no contacts with the State of Florida (Dkt.73, Exh. A).

Before the deadline for the plaintiffs response to defendants' motion, the plaintiff noticed the depositions of Barasch and the corporate representatives of the defendants. The issue of personal jurisdiction over the defendants was the intended subject matter of the noticed depositions. Defendants moved to quash the depositions, a hearing was conducted on August 5, 1996, and the motion was granted on that same day (Dkts.76, 84). The Magistrate Judge concluded that the depositions would be overly burdensome to the defendants as they were unilaterally scheduled and the deponents would be

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28
**(Cite as: 1997 WL 370121 (M.D.Fla.))**

required to travel from Switzerland and Liechtenstein to attend (Dkt.84). The Magistrate Judge also directed the parties to file a joint plan for discovery on the issue of personal jurisdiction (Dkt.84).

**\*5** In the meantime, the plaintiff filed its response to defendants' motion to dismiss and included affidavits which supported a finding of personal jurisdiction over defendants (Dkt.88, Exhs.1–2).

Plaintiff and defendants could not reach a joint discovery plan and separate plans were filed (Dkts.95, 97). In their plan, defendants asserted that the evidence already submitted by the parties (the respective affidavits) was sufficient and that additional discovery was not warranted. However, in the alternative, the defendants stated that "if any additional discovery is required it should be limited to the least intrusive and expensive method—written interrogatories" (Dkt.97, p. 1). Defendants further stated that

> [e]xpensive depositions and requests for production of documents which violate Swiss law are not reasonable under the circumstances here. Without waiving their right to insist upon the mandatory application of the Hague Convention for additional discovery, Empresa and Apul would, if proper identification of facts and issues were made by Coca–Cola, respond to such discovery.
>
> (Dkt.97, p. 3)

The Magistrate Judge held a status conference on October 11, 1996, to determine the appropriate methods of discovery (Dkt.103). At this conference, defendants again suggested that if the Magistrate Judge were to permit discovery it should be limited to written interrogatories and depositions upon written questions. Although defendants argued that the Hague Convention on the Gathering of Evidence Abroad should apply, it agreed that the Magistrate Judge has discretion in determining which rules to apply. According to Magistrate Jenkins, at the hearing, defendants did not pursue the reference made in their response suggesting certain discovery methods might violate Swiss law.

By order dated October 17, 1996, Magistrate Jenkins scheduled an evidentiary hearing on defendants' motion to dismiss and held that plaintiff was entitled to conduct discovery limited to the issue of personal jurisdiction to prepare for the evidentiary hearing [FN3] (Dkt.105). After weighing the burden on defendants of proceeding under the Fed.R.Civ.P. and the need for plaintiffs discovery requests, Magistrate Jenkins found the Fed.R.Civ.P. would better promote a thorough resolution of the jurisdictional challenge than the Hague Convention. [FN4] In making a *de novo* review of Magistrate Jenkins' decision on this issue, and the objections and responses submitted by the parties, this Court finds that the Magistrate Judge was not in error and adopts said decision as its own.

> FN3. The scope of discovery was limited to the issues addressed by the District Court's referral order, i.e., whether the court has personal jurisdiction pursuant to Florida's long-arm statute and whether sufficient minimum contacts exist between defendants and Florida to satisfy due process. (Dkt.105, p. 7)
>
> FN4. Defendants devote a great deal of time to this issue in their objections to the R & R. However, this issue has been heard and decided by the Magistrate Judge, and upon review, this Court finds no reason to modify or reverse the Magistrate's decision. As such, the Fed.R.Civ.P. shall govern over all procedural questions or issues that arise in this case. This conclusion renders moot the defendants' arguments that this Court review the Magistrate Judge's choice of the Fed.R.Civ.P. over the Hague Convention by considering the three factors from *Societe Nationale Industriale Aeorspatiale v. United States District Court,* 482 U.S. 522, 544, 107 S.Ct. 2542,

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28
**(Cite as: 1997 WL 370121 (M.D.Fla.))**

2556, 96 L.Ed.2d 461 (1987).

Plaintiff was permitted to conduct the oral deposition of Amnon Barasch and one additional Rule 30(b)(6) witness, if necessary, and defendants were permitted to conduct reciprocal discovery (Dkt.105, p. 5). The depositions were to be conducted at a date, time, and location to be arranged by the parties but they were required to be completed five (5) days prior to the December 19, 1996, evidentiary hearing (Dkt.105, p. 5). Magistrate Jenkins also permitted plaintiff to serve written interrogatories and requests for production of documents upon defendants (Dkt.105, pp. 5–6).

**\*6** On December 13, 1996, plaintiff filed its emergency motion for sanctions stating that defendants refused to appear for depositions and failed to respond to plaintiffs request for production of documents as ordered by the Magistrate Judge (Dkt.111). Plaintiff recounted that beginning on October 22, 1996, it had attempted to schedule mutually convenient dates for the depositions and was met with inaction by defendants (Dkt.111, Exhs.B–G). On November 18, 1996, after several attempts to arrange a date and no response from defendants, plaintiff noticed the depositions for December 4 and 5, 1996, in Tampa but stated it would cooperate with defendants if the selected dates posed a hardship (Dkt.111, Exhs.E–G).

On December 2, 1996, defendants sent plaintiff a letter by facsimile stating that they had learned "the participation of Empresa or Apul in U.S. style discovery depositions is a violation of the Swiss Penal Code" and that they would not appear for deposition (Dkt.111, Exh. H). Plaintiff agreed to continue the depositions until December 12 and 13, 1996, to permit defendants to file a motion for protective order (Dkt.111, Exh. I). Instead of filing such a motion, defendants sent plaintiff a facsimile on December 9, 1996, advising plaintiff that defendants would not appear for deposition on the basis this it would violate Swiss law, specifically Swiss Penal Code, Article 271, which provides:

1. Anyone who on Swiss territory commits acts on behalf of a foreign state that are reserved for an authority or an official, who commits such acts for a foreign party or any other organization of another country, who aids and abets such acts, is punishable with jail, in serious cases with prison.

2. Anyone who abducts someone by force, trickery, or menaces to another country, in order to deliver them up to a foreign authority, party, or other organization or to expose them to a risk of life and limb, is punishable [with] imprisonment.

3. Anyone who prepares such an abduction is punishable with jail or prison.

(Dkt.111, Exh. M, Dkt.118, Exh. A). Defendants failed to appear for deposition on December 12 and 13, 1996 FN5 (Dkt.111, Exh. N).

> FN5. At a hearing on plaintiffs motion for sanctions, defendants stated there was not a factual dispute regarding the motion.

Due to defendants' failure to appear for deposition and to respond to plaintiff's request for production of documents in violation of the Magistrate Judge's October 17, 1996, order, plaintiff moved the Court to enter an order denying defendants' motion to dismiss for lack of personal jurisdiction and awarding plaintiff its fees and expenses incurred in responding to the motion to dismiss and in filing the instant motion pursuant to Fed.R.Civ.P. Rule 37(b)(2)(A) FN6 (Dkt.111, pp. 1–2). Defendants responded that they had been informed by Swiss counsel that participation in U.S. discovery would expose them to potential criminal prosecution, therefore they could not participate as ordered (Dkt.118).

> FN6. Fed.R.Civ.P. Rule 37(b)(2)(A) provides that if a party or a person designated under Rule 30(b)(6) "to testify on behalf of a party fails to obey an order to provide or permit discovery" the court may

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28
**(Cite as: 1997 WL 370121 (M.D.Fla.))**

enter an order, if it is just, "that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."

b. ANALYSIS OF APPLICABLE LAW AND CONCLUSIONS MADE BY THE MAGISTRATE JUDGE

Due to defendants' objections to the Magistrate Judge's establishment of personal jurisdiction over them, a *de novo* review of the entire record and the parties' objections and responses to the R & R is required, and upon such review, this Court holds that the Magistrate Judge's application of the law and her conclusions are correct and adopts them as its own. On the issue of awarding monetary sanctions, defendants make no objection and this Court does not believe that in doing so the Magistrate Judge committed a *clearly erroneous* error.

i. PERSONAL JURISDICTION IS CONCLUSIVELY PRESUMED OVER THE DEFENDANTS

***7** Magistrate Jenkins correctly applied Fed.R.Civ.P. Rule 37(b)(2)(A) in recommending that this Court conclusively establish its personal jurisdiction over the defendants for their direct violation of the Magistrate's order directing the parties to participate in discovery related to the determination of the propriety of the court's exercise of jurisdiction over the defendant.

Defendants' asserted reason for failing to comply with the discovery order does not support a finding that presuming personal jurisdiction over them would be unjust considering the factors addressed previously. As to the second standard imposed by Fed.R.Civ.P. Rule 37, the requested sanction is directly related to the particular claim at issue: whether the court has personal jurisdiction over defendants. The discovery order made clear that the scope of discovery was limited to whether the court has personal jurisdiction pursuant to Florida's long-arm statute and whether sufficient minimum contacts exist between defendants and Florida to satisfy due process. (Dkt.105, p. 7).

Therefore, since the sanction is both just and specifically related to the claim at issue, the denial of defendants' motion to dismiss for lack of personal jurisdiction and the Court's presumption of jurisdiction over defendants is appropriate.

In its motion for emergency sanctions, plaintiff cites numerous United States authorities which support its position that defendants should participate in discovery related to determining personal jurisdiction and can be sanctioned for failing to do so. In citing the Swiss Penal Code, Article 271, and submitting case law purporting to enforce such article as a defense for their failure to participate in said discovery, the defendants try to show how their rights under Swiss law will be prejudiced by subjecting themselves to the U.S. discovery process. While Swiss case law can assist a U.S. court in understanding how Swiss courts interpret and apply Swiss law, the fact remains that the submitted Swiss case is not controlling on this Court's decision. While this Court has all due respect for the laws of foreign sovereignties and a citizen's allegiance to said laws, defendants have subjected themselves to the privileges and protections of this country's laws by moving the Court to dismiss for lack of personal jurisdiction and they cannot now deny the obligations and duties that foreseeably arise from those same laws.

As the Supreme Court stated in *Insurance Corp. Of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), "[b]y submitting to the jurisdiction of the court for the limited purpose of challenging jurisdiction, the defendant agrees to abide by that court's determination on the issue of jurisdiction: That decision will be res judicata on that issue in any further proceedings." The Supreme Court also noted that "as a sanction for failure to comply with a discovery order directed at establishing jurisdictional facts, [a court may] proceed on the basis that personal jurisdiction over the recalcitrant party has been established [.]" *Id.* at 695.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28
**(Cite as: 1997 WL 370121 (M.D.Fla.))**

Fed.R.Civ.P. Rule 37(b)(2)(A) permits such a result so long as the sanction is just and directly related to the claim which was the subject of the discovery order. *Id.* at 707.

***8** Magistrate Jenkins gives four (4) reasons why a finding of personal jurisdiction over the defendants is an appropriate sanction, and this Court accepts these reasons as its own. First, plaintiffs contention that the court has personal jurisdiction over defendants is not frivolous. Second, plaintiff is entitled to conduct reasonable discovery regarding defendants' challenge to personal jurisdiction. Third, defendants had ample opportunity to raise their concern about certain forms of discovery violating Swiss law but did not do so until it was two (2) days before Barasch's scheduled deposition. Fourth, defendants do not explain how appearing for a deposition outside of Switzerland will subject them to potential criminal liability under Swiss Penal Code, Article 271.

ii. PLAINTIFF'S CONTENTION THAT THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS IS NOT FRIVOLOUS

In response to defendants' motion to dismiss, plaintiff filed affidavits which supported personal jurisdiction over defendants pursuant to an agency theory (Dkt.88, Exhs.A–B). At the discovery status conference, although defendants' counsel did not concede that personal jurisdiction would be established if plaintiff could prove an agency relationship, counsel admitted that such a relationship would be persuasive in determining personal jurisdiction existed (Dkt.103). Considering the merits of plaintiff's position, its attempt to discover information to substantiate its claim was clearly not a "misuse of judicial process," *Insurance Corp. of Ireland, Ltd.,* 456 U.S. at 708, and having challenged the issue, defendants "did not have the option of blocking the reasonable attempt of [plaintiff] to meet its burden of proof." *Id.* at 709.

iii. PLAINTIFF IS ENTITLED TO CONDUCT REASONABLE DISCOVERY REGARDING DEFENDANTS' CHALLENGE TO PERSONAL JURISDICTION

The defendants claim in their objections to the R & R that they do not have the requisite minimum contacts with Florida that would be necessary to establish personal jurisdiction over them (Dkt.121). However, the ambiguity regarding this contention is exactly what prompted the Magistrate Judge to order discovery on this limited topic. And "because of (defendants') failure to comply with the discovery orders, (plaintiff) was unable to establish the full extent of the contacts between (defendants) and (Florida), the critical issue in proving personal jurisdiction." *Insurance Corp. of Ireland, Ltd.,* 456 U.S. at 709.

Assuming personal jurisdiction over defendants would be just under the circumstances presented in this case, there is no question that plaintiff is entitled to conduct reasonable discovery regarding defendants' challenge to personal jurisdiction. *See Maid–Pour v. Georgia Community Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir.1984); *Wyatt v. Kaplan,* 686 F.2d 276, 284 (5th Cir.1982).

iv. DEFENDANTS HAD AMPLE OPPORTUNITY TO RAISE THEIR CONCERN ABOUT CERTAIN FORMS OF DISCOVERY VIOLATING SWISS LAW BUT DID NOT DO SO UNTIL TWO DAYS BEFORE BARASCH'S SCHEDULED DEPOSITION

***9** Magistrate Jenkins expressly noted that although defendants' discovery plan filed September 9, 1996, made passing reference to depositions and requests for production of documents violating Swiss law, defendants did not pursue such objection at the discovery conference (Dkt.120, pp. 9–10). Instead, defendants' counsel suggested written rather than oral depositions be conducted due in part to problems concerning Swiss and Liechtenstein law. However, counsel did not develop his statement or concerns any further and never argued against discovery on that basis.

From all of the facts presented, Magistrate Jenkins concluded that when the defendants informed the plaintiff on December 9, 1996 they would not

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28
**(Cite as: 1997 WL 370121 (M.D.Fla.))**

comply with the discovery order, they had not just discovered the Swiss law provision which allegedly provided criminal penalties for engaging in certain discovery methods. Rather, Magistrate Jenkins determined that defendants believed they were prevented from being deposed or responding to requests for production of documents since September 9, 1996, at the latest (Dkt.120, p. 10). However, defendants failed to object to participating in discovery on that ground and led the Magistrate Judge and other parties to believe that discovery would proceed. Defendants' ostensible participation in the discovery process included suggesting during the status conference that certain methods of discovery be employed and demanding reciprocal discovery from plaintiff (*Id. citing* Dkt. 97). This Court upon *de novo* review believes that the findings and conclusions of the Magistrate Judge in this instance are correct and adopts them as its own.

Resolution of the personal jurisdiction issue was delayed by defendants' silence on the Swiss law issue and their failure to cooperate with plaintiff once the discovery parameters were determined. Additionally, defendants had the opportunity to raise the Swiss law issue at the discovery status conference during which the Magistrate Judge solicited detailed opinions about the methods of discovery to be employed. However, defendants failed to make an issue of Swiss law and then disregarded the discovery order by failing to appear for deposition and to respond to plaintiffs requests for production.

v. DEFENDANTS DO NOT ADEQUATELY EXPLAIN HOW APPEARING FOR A DEPOSITION OUTSIDE OF SWITZERLAND WILL SUBJECT THEM TO POTENTIAL CRIMINAL LIABILITY UNDER SWISS PENAL CODE, ARTICLE 271

The court in *Alfadda v. Fenn,* 149 F.R.D. 28, 34 (S.D.N.Y.1993), states clearly the general rule that:

the party relying on foreign law bears the burden of demonstrating that sch law actually bars the production or testimony at issue.... In order to meet that burden, the party resisting discovery must provide the Court with information of sufficient particularity and specificity to allow the Court to determine whether the discovery sought is indeed prohibited by foreign law. (citations omitted).

Although defendants submitted a translated copy of Article 271 with their response to plaintiff's motion for sanctions, Magistrate Jenkins determined that the defendants failed to provide information of sufficient particularity and specificity to allow a determination whether the discovery sought by plaintiff on the issue of personal jurisdiction was indeed prohibited by Swiss Penal Code, Article 271 (Dkt.118, Exh. A). This Court agrees that a mere translation of Article 271 was insufficient for the Magistrate Judge to determine the truth of the defendants' conclusory statements.

**\*10** Defendants' response also mentioned "recent U.S. jurisprudence discussing this Penal Code Article in the context of discovery in the United States" but did not give citations to these authorities or indicate what such cases held. (Dkt.118). Defendants, in their objections to the R & R, submit for this Court's review: a case from the Western District of Texas, San Antonio Division; a Swiss case detailing a prosecution under Article 271; and an opinion from the distinguished Dr. Frank B. Vischer, a professor and attorney at law in Basle, Switzerland. However, after reviewing the additional information submitted by the defendants, this Court agrees with the Magistrate Judge's original decision on this issue and adopts it as such.

The case from the Western District of Texas, *50 –Off Store, Inc. v. Banque Paribas, S.A.,* SA–95–CA–0159 (W.D.Tex.1996), is not applicable here because the ultimate issue in that case was whether or not to apply the Fed.R.Civ.P. or the Hauge Convention. As stated earlier, this decision has already been made by the Magistrate Judge and will not be altered by this Court.

The Swiss case submitted by the defendants is

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28
**(Cite as: 1997 WL 370121 (M.D.Fla.))**

interesting in that it allows this Court to examine how courts in Switzerland have interpreted Article 271. However, it is of little value for the instant case since the alleged violation of Swiss law occurred within the territory of Switzerland, and Article 271 is clear that actions such as those that were taken by the accused in the submitted case are committed in violation of subsection (1). The taking of depositions in this case is scheduled to be completed in the United States, and defendants have failed to submit a Swiss case that states unequivocally such actions are in violation of Article 271.

Dr. Vischer's opinion is respectfully acknowledged and welcomed7 however its application to the issues currently pending before this Court is inappropriate and premature. The defendants claim that their participation in U.S. discovery will subject them to criminal sanctions under Swiss Penal Code, Article 271. However, the two (2) questions addressed to and answered by Dr. Vischer neither expressly mention nor indirectly seem to implicate any part of the Swiss Penal Code. If Dr. Vischer's opinion letter is meant to persuade this Court that the defendants face criminal prosecution in their home country for participating in U.S. discovery, such meaning is lost to this Court and defendants offer no assistance in reaching such a conclusion.

Magistrate Jenkins concludes, and this Court agrees, that although any objection to the propriety of oral depositions or requests for production should have been made in defendants' discovery plan or at the discovery conference rather than two (2) months after the Court's entry of its discovery order, defendants still have not met their burden, as described in *Alfadda,* that Article 271 bars them from complying with the discovery requests at issue.

c. ASSESSMENT OF MONETARY SANCTIONS AGAINST DEFENDANTS

**\*11** The plaintiff is hereby awarded its fees and costs expended in opposing defendants' motion to dismiss and in filing its emergency motion for sanctions. Fed.R.Civ.P. Rule 37(b)(2) provides in relevant part:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that he failure was substantially justified or that other circumstances make an award of expenses unjust.

As defendant's failure to comply with the October 17, 1996, discovery order was not substantially justified and the circumstances do not make an award of expenses unjust, plaintiff is entitled to the expenses it incurred in attempting to conduct discovery pursuant to the order from defendants. This includes scheduling and appearing for the depositions, submitting its requests to produce, and any other reasonable preparation taken pursuant to the discovery order. Plaintiff is also entitled to reasonable fees and costs from defendants for filing its motion for sanctions. To the extent that plaintiff seeks expenses incurred prior to the October 17, 1996, discovery order or not related thereto, the motion should be denied as such expenses would not be related to defendants' disobedience of the discovery order. Accordingly, it is

(1) ORDERED that defendants', Empresa Comercial Internacional De Frutas' and Apul Fruitconsult's, Request for Certification of Appeal and Stay of Proceedings pursuant to 28 U.S.C. § 1292(b) (Dkt.67) be DENIED,

(2) ORDERED that defendants', Empresa Comercial Internacional De Frutas' and Apul Fruitconsult's, Motion to Dismiss for Lack of Personal Jurisdiction (Dkt.72) be DENIED, and

(3) ORDERED that plaintiff Coca–Cola Company's Emergency Motion for Sanctions (Dkt.111) be GRANTED to the extent that this Court conclusively presumes personal jurisdiction over defendants Empresa Comercial Internacional De Frutas and Apul Fruitconsult and requires defendants to

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28
**(Cite as: 1997 WL 370121 (M.D.Fla.))**

pay the reasonable costs and attorney's fees incurred by plaintiff as outlined above.

Counsel should confer in good faith in an effort to stipulate to the amount of reasonable attorney's fees and expenses. If the parties are unable to agree, plaintiff should file an affidavit as to expenses and fees within twenty (20) days of the date of this order and defendants may then file a counter-affidavit within ten (10) days thereafter.

DONE AND ORDERED in chambers, in Tampa, Florida, this 12th day of June, 1997.

M.D.Fla.,1997.
Coca-Cola Foods v. Empresa Comercial Internacional De Frutas S.A.
Not Reported in F.Supp., 1997 WL 370121 (M.D.Fla.), 11 Fla. L. Weekly Fed. D 28

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.