# EXHIBIT 4

# CRAVATH, SWAINE & MOORE LLP

STUART W. GOLD
JOHN W. WHITE
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
SUSAN WEBSTER

DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
SARKIS JEBEJIAN

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1752

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK

LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
PAUL C. SAUNDERS

October 17, 2012

Dear Mr. Manning:

I write in response to your October 17, 2012 letter to me in which you purport to summarize our 11:45 a.m. CST phone call. Rather than point to what I believe to be inaccuracies in your summary, I set forth below what I believe I said (and intended to communicate) when we spoke.

First, with respect to whether Credit Suisse has any documents responsive to Plaintiffs' Document Request No. 1, although I did indicate that there was a single document responsive to Document Request No. 1 that Credit Suisse was not permitted to produce, I subsequently said that I had confused Document Request No. 1 with No. 7. As I said, Credit Suisse does not have any documents responsive to Plaintiffs' Document Request No. 1.

Second, with respect to whether Credit Suisse has documents responsive to Plaintiffs' Document Request No. 6 in its possession, I said (consistent with what Credit Suisse said in response to Plaintiffs' Interrogatories Nos. 4, 5 and 6, in conjunction with Document Request No. 6), that with the exception of Manning Exhibit 3 (submitted in connection with Plaintiffs' July 24, 2012 Motion for a TRO), Credit Suisse has a single document that it is unable to produce in light of Swiss banking secrecy laws.

Third, with respect to whether Credit Suisse will continue to assert objections to Plaintiffs' jurisdictional discovery based on Swiss law, I advised that Credit Suisse does intend to continue to assert objections based on Swiss law.

Fourth, with respect to what Credit Suisse has done since the October 16, 2012 teleconference hearing with the Court, I advised that Credit Suisse was in the process of searching for responsive information, as well as consulting with its Swiss law experts to determine what responsive information it can provide and the manner by which it is permitted to provide such information.

Fifth, with respect to when Credit Suisse will be able to provide responsive information to Plaintiffs' jurisdictional discovery requests, I advised that Credit Suisse is not in a position today to determine when it will be able to provide responsive information but that Credit Suisse intends to propose to the Court that it provide a status report concerning its efforts in this regard early next week. (Incidentally, with respect to your statement that our "lack of timing" "represents a problem of [our] own creation", Mr. Madel made the same statement to me when he and I spoke yesterday. As I said to him and to you, in the ordinary course, parties submit discovery requests and, thereafter (consistent with what the discovery rules provide) they meet and confer with respect to issues like the breadth of the requests. Ms. Craigmile suggested that we engage in such process on September 28. Mr. Madel indicated that he would do so over that weekend, but for whatever reason apparently changed his mind.

Sixth, with respect to my statement concerning the existing TRO, I advised that Credit Suisse would agree to extend the TRO until a preliminary injunction hearing could be held. In response to your request that I provide additional information concerning "Mr. Douglass's statement that 'alleged beneficial owners' of some or all of the accounts has sought assistance of Swiss authorities", as I said, I do not have any additional information to provide. I suggest that you ask Mr. Douglass to provide you with whatever additional information he has.

Sincerely,

Julie A. North

Robert N. Miller, Esq.
   Perkins Coie
      1900 Sixteenth Street, Suite 1400
         Denver, Colorado 80202

VIA EMAIL

87B

3

BY E-MAIL

Copies to:

Robert Nolen Miller
Stephanie Erin Dunn
  Perkins Coie LLP
    1900 16th Street, #1400
      Denver, CO 80202-5255


Kevin D. Evans
  Steese, Evans & Frankel, PC
    6400 South Fiddlers Green Circle, #1820
      Denver, CO 80111

Kathleen Craigmile
  Bennington Johnson Biermann & Craigmile, LLC
    370 17th Street, Suite 3500
      Denver, CO 80202


BY E-MAIL