UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

        Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

        Defendants.

---

**MOTION BY MR. LASSHOFER AND THE INNOVATIS DEFENDANTS
PURSUANT TO FED. R. CIV. P. 12(h)(3) REGARDING LACK OF STANDING
AND SUBJECT MATTER JURISDICTION, AND REQUEST TO DISMISS CASE**

---

Defendants Erwin Lasshofer ("Mr. Lasshofer"), and Innovatis GmbH, Innovatis

Immobilien GmbH and Innovatis Asset Management, S.A. (collectively, the "Innovatis

entities"), by their undersigned attorneys and pursuant to FED. R. CIV. P. 12(h)(3), note that

Plaintiffs have lacked standing throughout this case, and as a result the Court has lacked

subject matter jurisdiction over this case from the beginning.  Accordingly, the Court "must dismiss the action."  FED. R. CIV. P. 12(h)(3).

I.    **THE COURT IS UNDER A CONTINUING OBLIGATION TO ACCESS SUBJECT MATTER JURISDICTION; WITHOUT SUBJECT MATTER JURISDICTION THE COURT IS WITHOUT AUTHORITY TO ENTER *ANY* RELIEF AND *MUST* DISMISS THE CASE**

Cases are legion from jurisdictions across the country, holding that:  (i) plaintiffs have the obligation to demonstrate subject matter jurisdiction; (ii) the court has a "continuing obligation" throughout the pendency of the case to determine whether subject matter jurisdiction exists; and (iii) the question of subject matter jurisdiction can be raised ***at any time*** during the case by a party or by the court *sua sponte. Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *Harris v. PBC NBADL, LLC*, 444 Fed. Appx. 300, 301 (10th Cir. 2011) ("[T]he district court had an independent duty to examine whether it had subject matter jurisdiction over this action.  *See* Fed.R.Civ.P. 12(h)(3) ('If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.').").  *See also Gonzales v. Naranjo*, No. EDCV 12-1392 DSF(FFM), 2012 WL 6111358, at *2 (C.D. Cal. Nov. 5, 2012); *Rowe v. New York State Div. of the Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *6 (N.D.N.Y. Sept. 17, 2012); *Villagrana v. Recontrust Co., N.A.*, No. 3:11-cv-00652-ECR-WGC, 2012 WL 1890236, at *4 (D. Nev. 2012); *Wanamaker v. Lawson*, 871 F. Supp. 2d 735, 736 (E.D. Tenn. 2012); *Martin v. Young*, No. 3:12-cv-0064, 2012 WL 1856553, at *1 (S.D. Ohio Feb. 29, 2012); *Melvin v. Soc. Sec. Admin.*, No. 5:09-CV-235-FL, 2010 WL 1958604, at *4 (E.D.N.C. Mar. 24,

2010); *Polk v. House-Hasson Hardware Co.*, Civ. Action No. 09-0788-WS-N, 2010 WL 147941, at *1 (S.D. Ala. Jan. 11, 2010); *Lucker v. Bayside Cemetery*, 262 F.R.D. 185, 188 (E.D.N.Y. 2009); *Zuniga v. Hall*, Civ. Action No. 4:08-CV-470-Y, 2009 WL 648879, at *1 (N.D. Tex. Mar. 11, 2009); *Silver Valley Partners, LLC v. De Motte*, No. 06-429-N-ELJ, 2008 WL 2178680, at *4 (D. Idaho May 22, 2008); *Petty v. Astrue*, 550 F. Supp. 2d 1089, 1095 (D. Ariz. 2008); *Cowan v. Jamison*, No. 2:06CV74-P-A, 2007 WL 209910, at *1 (N.D. Miss. Jan. 24, 2007); *Stampone v. Stahl*, No. Civ.A.05-1921(WJM), 2005 WL 1694073, at *3 (D.N.J. July 19, 2005); *Spot Realty, Inc. v. Siegel*, No. 05-71229, 2005 WL 1345752, at *1 (E.D. Mich. June 2, 2005); *Brown v. Kendzora*, No. 94 C 243, 1994 WL 463865, at *1 (N.D. Ill. Aug. 25, 1994); *Jackson-Bey v. Brady*, Civ. A. No. 92-0404 (RCL), 1992 WL 205094 (D.D.C. Aug. 6, 1992).

An order or judgment of the court is "void when a court enters it lacking subject matter jurisdiction." *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("Relief from a void judgment is mandatory. . . . Thus, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (*Id.* at 1203)). An order of contempt issued by a court without subject matter jurisdiction likewise is invalid. *Mann v. Calumet City, Illinois*, No. 08 CV 555, 2009 WL 395465, at *17 (N.D. Ill. Feb. 17, 2009) ("[B]ecause prudential standing is a prerequisite for standing, and standing is a prerequisite for subject matter jurisdiction, and MainStreet did not have prudential standing to challenge the Ordinance, Judge Shadur's preliminary injunction was invalid, as was the contempt order arising from its violation.").

As we previously have explained and as further noted below, Plaintiffs in this case never had standing to pursue the claims asserted, and thus this Court never had subject matter jurisdiction to enter *any* orders in this case. Accordingly, the only avenue available to the Court is dismissal. While it does not matter, Plaintiffs cannot be heard to complain about this result, as they concealed from the Court since filing this suit the fact that the speculative claims they assert belong to Azco LLC and Azco II LLC – the Borrowers under the Loan Agreement, and the Loan Agreement expressly *prohibits* the Azco entities from assigning any of their "rights, title, interests or obligations under this Loan Agreement or under any of the Loan Documents" (*see infra* at 7). *See Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 818 (5th Cir. 1989) ("An injunction procured by material misrepresentation may not be sustained. The circumstances in this case demonstrate that Coastal has not sought equitable relief with clean hands. We therefore vacate the district court's injunction . . . .").[1]

Plaintiffs also suggested during the March 8, 2013, motions hearing that they could move to join the Azco entities as parties in an effort to cure the lack of standing and subject matter jurisdiction. Plaintiffs are wrong. Because Plaintiffs lack standing and the Court lacks subject matter jurisdiction over this case, Plaintiffs have no right to pursue any order or

---

[1] Indeed, Plaintiffs did more than conceal this information from the Court; they affirmatively deceived the Court. In Paragraph 93 of the *Verified* Complaint and Paragraph 94 of the Amended *Verified* Complaint, Plaintiffs state: "The Loan Agreement identifies Niemi as Borrower and Guarantor, Prosperity as Lender, and Innovatis as Beneficiary." Plaintiffs conspicuously avoided attaching the Loan Agreement to either *Verified* Complaint, and for obvious reasons. Plaintiffs' representation, *verified* by Niemi under penalty of perjury, is *false*. The Borrower under the Loan Agreement is defined as Azco LLC and Azco II LLC, and the Guarantor is defined as Mesatex, LLC. The only time Niemi's name appears is when he signs on behalf of the Azco entities as Managing Member. This is yet another false representation made by Plaintiffs to the Court during this case (*see infra* at 6 note 3).

relief and the Court can take no action other than dismiss the case.[2]  *Arrow Drilling Co. v. Carpenter*, 125 Fed. Appx. 423, 424-25 (3rd Cir. 2005) ("The court also explained that Fed. R. Civ. Proc. 15 'does not permit a plaintiff to amend a complaint "to substitute a new plaintiff to cure the lack of subject matter jurisdiction." ' . . .  It is evident from the district court's thoughtful analysis that the court did not abuse its discretion in refusing Arrow Drilling's request to amend in violation of Rule 15, and we will therefore affirm substantially for the reasons set forth by the district court."  (citation and footnote omitted)).  *See also In re Katrina Canal Breaches Litig.*, 342 Fed. Appx. 928, 931 (5th Cir. 2009) ("However, we decline to reach the merits of this dispute because the district court exercised subject matter jurisdiction over this case on improper grounds.  . . .  [W]hile a plaintiff may amend a complaint to cure inadequate jurisdictional allegations, amendment may not create subject matter jurisdiction when none exists."); *Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1996) ("[N]either Rule 15 nor any other rule of civil procedure permit FRS to cure this jurisdictional defect by including or substituting Boatright.  In *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986), we held that Rule 15 does not permit a plaintiff from amending its complaint to substitute a new plaintiff in order to cure the lack of subject matter jurisdiction.  *See also Summit Office Park, Inc. v. United States Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. Unit A Mar. 1981) (holding that 'where a plaintiff never had standing to assert

---

[2]  Moreover, for the same reason that the Court lacks subject matter jurisdiction over Plaintiffs now, it would lack subject matter jurisdiction over any claims asserted by Plaintiffs, with or without the Azco entities in the case.

a claim against the defendants, it does not have standing to amend the complaint and control

the litigation by substituting new plaintiffs').").

## II.   FED. R. CIV. P. 12(h)(3) IS AN APPROPRIATE MEANS BY WHICH TO SEEK DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

A Rule 12(h)(3) motion may be brought at any time during the case, even after trial, if

it appears that the court lacks subject matter jurisdiction.  *Interstate Petroleum Corp. v. Morgan*,

249 F.3d 215, 218 (4th Cir. 2001); *Compagnoni v. United States*, 173 F.3d 1369, 1370 (11th Cir.

1999); *Berskshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 879-80 (3rd Cir. 1992);

*Augustine v. United States*, 704 F.2d 1074, 1075 (9th Cir. 1983); *Fancaster, Inc. v. Comcast Corp.*,

Civ. No. 08-2922 (DRD), 2012 WL 815124, at *6 (D.N.J. Mar. 9, 2012).   Plaintiffs never

apprised the Court about the fact that the speculative claims of the Azco entities, which

Plaintiffs pursue in this case, could not be assigned.[3]  As explained in the following section,

---

[3] This was not the only time that Plaintiffs deceived the Court in this case.  *See supra* at 4 note 1.  Moreover, right out of the box, Plaintiffs told the Court that service of process by Federal Express in Austria was not prohibited.  In fact, we presented the Court with a declaration from an Austrian Supreme Court Justice, a July 3, 2012 letter from the Austrian Federal Ministry For European And Austrian Affairs and *Baker Hughes Inc. v. Homa*, No. H-11-3757, 2012 WL 1551727, at *16-17 (S.D. Tex. Apr. 30, 2012), all demonstrating that Plaintiffs' representation was false.  Plaintiffs also said in the Verified Complaints and during their testimony at the preliminary injunction hearing that the Breckenridge project was very successful before Plaintiffs were introduced to Burgess.  In fact, as Judge Doty said in *Weiner v. Naegele*, Civil No. 11-855(DSD/AJB), 2012 WL 2906299, at *2 (D. Minn. July 16, 2012):

> [A]s early as April 2, 2009 [over two months before Plaintiffs claim in this case to have been introduced to Burgess and his company Prosperity International, LLC], Minnesota counsel told Weiner and Naegele that the Breckenridge project "is in significant trouble" and that "Niemi is scrambling to keep the creditors back."

Plaintiffs never had standing to pursue the claims asserted in this case, and thus this Court never acquired subject matter jurisdiction. Accordingly, this case should be dismissed and the injunction and all other orders vacated.

## III. PLAINTIFFS NEVER HAD STANDING, AND THUS THE COURT NEVER HAD SUBJECT MATTER JURISDICTION OVER THIS CASE

As the Tenth Circuit recently explained,

> [o]ur court has repeatedly characterized standing as an element of subject matter jurisdiction. . . . In *Roberts v. BJC Health System*, 452 F.3d 737 (8th Cir. 2006), the Eight Circuit concluded that "if a plaintiff lacks standing, the district court has no subject matter jurisdiction" . . . . *See Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999) ("[W]e find that Plaintiffs do not have standing to bring this action…. Accordingly, this Court lacks subject matter jurisdiction . . . . *See Jepsen v. Texaco, Inc.*, 1995 WL 607630, at *2 . . . (10th Cir. 1995) . . . ("Lack of standing divests the court of subject matter jurisdiction . . . .").

*Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224-25 (10th Cir. 2012).

### A. History Of Standing Issue

*Nowhere* in Plaintiffs' April 4, 2012, Verified Complaint (or in the Verified Amended Complaint filed on July 24, 2012), did Plaintiffs apprise the Court of the following provision in Section 10.21 of the Loan Agreement (attached hereto as Exhibit 1):

> Borrower [defined as Azco LLC and Azco II LLC] *may not assign* its rights, title, interests or obligations under this Loan Agreement or under any of the Loan Documents. [Emphasis added]

Nor did Plaintiffs suggest in their Verified Complaints that the Azco entities allegedly had attempted to assign to Plaintiffs the nearly $450 million claims asserted in this lawsuit and

arising out of the Azco entities' alleged rights under the Loan Agreement and Loan Documents.

During the preliminary injunction hearing, the undersigned elicited through cross-examination that the Azco entities (not any of Plaintiffs) are the Borrowers under the Loan Agreement, Plaintiffs are not parties to the Loan Agreement (thereby highlighting the false verification by Niemi (*see supra* at 4 note 1)), and Plaintiffs claim to have sent $2.18 million to Burgess in order to fulfill the obligation of the Azco entities under the Loan Agreement.  In other words, Mr. Lasshofer and the Innovatis entities demonstrated that Plaintiffs did not have standing to bring this case.  Plaintiffs clearly understood the import of this evidence, as Niemi on redirect examination testified that Plaintiffs "acceded" to the claims of the Azco entities; interestingly, neither Niemi nor any of the other Plaintiffs testified that the Azco entities had assigned the claims to Plaintiffs (that ploy would come later).  The Court did not address standing or subject matter jurisdiction when it issued the preliminary injunction.

Accordingly, when Mr. Lasshofer and the Innovatis entities filed their emergency motion to suspend the Court's preliminary injunction order pending appeal [Doc. No. 53; filed 6/5/2012] (Exhibit 2 hereto), they unequivocally alerted the Court on page 4 to the standing issue, stating:

### 3.    *Plaintiffs Failed to Demonstrate Standing*

As evident from the evidence elicited on cross-examination during the hearing, none of Plaintiffs entered into any agreement with any of the Innovatis Defendants regarding the Breckenridge project in question.  In fact, none of Plaintiffs entered into any agreement with Burgess or his company in connection with the Breckenridge project.  Instead, the parties to the

> agreements with Burgess and Prosperity were companies (*i.e.,* Mesatex, Azco and Azco II). None of those companies are parties to this case. It was incumbent on Plaintiffs in seeking this extraordinary relief to demonstrate that they are entitled in the first instance to pursue it both factually and legally. Plaintiffs failed to do so.

The Court denied that emergency motion without addressing the standing/subject matter jurisdiction issue.

The standing issue then was briefed and argued before the Tenth Circuit, and we expect based on the questions from the Panel that the Tenth Circuit will address standing when it decides the appeal. The section of the opening brief on appeal by Mr. Lasshofer and the Innovatis entities addressing standing is attached hereto as Exhibit 3, and the corresponding section of their reply brief is attached hereto as Exhibit 4.[4]

Because Plaintiffs still had not apprised this Court of the nonassignment clause, and deceptively said in this Court after the Tenth Circuit briefing and argument that the Azco entities assigned the claims to Plaintiffs, Mr. Lasshofer and the Innovatis entities informed the Court of the nonassignment provision in Section 10.21 of the Loan Agreement when they filed their Response Of Mr. Lasshofer And The Innovatis Defendants To Plaintiffs' Status Report [Doc. No. 168; filed 3/7/2013].[5]   While the Court asked a few questions

---

[4] Among other things, those briefs answer the question raised by the Court during the March 8 hearing: what difference does the nonassignment clause have on the RICO and COCCA claims.

[5] Mr. Lasshofer and the Innovatis entities also explained in their Response Of Mr. Lasshofer And The Innovatis Defendants, Pursuant To Special Appearance, To Plaintiffs' Motion For Limited Discovery [Doc. No. 162; filed 2/19/2013] why Plaintiffs' ever evolving assertion of assignment is incredulous and belied by the evidence.

about this issue at the beginning of the March 8 hearing, the Court did not determine (and has yet to determine) the standing/subject matter jurisdiction issue, and instead proceeded to issue orders regarding, among other things, discovery and the motion by Plaintiffs for contempt.  As explained herein, because this Court lacks subject matter jurisdiction, those orders, like the others previously entered by the Court in this case, are void.

**B.      Plaintiffs Lack Prudential Standing[6]**

"The term 'standing' subsumes a blend of constitutional requirements and prudential considerations . . . ."  *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

> Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing. Thus, this Court has held that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."

*Valley Forge Christian Coll.*, 454 U.S. at 474 (citing *Warth*, 422 U.S. at 499).  *See also Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99-100 (1979) ("Even when a case falls within these constitutional boundaries, a plaintiff may still lack standing under the prudential principles . . . .  He also must assert his own legal interests rather than those of third parties." (footnote omitted)).  Thus, "the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 468 U.S. 737, 752 (1984).

---

[6]   Mr. Lasshofer and the Innovatis entities do not concede that Plaintiffs have Article III standing.  Indeed, they contend that Plaintiffs do not have constitutional standing.  Because the issue of lack of prudential standing is so clear cut, however, the Court need not address Article III standing.

The Tenth Circuit has acknowledged that both Article III and prudential standing are prerequisites to a court's exercise of subject matter jurisdiction, and has recognized that dismissal for lack of subject matter jurisdiction is appropriate when plaintiffs lack prudential standing – as Plaintiffs do here.  *E.g.*, *Utah Shared Access Alliance v. Carpenter*, 463 F.3d 1125, 1137 (10th Cir. 2006) ("The District Court properly dismissed USA-ALL's claims . . . for lack of standing.  A party must first have standing before its claim may be adjudicated on the merits.  'The standing inquiry requires us to consider both constitutional limits on federal court jurisdiction and prudential limitations on its exercise.'  . . .  With respect to prudential standing, federal courts have long recognized that a plaintiff must satisfy the following prudential principles:  '(1) the plaintiff generally must assert his or her own legal rights . . . .'  . . .  The burden to establish prudential standing is on the plaintiff bringing the action."  (citations omitted)); *Bd. of Cnty. Comm'rs of Sweetwater Cnty. v. Geringer*, 297 F.3d 1108, 1112 (10th Cir. 2002) ("In addition to satisfying the prerequisites for constitutional standing, a plaintiff must also meet, generally speaking, the requirements of prudential standing, a judicially-created set of principles that, like constitutional standing, places 'limits on the class of persons who may invoke the courts' decisional and remedial powers.'  . . .  Under a prudential standing inquiry, a party that has satisfied the requirements of constitutional standing may nonetheless be barred from invoking a federal court's jurisdiction.  . . .  Like its constitutional counterpart, prudential standing establishes three conditions a party must overcome before invoking federal court jurisdiction.  First, a plaintiff must assert his 'own rights, rather than those belonging to third parties.' "  (citations omitted)); *Citizens' Comm. to*

11

*Save Our Canyons v. United States Forest Serv.*, 297 F.3d 1012, 1026 (10th Cir. 2002) ("We have explained, however, that the doctrine of prudential standing requires that even a plaintiff who meets the constitutional requirements for standing must assert 'its own rights, rather than those belonging to third parties.' " (citation omitted)).

Many courts in other jurisdictions also have dismissed cases for lack of subject matter jurisdiction when the plaintiffs failed to demonstrate prudential standing. *E.g.*, *Township of Lyndhurst, New Jersey v. Priceline.Com Inc.*, 657 F.3d 148 (3rd Cir. 2011); *Am. Fed'n of Gov't Emps. v. Babbitt*, 46 Fed. Appx. 254 (6th Cir. 2002); *Big Blue Capital Partners, LLC v. Reconstrust Co., N.A.*, No. 6:11-CV-1412-TC, 2012 WL 1870752 (D. Or. May 21, 2012); *Cellco P'ship v. Wilcrest Health Care Mgmt. Inc.*, Civil Action No. 09-3534 (MLC), 2012 WL 1638056 (D.N.J. May 8, 2012); *Mann*, 2009 WL 395465 (N.D. Ill. Feb. 17, 2009); *Am. Fed'n of Gov't Emps., AFL-CIO, Local 1367 v. United States*, No. CIV.A. SA 00CA1508 HG, 2001 WL 262897 (W.D. Tex. Mar. 7, 2001).

The only effort Plaintiffs have made here to demonstrate standing is the incredulous suggestion of assignment by the Azco entities of their supposed claims. As explained above, however, the Azco entities are prohibited from assigning any of their rights, including their claims, under the Loan Agreement. Thus, by seeking to assert the speculative $450 million claims for alleged damages (lost profits, etc.) associated with the purported failure by Innovatis Asset Management, S.A. to loan the Azco entities over $200 million (even though neither Mr. Lasshofer nor any Innovatis entity is the "Lender" under the Loan Agreement), Plaintiffs clearly are seeking to assert rights belonging to third parties – the Azco entities.

Moreover, Plaintiffs cannot assert claims with respect the $2.18 million they say they sent to Burgess on behalf of the Azco entities.  As they conceded during the preliminary injunction hearing and the Loan Agreement makes clear, that was an obligation of the Azco entities, and the Azco entities could not assign their obligations under the Loan Agreement.  Thus, any such claim predicated on that $2.18 million must be pursued, if at all, by the Azco entities (*see* Exhibit 3 and 4 hereto).   In addition, as explained in the briefing on appeal (*see* Exhibits 3 and 4 hereto), Plaintiffs lack prudential standing for the additional reasons asserted therein.

It is a mystery to Mr. Lasshofer and the Innovatis entities why Plaintiffs have persisted in pursuing this case in their own names in light of the clear lack of standing and subject matter jurisdiction.  One can only assume that Plaintiffs made a conscious decision not to sue in the names of the Azco entities.  While we can posit nefarious reasons why Plaintiffs are so proceeding, that is not necessary.  What is necessary is that this case must be dismissed for lack of subject matter jurisdiction.

*     *     *

Counsel for Mr. Lasshofer and the Innovatis entities apprised the Court during the March 8 motions hearing that they would inform the Court prior to March 26 of the intention of Mr. Lasshofer and the Innovatis entities regarding their defense of this case. Because Mr. Lasshofer and the Innovatis entities firmly believe that this case should be dismissed for the reasons set forth above, and that this Court is without subject matter jurisdiction to enter any order in this case, they do not intend to devote further resources to

defense of the case presently before the Court.  Should the Court decline to dismiss the case for lack of subject matter jurisdiction, it is the present intention of Mr. Lasshofer and the Innovatis entities to devote their resources to appeal of any adverse order and judgment in this case.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Mr. Lasshofer and the Innovatis entities respectfully request that the Court decline to take any further action in this case, vacate all orders that have been entered in the case, and dismiss the case for lack of subject matter jurisdiction.

Dated:  March 15, 2013.                       Respectfully submitted,

                                              *s/Kevin D. Evans*
                                     By:      _____
                                              Kevin D. Evans
                                              Phillip L. Douglass
                                              STEESE, EVANS & FRANKEL, P.C.
                                              6400 S. Fiddlers Green Circle
                                              Suite 1820
                                              Denver, Colorado 80111
                                              Telephone:    720.200.0676
                                              Facsimile:     720.200.0679
                                              Email: kdevans@s-elaw.com
                                                         pdouglass@s-elaw.com

                                              Attorneys for Defendants
                                              ERWIN LASSHOFER, INNOVATIS GmbH,
                                              INNOVATIS IMMOBILIEN GmbH, and
                                              INNOVATIS ASSET MANAGEMENT, S.A.

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2013, I caused the foregoing **MOTION BY MR. LASSHOFER AND THE INNOVATIS DEFENDANTS PURSUANT TO FED. R. CIV. P. 12(h)(3) REGARDING LACK OF STANDING AND SUBJECT MATTER JURISDICTION, AND REQUEST TO DISMISS CASE** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Robert N. Miller
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone:    303.291.2300
Facsimile:     303.291.2400
Email: rmiller@perkinscoie.com
          sdunn@perkinscoie.com

Christopher W. Madel
Bruce D. Manning
Aaron R. Thom
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:    612.349.8500
Facsimile:     612.339.4181
Email: cwmadel@rkmc.com
          bdmanning@rkmc.com
          leschrero@rkmc.com

*s/Theresa Baksay*
_____
Theresa Baksay