UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

    Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

    Defendants.

---

**MOTION BY MR. LASSHOFER AND THE INNOVATIS DEFENDANTS PURSUANT TO FED. R. CIV. P. 12(h)(3) REGARDING LACK OF STANDING AND SUBJECT MATTER JURISDICTION, AND REQUEST TO DISMISS CASE**

**EXHIBIT 1**

Case 1:12-cv-00869-RBJ   Document 171-1   Filed 03/15/13   USDC Colorado   Page 2 of 3
Case 1:12-cv-00869-RBJ   Document 168-1   Filed 03/07/13   USDC Colorado   Page 2 of 3
Case 1:12-cv-00869-RBJ   Document 6-17   Filed 04/05/12   USDC Colorado   Page 2 of 101

# LOAN AGREEMENT

dated as of December 7, 2009

between

**AZCO LLC and AZCO II LLC**
as Borrower

and

**PROSPERITY INTERNATIONAL, LLC.**
as Lender

Case 1:12-cv-00869-RBJ   Document 171-1   Filed 03/15/13   USDC Colorado   Page 3 of 3
Case 1:12-cv-00869-RBJ   Document 168-1   Filed 03/07/13   USDC Colorado   Page 3 of 3
Case 1:12-cv-00869-RBJ   Document 6-17   Filed 04/05/12   USDC Colorado   Page 79 of 101

all excess amounts theretofore collected by Lender shall be credited against the unpaid Principal and all other Debt (or, if the Debt has been or would thereby be paid in full, refunded to Borrower), and the provisions of the Loan Documents immediately be deemed reformed and the amounts thereafter collectible thereunder reduced, without the necessity of the execution of any new document, so as to comply with applicable law, but so as to permit the recovery of the fullest amount otherwise called for thereunder. All sums paid or agreed to be paid to Lender for the use, forbearance or detention of the Loan shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full stated term of the Loan until payment in full so that the rate or amount of interest on account of the Debt does not exceed the maximum lawful rate from time to time in effect and applicable to the Debt for so long as the Debt is outstanding. Notwithstanding anything to the contrary contained in any Loan Document, it is not the intention of Lender to accelerate the maturity of any interest that has not accrued at the time of such acceleration or to collect unearned interest at the time of such acceleration.

**10.18   Conflict; Construction of Documents.** In the event of any conflict between the provisions of this Agreement and any of the other Loan Documents, the provisions of this Agreement shall control. The parties hereto acknowledge that each is represented by separate counsel in connection with the negotiation and drafting of the Loan Documents and that the Loan Documents shall not be subject to the principle of construing their meaning against the party that drafted them.

**10.19   No Third Party Beneficiaries.** The Loan Documents are solely for the benefit of Lender and Borrower and nothing contained in any Loan Document shall be deemed to confer upon anyone other than the Lender and Borrower any right to insist upon or to enforce the performance or observance of any of the obligations contained therein.

**10.20   Intentionally Deleted.**

**10.21   Assignment.** The Loan, the Note, the Loan Documents and/or Lender's rights, title, obligations and interests therein may be assigned by Lender and any of its successors and assigns to any Person at any time in its discretion, in whole or in part, whether by operation of law (pursuant to a merger or other successor in interest) or otherwise. Upon such assignment, all references to Lender in this Loan Agreement and in any Loan Document shall be deemed to refer to such assignee or successor in interest and such assignee or successor in interest shall thereafter stand in the place of Lender. Borrower may not assign its rights, title, interests or obligations under this Loan Agreement or under any of the Loan Documents.

**10.22   Counterparts.** This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same instrument.

**10.23   Failure to Satisfy Post Closing Requirements.** Borrower and Lender shall use good faith efforts to complete the remaining Loan Documents and finalize all other requirements contained in the Post Closing Agreement as soon as is reasonably practical. In the event such requirements are not met despite the good faith efforts of the parties, or otherwise waived by the parties, within one hundred twenty (120) days from the date of this Agreement, then (i) the Loan Documents shall terminate, (ii) the Debt, to the extent it has been registered, shall automatically be cancelled, (iii) NMRS (as defined in the Escrow Account Agreement), shall, if applicable,