UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

       Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

       Defendants.

---

**MOTION BY MR. LASSHOFER AND THE INNOVATIS DEFENDANTS PURSUANT TO FED. R. CIV. P. 12(h)(3) REGARDING LACK OF STANDING AND SUBJECT MATTER JURISDICTION, AND REQUEST TO DISMISS CASE**

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

       Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GMBH,
INNOVATIS IMMOBILIEN GMBH,
INNOVATIS ASSET MANAGEMENT SA,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

       Defendants.

---

**EMERGENCY MOTION OF THE INNOVATIS DEFENDANTS TO SUSPEND COURT'S JUNE 1, 2012, PRELIMINARY INJUNCTION ORDER PENDING APPEAL, AND RULE 7.1A CERTIFICATION**

---

    Erwin Lasshofer, Innovatis Gmbh, Innovatis Immobilien Gmbh and Innovatis Asset Management, SA (the "Innovatis Defendants"), by their attorneys Kevin D. Evans and Phillip L. Douglass of STEESE, EVANS & FRANKEL, P.C., in furtherance of their special appearance, and pursuant to Rule 8 of the FEDERAL RULES OF APPELLATE PROCEDURE, hereby notify the Court of their intention to appeal the Court's June 1, 2012, Order Granting Preliminary Injunction (the

"Order") [Doc. No. 50] and respectfully request a stay of the Order pending appeal. In support hereof, the Innovatis Defendants state as follows.

### D.C.COLO.LCivR 7.1A CERTIFICATION

On Monday, June 4, 2012, Kevin D. Evans conferred with Christopher W. Madel regarding this Emergency Motion, and was informed that Plaintiffs decline to agree to a stay of the Order.

### I. RULE 8.1 FACTORS ARE MET

The factors reviewed by the Tenth Circuit in considering a request for a stay of an injunction pending appeal were set forth in *O Centro Espirita Beneficiente Uniao De Vegetal v. Ashcroft*:

> "(a) the likelihood of success on appeal; (b) the threat of irreparable harm if the stay ... is not granted; (c) the absence of harm to opposing parties if the stay or injunction is granted; and (d) any risk of harm to the public interest."

314 F.3d 463, 465-66 (10th Cir. 2002) (quoting Tenth Circuit Rule of Appellate Procedure 8.1). Each of those factors supports suspension of the Order pending appeal.

#### A. Likelihood Of Success Of The Innovatis Defendants On Appeal Is Great

##### 1. The Order Violates Grupo Mexicano

For the reasons explained in the Motion By Mr. Lasshofer And The Innovatis Defendants For Leave To Make A Special Appearance To Challenge Plaintiffs' Request For A Preliminary Injunction, And Response To Plaintiffs' Request For Preliminary Injunction [Doc. No. 32, filed 5/11/2012], The Innovatis Defendants' Response To Plaintiffs' Motion To Convert The Temporary Restraining Order Into A Preliminary Injunction [Doc. No. 39, filed 5/23/2012], and the Response Of The Innovatis Defendants In Opposition To Plaintiffs' Post-Preliminary

Injunction Hearing Memorandum Of Law [Doc. No. 48, filed 5/30/2012], each of which is incorporated herein, the Court's Order violates the holding of the United States Supreme Court in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). This Court relies in large measure on *FDIC v. Antonio*, 843 F.2d 1311 (10th Cir. 1988), in determining that it could enter a preliminary injunction that calls for the Innovatis Defendants to repatriate assets that they never received, and entering a world-wide freeze order (subject to certain exceptions). *Antonio* was decided 11 years before *Grupo Mexicano*. It is no longer good law to the extent *Antonio* upheld a far reaching injunction under COCCA, irrespective of federal limits on so doing. Moreover, the court in *Antonio*, in fashioning the injunction, relied on the fact that the plaintiffs presented evidence that the defendants were dissipating assets; Plaintiffs here presented no such evidence.

Furthermore, COCCA simply does not permit a Court in Colorado to issue a world-wide freeze order, particularly with respect to assets that do not directly or indirectly belong to Plaintiffs. Rather, as the Court notes on page 17 of the Order, COCCA simply permits a court to grant an injunction upon a "showing of immediate danger of significant loss or damage." *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 221 F.R.D. 300, 303 (D. Conn. 2003), one of the cases on which Plaintiffs relied, said that "[a]uthority provided in state prejudgment remedy schemes is narrowly circumscribed by the text of the statute. If the injunction sought is not included within the state prejudgment remedy scheme, it must be sought under FED. R. CIV. P. 65 and granted as consistent with this Court's exercise of general equitable powers." COCCA nowhere provides for a world-wide freeze order of assets that did not come (directly or indirectly) from a plaintiff in the first instance. Moreover, the Court in relying on Rule 64 of the

3

FEDERAL RULES OF CIVIL PROCEDURE did not take due consideration of the last sentence of that Rule 64(a): "But a federal statute governs to the extent it applies."

### 2. *There is no Evidence of Dissipation of Assets*

All of the Supreme Court Justices in *Grupo Mexicano* agreed that "[t]he irreparable injury requirement would not be met by unsubstantiated allegations that a defendant may dissipate assets." 527 U.S. at 340 (Ginsburg, J., concurring in part and dissenting in part). Plaintiffs presented no evidence of asset dissipation.[1] As such, Plaintiffs presented no evidence of "immediate danger of significant loss or damage" as required under COCCA. Order at 17.

### 3. *Plaintiffs Failed to Demonstrate Standing*

As evident from the evidence elicited on cross-examination during the hearing, none of Plaintiffs entered into any agreement with any of the Innovatis Defendants regarding the Breckenridge project in question. In fact, none of Plaintiffs entered into any agreement with Burgess or his company in connection with the Breckenridge project. Instead, the parties to the agreements with Burgess and Prosperity were companies (*i.e.*, Mesatex, Azco and Azco II). None of those companies are parties to this case. It was incumbent on Plaintiffs in seeking this extraordinary relief to demonstrate that they are entitled in the first instance to pursue it both factually and legally. Plaintiffs failed to do so.

### 4. *There was no Defendant-By-Defendant Analysis*

Plaintiffs sought, and the Court granted, a preliminary injunction against each Innovatis Defendant. However, both Plaintiffs and the Court lumped each Innovatis Defendant together

---

[1] The Court said in the Order that it is inclined to appoint a Special Master. In addition to the fact that the preliminary injunction was issued in error, there is no justification given the utter lack of evidence of dissipation of assets to appoint a Special Master to run the lives and companies of the Innovatis Defendants and their employees.

and made no effort to demonstrate on a Defendant-by-Defendant basis why the injunction (including its world-wide asset freeze) was appropriate.

### 5. *The Court Lacks Venue over this Case*

The Court's *sua sponte* decision to reject the forum selection clause was erroneous, and the Court therefore did not have the authority to adjudicate the preliminary injunction.

### B. The Innovatis Defendants Will Continue To Suffer Irreparable Harm

The Court has said it is inclined to appoint a Special Master to oversee the business operations and lives of these foreign citizens. Moreover, the Innovatis Defendants already have suffered the loss of banking relationships as a result of Plaintiffs' service of the *ex parte* TRO in violation of the laws of foreign jurisdictions. Service of the Order will only exacerbate the injury suffered to date by the Innovatis Defendants.

In addition, the bond procedure employed by the Court amounts to no bond at all, and we submit also runs afoul of the rationale of *Grupo Mexicano*.

### C. Plaintiffs Will Not Be Harmed If The Court Stays The Injunction

To demonstrate harm it was incumbent on Plaintiffs to show dissipation of assets. There was no evidence presented of any such conduct by the Innovatis Defendants.

### D. There Is Significant Harm To Non-Parties

Plaintiffs made no showing of who owns the world-wide assets frozen by the Court or that third-party owners of the assets would not be harmed by the injunction. In seeking such extraordinary relief, it was Plaintiffs' burden to demonstrate entitlement to a freeze. Because the vast majority of the frozen assets belong to third party investors of the Innovatis Defendants, and it is a violation of law in those European countries to freeze assets and prevent non-party owners

from accessing their money and property, the Court's Order runs afoul of the law in those foreign jurisdictions. The Order simply froze assets without any determination or finding made as to ownership.

## II. THE INNOVATIS DEFENDANTS WILL BE MOVING WITHIN THE NEXT 10 BUSINESS DAYS TO STAY THIS CASE DUE TO INSUFFICIENT SERVICE OF PROCESS

As will be demonstrated by the Innovatis Defendants, the Court did not have the authority to authorize service of process in Austria by Federal Express. Accordingly, the Court does not have jurisdiction over the Innovatis Defendants. *Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 & 802 (10th Cir. 2008).

## CONCLUSION

WHEREFORE, for the reasons noted above, the Innovatis Defendants respectfully request that the Court suspend the Order pending appeal of the Order to the Tenth Circuit.

Dated: June 5, 2012.                    Respectfully submitted,

                                                        *s/Kevin D. Evans*
                                By: _____
                                        Kevin D. Evans
                                        Phillip L. Douglass
                                        STEESE, EVANS & FRANKEL, P.C.
                                        6400 S. Fiddlers Green Circle
                                        Suite 1820
                                        Denver, Colorado 80111
                                        Telephone:   720.200.0676
                                        Facsimile:    720.200.0679
                                        Email: kdevans@s-elaw.com
                                                      pdouglass@s-elaw.com

                                Attorneys via Special Appearance for Defendants
                                ERWIN LASSHOFER, INNOVATIS GMBH, INNOVATIS
                                IMMOBILIEN GMBH, INNOVATIS ASSET
                                MANAGEMENT SA

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2012, I caused the foregoing **EMERGENCY MOTION OF THE INNOVATIS DEFENDANTS TO SUSPEND COURT'S JUNE 1, 2012, PRELIMINARY INJUNCTION ORDER PENDING APPEAL, AND RULE 7.1A CERTIFICATION** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Robert N. Miller
Stephanie E. Dunn
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone:   303.291.2300
Facsimile:   303.291.2400
Email: rmiller@perkinscoie.com
          sdunn@perkinscoie.com

Christopher W. Madel
Bruce D. Manning
Lauren E. Schrero
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:   612.349.8500
Facsimile:   612.339.4181
Email: cwmadel@rkmc.com
          bdmanning@rkmc.com
          leschrero@rkmc.com

*s/Theresa Baksay*

Theresa Baksay