UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

      Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

      Defendants.

**MOTION BY MR. LASSHOFER AND THE INNOVATIS DEFENDANTS PURSUANT TO FED. R. CIV. P. 12(h)(3) REGARDING LACK OF STANDING AND SUBJECT MATTER JURISDICTION, AND REQUEST TO DISMISS CASE**

**EXHIBIT 3**

Case No. 12-1233

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT

On Appeal from the United States District Court
for the District of Colorado

The Honorable R. Brooke Jackson, District Judge

**OPENING BRIEF OF APPELLANTS ERWIN LASSHOFER, INNOVATIS GmbH, INNOVATIS IMMOBILIEN GmbH, AND INNOVATIS ASSET MANAGEMENT, S.A. TO REVERSE GRANT OF PRELIMINARY INJUNCTION**

Respectfully submitted,
By:  Kevin D. Evans
     Phillip L. Douglass
     STEESE, EVANS & FRANKEL, P.C.
     6400 S. Fiddlers Green Circle
     Suite 1820
     Denver, Colorado 80111
     Telephone: 720.200.0676
     Facsimile:  720.200.0679

**Oral Argument Requested**

Burgess and Prosperity. (*See also* Declaration Of Michael P. Kelly, JA 1449-1451).

Moreover, Plaintiffs claimed without any evidentiary support (and apparently the district court accepted such argument, again without any evidentiary backing) that the Innovatis Defendants are dissipating assets. All of the Supreme Court Justices in *Grupo Mexicano*, however, agreed that "unsubstantiated allegations that a defendant may dissipate assets" does not suffice. 527 U.S. at 340 (Ginsburg, J., concurring in part and dissenting in part). As a result the preliminary injunction was improperly and improvidently granted.

### D. The District Court Further Erred By Granting The Injunction Because Plaintiffs Failed As A Preliminary Matter To Demonstrate Standing

Because the district court granted the preliminary injunction under COCCA, it was incumbent on Plaintiffs to show, and for the court to find, that Plaintiffs have standing to assert COCCA claims. Plaintiffs failed to present adequate evidence on this issue, and the district court failed to make any finding regarding standing.

As demonstrated during cross-examination at the preliminary injunction hearing, none of Plaintiffs entered into any agreement with any of the Innovatis Defendants regarding the Breckenridge project (*see supra* at 6 & 8). In fact, none of Plaintiffs entered into any agreement with Burgess or Prosperity in connection

28

with the Breckenridge project (*see supra* at 6). Instead, the parties to the agreements with Burgess and Prosperity were companies (*i.e.*, Mesatex, Azco and Azco II), and the Borrowers as defined in the Loan Agreement are the Azco entities – not Plaintiffs (*id.*; *see also* Exhibit 16 to Plaintiffs' *Ex Parte* Motion For Temporary Restraining Order at 1, JA 230).[21] While Plaintiffs claim that they provided Prosperity with the $2.18 million required from the Azco entities under the Loan Agreement, that fact alone does not provide Plaintiffs with standing to assert COCCA claims pertaining to agreements made by Mesatex, Azco and Azco II, and it certainly does not provide them with standing to assert COCCA claims for over $150 million.

The only attempt Plaintiffs made to demonstrate standing came during redirect examination of Mr. Niemi:

> Q. With respect to the questions regarding Mesatex and Azco, these LLCs, are those LLCs in business today?
>
> A. No.
>
> Q. Are they essentially out of commission?
>
> A. Yes.
>
> Q. Have you acceded to their claims along with Mr. Parnevik and Mr. Naegele?
>
> A. Yes.

---

[21] Again, the "Lender" was defined as Prosperity, not any Innovatis Defendant (*see supra* at 8).

29

(5/25/2012 Tr. at 94:15-22, JA 1589). Plaintiffs presented no evidence of an express assignment of claims to them by Mesatex or the Azco entities.

Plaintiffs do not have standing to pursue claims under RICO or COCCA, and thus to pursue injunctive relief under COCCA. The alleged RICO or COCCA injury, if any, was to the Azco entities, not Plaintiffs. Mr. Niemi signed the Loan Agreement as the managing member of the Azco entities, not individually. (*See* Exhibit 16 to Plaintiffs' *Ex Parte* Motion For Temporary Restraining Order at 1 & 74, JA 224 & 303). Moreover, the loan commitment fee and upfront collateral deposit were wired to Prosperity (the "Lender") to fulfill an obligation of the Azco entities, not of the individual Plaintiffs. (*See id.* at 12, JA 241-242).[22] Plaintiffs also allege to have lost money, not directly, but because of the loss of anticipated profits to the Azco entities. Thus, if Plaintiffs have been injured at all, their injuries are indirect.

A party whose alleged injuries result "merely from the misfortunes visited upon a third person by the defendant's acts" lacks standing to pursue a claim under

---

[22] The record contains no evidence about the nature of the funds wired to Prosperity; *e.g.*, whether the funds were a capital contribution to the Azco entities or a loan. That said, there simply is no basis to conclude Plaintiffs sent funds in their individual capacities.

30

RICO. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 267 (1992).[23] "In a RICO case 'an indirectly injured party should look to the recovery of the directly injured party, not to the wrongdoer, for relief.'" *Adams-Lundy v. Ass'n of Prof'l Flight Attendants*, 844 F.2d 245, 250 (5th Cir. 1988) (quoting *Rand v. Anaconda-Ericsson, Inc.*, 794 F.2d 843, 849 (2nd Cir. 1986)). Where, as here, the injury alleged is indirect, a plaintiff does not have RICO standing. *See, e.g., Flynn v. Merrick*, 881 F.2d 446, 449-50 (7th Cir. 1989) (corporate officer, shareholders, and debenture holders lacked RICO standing); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 640-41 (9th Cir. 1988) (shareholders and bond guarantors lacked RICO standing); *Adams-Lundy*, 844 F.2d at 250 (union members lacked standing to redress RICO injury suffered by union); *Rand*, 784 F.2d at 849 (shareholders lacked standing to maintain RICO action for injuries incurred by corporation). Plaintiffs do not have standing here to sue under RICO. Concomitantly, Plaintiffs do not have COCCA standing.

As for Plaintiffs' suggestion that they "acceded" to the claims of Mesatex and the Azco entities, we note as a preliminary matter that we have found no decision holding that COCCA claims are assignable; the district court made no

---

[23] "Absent a prior interpretation by our state courts, federal case law construing the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961, et seq. (1988) is instructive because COCCA was modeled after the federal act." *Ferris v. Bakery, Confectionery and Tobacco Union, Local 26*, 867 P.2d 38, 46 (Colo. App. 1993).

31

such finding. Looking to RICO, if COCCA claims are assignable at all, the assignment must be express. *See Franco v. Connecticut Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 812 (D.N.J. 2011). Plaintiffs presented no evidence of an express assignment to them.

Moreover, Plaintiffs' assertion that the Azco entities are "essentially out of commission" and that Plaintiffs "acceded" to the claims of the Azco entities is a far cry from demonstrating an express assignment. Being "essentially out of commission" does not mean the Azco entities no longer exist; in fact, on page 6 of their response to the motion to stay in this Court, Plaintiffs admitted they do exist when they said that the AZCO entities "allowed their corporate statuses to lapse *into delinquency*" (emphasis added).

Under Colorado law, allowing corporate status to lapse into delinquency does not dissolve a corporation. *See* C.R.S. § 7-80-801. There is no evidence that the Azco entities have been dissolved. Further, even if dissolution has occurred, for it to be effective for this proceeding, the Azco entities were required to file certificates of dissolution. *See* C.R.S. § 7-80-802. More importantly, as part of the winding up process, lawsuits may be prosecuted. *See* C.R.S. § 7-80-803.3(3). Therefore, unless they expressly assigned their COCCA claims to Plaintiffs prior to the lawsuit, only the Azco entities had and have standing to assert them, and

32

thus only the Azco entities had and have standing to pursue injunctive relief under COCCA. Again, Plaintiffs failed to present any evidence of assignment.

Plaintiffs failed to show standing entitling them to assert claims under COCCA, and thus to seek injunctive relief under that statute. Moreover, the district court failed to address the issue. Accordingly, the preliminary injunction was improperly and improvidently granted.

### IV. THE DISTRICT COURT ABUSED ITS DISCRETION IN GRANTING PRELIMINARY INJUNCTIVE RELIEF

As noted above, the district court applied the *Rathke* factors in determining whether to grant injunctive relief (*see supra* at 16-17 & footnote 15). Even assuming the court was correct, the court failed to adequately analyze those factors, as well as the COCCA loss or damage factor, and thus abused its discretion in issuing a preliminary injunction.

#### A. The District Court Made *No* Finding Regarding Immediate Danger Of Significant Loss Or Damage

The only remarks by the district court on this issue are found on page 19 of its Order (JA 905), wherein the court said: "COCCA does not require a showing of irreparable injury in order to obtain a preliminary injunction. *See,* however, the discussion below regarding whether plaintiffs have an adequate remedy at law." Regardless of whether Plaintiffs were required in this federal court action to show "irreparable injury," COCCA still requires that Plaintiffs show "immediate danger

33