UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

        Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

        Defendants.

---

**NOTICE BY STEESE, EVANS & FRANKEL, P.C.
OF COMPLIANCE WITH COURT'S MARCH 8, 2013, ORDER
REGARDING DOCUMENT NO. 82**

---

STEESE, EVANS & FRANKEL, P.C. ("SE&F"), counsel for Erwin Lasshofer ("Mr. Lasshofer"), and Innovatis GmbH, Innovatis Immobilien GmbH, and Innovatis Asset Management, S.A. (the "Innovatis entities"), submits this Notice Of Compliance with the Court's March 8, 2013, Order with respect to Document No. 82, filed by Plaintiffs on July 23, 2012. Mr. Lasshofer and the Innovatis entities preserve their objections to Document

No. 82 and to the Court's March 8 Order, and by SE&F's compliance with the Court's Order do not in any waive those objections.

Document No. 82 was filed in response to the undersigned's motion last year to withdraw their special appearance on behalf of Mr. Lasshofer and the Innovatis entities. Plaintiffs objected, and in so doing filed a motion in which they falsely accused (without a shred of evidence) Mr. Lasshofer, the Innovatis entities and SE&F of having engaged in conduct giving rise to the crime-fraud exception to the attorney-client privilege.[1] Plaintiffs then proffered the dishonest suggestion that they were entitled to review attorney-client privileged information in order to determine whether to continue to oppose the motion to withdraw, or at the very least certain attorney-client privileged documents should be submitted to the Court for *in camera* review. Because the Court denied undersigned's motion to withdraw, that should have been the end of the story – *i.e.,* the frivolous motion of Plaintiffs became moot.

Nevertheless, the Court, without *any* factual findings as to why it granted such extraordinary relief, ordered SE&F to review its files and produce for *in camera* review the attorney-client privileged information described below. Equally troubling is the fact that the Court entered such order even though, as well documented in the record, these Plaintiffs have engaged in the following egregious and unaddressed conduct during this case:

---

[1] During the March 8 motions hearing, Plaintiffs' counsel tried to back off that suggestion, claiming they never accused SE&F of wrongdoing. Plaintiffs' counsel need to read what they file, for that is exactly what they did.

2

➢ Plaintiff Niemi verified the Complaint and Amended Complaint under penalty of perjury, and both of those verifications contained materially false representations. For instance, Niemi falsely attested in Paragraph 93 of the Verified Complaint, and in Paragraph 94 of the Verified Amended Complaint, that "[t]he Loan Agreement identifies Niemi as Borrower and Guarantor, Prosperity as Lender, and Innovatis as Beneficiary." In fact, the Loan Agreement identifies the Borrower as Azco LLC and Azco II LLC, and the Guarantor is Mesatex, LLC; the only time Niemi's name appears is when he signed on behalf of the Azco entities as Managing Member.

➢ Plaintiffs took the position in this Court that Section 10.6 of the Loan Agreement is unenforceable, yet have taken the position in the Tenth Circuit (of course without telling this Court) that the Tenth Circuit should apply the New York choice of law provision in Section 10.6.

➢ Niemi filed a Declaration in this Court (again under penalty of perjury) stating that Azco LLC, Azco II LLC, and Mesatex LLC were not in good standing with the Colorado Secretary of State when the alleged oral assignment of claims took place. Plaintiffs were attempting to convince this Court that because the Azco entities supposedly were no longer in existence, they were unable to pursue the claims being asserted by Plaintiffs. In fact, all three of those entities were in good standing in August 2010 when the supposed oral

assignment allegedly occurred, none of those entities are dissolved, and Azco II remains in good standing today.

➤ Plaintiffs testified during the preliminary injunction hearing that the Breckenridge project was in great shape at the time they entered into the Loan Agreement at issue here. At no time did Plaintiffs tell this Court that, as Judge Doty found in *Weiner v. Naegele*, Civil No. 11-855(DSD/AJB), 2012 WL 2906299, at *2 (D. Minn. July 16, 2012),

as early as April 2, 2009 [over two months before Plaintiffs claim in this case to have been introduced to Burgess and his company Prosperity International, LLC], Minnesota counsel told Weiner and Naegele that the Breckenridge project "is in significant trouble" and that "Niemi is scrambling to keep the creditors back."

The filings and record in this case also demonstrate that Plaintiffs concealed this information from Mr. Lasshofer.

➤ Right out of the box Plaintiffs falsely represented that service of process by Federal Express was not prohibited by Austrian law. The Court relied on this false representation, and the concomitant jurisdiction it thought it obtained as a result, in proceeding with the preliminary injunction hearing. However, we have provided the Court with a declaration from an Austrian Supreme Court Justice, a July 3, 2012, letter from the Austrian Federal Ministry For European And Austrian Affairs, and *Baker Hughes Inc. v. Homa*, No. H-11-3757, 2012 WL 1551727, at *16-17 (S.D. Tex. Apr. 30, 2012), all of which demonstrate that Plaintiffs deceived the Court about this issue.

It was erroneous for the Court to order SE&F to produce attorney-client privileged information to it for *in camera* review, particularly in the absence of factual findings to support such extraordinary relief.   Nevertheless, because such documents prove that Plaintiffs never had a legitimate basis for making this scandalous accusation, we are producing such documents for *in camera* review without waiver of the objections to the March 8 Order.   The undersigned attests that he has reviewed the SE&F files and is producing those documents in the possession of SE&F and requested by Plaintiffs in Document No. 82, namely: i) documents reflecting receipt by Mr. Lasshofer or any of the Innovatis entities of any of the $2.18 million Plaintiffs claim they sent Burgess; and ii) documents bearing on the ability or inability of Mr. Lasshofer and the Innovatis entities to comply with the repatriation order.[2]   Again, these documents are being provided to the Court for *in camera* inspection only, and Mr. Lasshofer and the Innovatis entities object to the production of any of this attorney-client privileged information to Plaintiffs.   If the Court is inclined at any point to share any of these documents with Plaintiffs or Plaintiffs' counsel, then Mr. Lasshofer and the Innovatis entities respectfully request ten (10) days' advance notice so that they can pursue appropriate relief.

Finally, because the documents provided to the Court demonstrate that Plaintiffs never had a legitimate basis to accuse Mr. Lasshofer, the Innovatis entities and/or SE&F of engaging in conduct that would fall within the crime-fraud exception to the attorney-client privilege, Mr. Lasshofer and the Innovatis entites respectfully request that the Court sanction

[2] Numerous conference calls also have occurred between SE&F, Mr. Lasshofer, Ms. Gsöls, and Swiss and Austrian counsel for Mr. Lasshofer and the Innovatis entities.

Plaintiffs and order them to pay the attorneys' fees and costs incurred for SE&F to search its files, produce the documents and prepare this Notice.

Dated: March 20, 2013.                    Respectfully submitted,

                                          *s/Kevin D. Evans*

                              By:         _____

                                          Kevin D. Evans
                                          Phillip L. Douglass
                                          STEESE, EVANS & FRANKEL, P.C.
                                          6400 S. Fiddlers Green Circle
                                          Suite 1820
                                          Denver, Colorado 80111
                                          Telephone:    720.200.0676
                                          Facsimile:    720.200.0679
                                          Email: kdevans@s-elaw.com
                                                 pdouglass@s-elaw.com

                                          Attorneys for Defendants
                                          ERWIN LASSHOFER, INNOVATIS GmbH,
                                          INNOVATIS IMMOBILIEN GmbH, and
                                          INNOVATIS ASSET MANAGEMENT, S.A.

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2013, I caused the foregoing **NOTICE BY STEESE, EVANS & FRANKEL, P.C. OF COMPLIANCE WITH COURT'S MARCH 8, 2013, ORDER REGARDING DOC. NO. 82** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Robert N. Miller
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone:     303.291.2300
Facsimile:      303.291.2400
Email: rmiller@perkinscoie.com
           sdunn@perkinscoie.com

Christopher W. Madel
Bruce D. Manning
Aaron R. Thom
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:     612.349.8500
Facsimile:      612.339.4181
Email: cwmadel@rkmc.com
           bdmanning@rkmc.com
           leschrero@rkmc.com

*s/Theresa Baksay*
_____
Theresa Baksay