**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**Honorable R. Brooke Jackson**

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

Defendants.

---

**SUBMISSION OF MR. LASSHOFER AND THE INNOVATIS DEFENDANTS IN CONNECTION WITH SHOW CAUSE HEARING AND IN OPPOSITION TO FINDING OF CONTEMPT**

---

Defendants Erwin Lasshofer ("Mr. Lasshofer"), and Innovatis GmbH, Innovatis Immobilien GmbH and Innovatis Asset Management, S.A. (collectively, the "Innovatis entities"), by their undersigned attorneys, make this Submission in advance of the March 26, 2013 hearing.

## INTRODUCTION

The Court should not hold Mr. Lasshofer or the Innovatis entities in contempt, and should vacate the show cause hearing, because (1) for the reasons set forth in the Motion By Mr. Lasshofer And The Innovatis Defendants Pursuant To FED. R. CIV. P. 12(h)(3) Regarding Lack Of Standing And Subject Matter Jurisdiction, And Request To Dismiss Case [Doc. No. 171; filed 3/15/2013] ("Motion Regarding Lack Of Standing And Subject Matter Jurisdiction") and Response Of Mr. Lasshofer And The Innovatis Defendants, Pursuant To Special Appearance, To Plaintiffs' Motion For Limited Discovery [Doc. No. 162; filed 2/19/2013] ("Response To Motion For Limited Discovery"), which are incorporated herein by reference pursuant to FED. R. CIV. P. 10(c), Plaintiffs lack standing and the Court lacks subject matter jurisdiction; (2) the issue of Plaintiffs' standing (as well as the propriety of the underlying Preliminary Injunction Order) is on appeal before the Tenth Circuit, and is anticipated to be decided presently; (3) Plaintiffs' assertions before the Tenth Circuit (which are at odds with positions taken before this Court) are inconsistent with a suggestion that Mr. Lasshofer and the Innovatis entities are in contempt; (4) Mr. Lasshofer and the Innovatis entities have produced sufficient evidence of their inability to comply with the order to transfer $2.18 million to Colorado, making an order of contempt improper; and (5) the record fails to demonstrate Mr. Lasshofer's and the Innovatis entities' noncompliance regarding the Credit Suisse account.

## ARGUMENT

### I. THE COURT LACKS SUBJECT MATTER JURISDICTION TO RULE ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

"[S]ubject matter jurisdiction must attach before the court may exercise its equitable powers." *Knopp v. Magaw*, 9 F.3d 1478, 1479-80 (10th Cir. 1993). Mr. Lasshofer and the Innovatis entities demonstrate in their Motion Regarding Lack Of Standing And Subject Matter Jurisdiction and the Response To Motion For Limited Discovery that Plaintiffs lack standing and the Court does not have subject matter jurisdiction. " 'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' " *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1168 (10th Cir. 2004) (quoting *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Indeed, should the Court find Mr. Lasshofer and the Innovatis entities in contempt, that finding would be void. *Williams v. Life Sav. And Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (An order or judgment of the court is "void when a court enters it lacking subject matter jurisdiction."). *See also Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 376 (10th Cir. 1996) ("However, the right to this remedial relief for violation of an injunction or temporary restraining order falls with an injunction or temporary restraining order 'which events prove was erroneously issued, . . . and a fortiori when the injunction or restraining order was beyond the jurisdiction of the court.' *United States v. United Mine Workers of America*, 330 U.S. 258, 295 . . . (1947) (citations omitted). . . . Stated more clearly, a claim for civil contempt

must fall if the order that was disobeyed is subsequently reversed by the issuing court or the appellate court, or if the issuance exceeded the power of the issuing court."); *Mann v. Calumet City, Illinois*, No. 08 CV 555, 2009 WL 395465, at *17 (N.D. Ill. Feb. 17, 2009) ("[B]ecause prudential standing is a prerequisite for standing, and standing is a prerequisite for subject matter jurisdiction, and MainStreet did not have prudential standing to challenge the Ordinance, Judge Shadur's preliminary injunction was invalid, as was the contempt order arising from its violation.").

Therefore, the Court should not conduct contempt proceedings, nor should it find Mr. Lasshofer or the Innovatis entities in contempt.

## II. In Light Of The Issues On Appeal Before The Tenth Circuit, It Is Appropriate For The Court To Exercise Judicial Restraint By Postponing Consideration And Decision Of The Contempt Issue

Even if the Court is inclined to proceed in this action while the issues of standing and subject matter jurisdiction prominently cloud it, the Court should exercise sound judicial restraint to forebear addressing or deciding the contempt issue at this time. "[A] district court may wish to defer the contempt proceeding, since the appropriateness of imposing a sanction for violation of an injunction is related to, although not necessarily determined by, the injunction's validity . . . ." *Chrysler Motors Corp. v. Int'l Union, Allied Indus. Workers of Am. AFL-CIO*, 909 F.2d 248, 250 (7th Cir. 1990). Postponing consideration and decision on the contempt issue is particularly appropriate here, given the nature of the issues before the Tenth Circuit. Mr. Lasshofer's and the Innovatis entities' appeal challenges both the Plaintiffs' standing (and thereby the Court's subject matter jurisdiction), and the Court's

authority to issue prejudgment injunctive relief on a claim for money damages in light of the Supreme Court's decision in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).

Oral argument was held, and the parties anticipate a ruling from the Tenth Circuit presently. A ruling favorable to Mr. Lasshofer and the Innovatis entities on either grounds not only will nullify the preliminary injunction order, it would nullify any order of contempt: "[A] claim for civil contempt must fall if the order that was disobeyed is subsequently reversed by the issuing court or the appellate court, or if its issuance exceeded the power of the issuing court." *Reliance Ins. Co.*, 84 F.3d at 376.

Given the posture of this case, therefore, it makes sense to await the Tenth Circuit's impending ruling before conducting proceedings on the alleged contempt.

## III. PLAINTIFFS' POSITION TAKEN BEFORE THE TENTH CIRCUIT (WHICH IS AT ODDS WITH THAT TAKEN BEFORE THIS COURT) IS INCONSISTENT WITH A FINDING OF CONTEMPT

While Plaintiffs have not apprised the Court about this development (yet another instance of lack of candor to the tribunal), the Court should take notice of Plaintiffs' position before the Tenth Circuit that is fundamentally inconsistent with their effort to hold Mr. Lasshofer and the Innovatis entities in contempt. Before the Tenth Circuit, Plaintiffs twice asked the Court to dismiss Mr. Lasshofer's and the Innovatis entities' appeal. Plaintiffs filed their second motion to dismiss on December 20, 2012, stating that ***"[t]he June 1, 2012 Preliminary Injunction Order against the Lasshofer Defendants, on appeal before this Court, is moot."*** Exhibit 2 (attached hereto), Motion Of John Niemi, Robert Naegele,

III, And Jesper Parnevik To Dismiss Appeal Of Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, And Innovatis Asset Management SA ("Motion To Dismiss") at 1 (emphasis added); *see also id.* at 13. Before the Tenth Circuit, Plaintiffs argued as accepted fact that "for all practical purposes, the non-appealable October 19 Preliminary Injunction Order [against Credit Suisse] grants Plaintiffs all relief afforded by the June 1 Order." *Id.* at 12. Why then are Plaintiffs pursuing contempt? Either Plaintiffs defrauded the Tenth Circuit in their motion to dismiss the appeal, or they are defrauding this Court (again) in pursuit of contempt.

In their reply brief in the Tenth Circuit, filed on January 10, 2013, Plaintiffs continued to argue that "the superseding October 19 Order, has mooted the June 1 Order." Exhibit 3 (attached hereto), Reply Of Appellees John Niemi, Robert Naegele, III, And Jesper Parnervik To Response Of Appellants Erwin Lasshofer, Innovatis, GmbH, Innovatis Immobilien, GmbH, and Innovatis Asset Management SA To Appellees' Motion To Dismiss Appellants' Appeal ("Reply Brief") at 1. They state: "In sum, neither party will be afforded any relief through this Court's 'affirming or reversing the preliminary injunction.' " Exhibit 3 at 2 (quoting *Rio Grande Silvery Minnow v. Keys,* 355 F.3d 1215, 1219 (10th Cir. 2004)).

The Tenth Circuit has not ruled on Plaintiffs' Motion To Dismiss; nor have Plaintiffs withdrawn it. Thus, Plaintiffs' position before the Tenth Circuit continues to be that the Preliminary Injunction Order on which they seek an order of contempt is moot. How can Mr. Lasshofer and the Innovatis entities be in contempt of a preliminary injunction that

Plaintiffs themselves contend is moot? They cannot. The Court should not sanction Plaintiffs' duplicity by entertaining contempt proceedings, much less holding Mr. Lasshofer and the Innovaties entities in contempt.

Moreover, given Plaintiffs' assorted and documented false verifications, false declaration, false testimony, false representation of law and attempt to persuade the Tenth Circuit to enforce the New York choice of law provision in Section 10.6 of the Loan Agreement after arguing before this Court that Section 10.6 is unenforceable, this Court should hold Plaintiffs to account for their effort to tell this Court one thing while telling the Tenth Circuit another. Parties who act so inequitably and without clean hands are not entitled to equitable relief. *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817 (5th Cir. 1989) (plaintiffs' failure to reveal important fact to court precluded right to equitable relief).

## IV. MR. LASSHOFER AND THE INNOVATIS ENTITIES HAVE PROVIDED EVIDENCE SUBSTANTIATING THEIR INABILITY TO TRANSFER $2.18 MILLION TO COLORADO

Pursuant to FED. R. CIV. P. 10(c), Mr. Lasshofer and the Innovatis entities incorporate herein by reference The Innovatis Defendants' Response In Opposition To Plaintiffs' Motion For Contempt And Sanctions ("Response To Motion For Contempt") [Doc. No. 110; filed 8/13/12]. The Response To Motion For Contempt includes the Declaration Of Erwin Lasshofer, attesting to the fact that Mr. Lasshofer and the Innovatis entities do not have the ability to transfer $2.18 million to Colorado. *See* Response To

Motion For Contempt, Exhibit 1 [Doc. No. 110-1; filed 8/13/12] at ¶¶ 2-9.[1] These facts establish that Mr. Lasshofer and the Innovatis entities are not in contempt.

## V. THE RECORD FAILS TO DEMONSTRATE NON-COMPLIANCE WITH RESPECT TO THE CREDIT SUISSE ACCOUNT

Plaintiffs have at every turn possible assumed a sky-is-falling mentality with respect to the $6.8 million sitting in a Swiss bank account. Most sensationally, Plaintiffs filed a motion to amend their complaint, served it on Credit Suisse, AG (without leave of Court), and sought and obtained a temporary restraining order and preliminary injunction order against Credit Suisse. The premise of this activity was that restraint on the funds in the Credit Suisse account was being lifted by the Department of Justice and the Middle District of Florida; therefore, unless this Court enjoined Credit Suisse, Mr. Lasshofer and the Innovotis entities would immediately remove and hide the funds.

Plaintiffs made similar false accusations before the Tenth Circuit, asking the Tenth Circuit to declare Mr. Lasshofer and the Innovatis entities to be fugitives. In response, Mr. Lasshofer and the Innovatis entities described the chronology surrounding the Credit Suisse account and established that ***if Mr. Lasshofer and the Innovatis entities held the district court in contempt, the funds in the Credit Suisse account would have been moved***

[1] Based on Plaintiffs' dishonest procedural objection, Mr. Lasshofer submitted a second declaration in conjunction with The Innovatis Defendants' Response To Plaintiffs' Motion To Compel Nominal Defendant Credit Suisse AG And The Lasshofer Defendants To Answer Question ("Response To Motion To Compel Answer") [Doc. No. 117; filed 8/27/12]. Pursuant to FED. R. CIV. P. 10(c), Mr. Lasshofer and the Innovatis entities incorporate herein by reference the Response To Motion To Compel Answer. In this second declaration, Mr. Lasshofer attests to the same facts as in his first declaration. *See* Response To Motion To Compel Answer, Exhibit 1 [Doc. No. 117-1; filed 8/27/12] at ¶¶ 2-9.

***between July 27 and July 30, 2012.*** *See* Exhibit 1 (attached hereto), Response Brief Of Appellants Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, and Innovatis Asset Management, S.A. To Motion To Dismiss Appeal ("Response To Motion To Dismiss Appeal") at 5-7. They were not. *See id.*

## CONCLUSION

For the foregoing reasons, Mr. Lasshofer and the Innovatis entities respectfully request that the Court vacate the show cause hearing set for March 26, 2013. If the Court proceeds with that hearing, the Court should find that neither Mr. Lasshofer nor the Innovatis entities are in contempt.

Dated: March 22, 2013.

Respectfully submitted,

By: *s/Kevin D. Evans*

Kevin D. Evans
Phillip L. Douglass
STEESE, EVANS & FRANKEL, P.C.
6400 S. Fiddlers Green Circle
Suite 1820
Denver, Colorado 80111
Telephone: 720.200.0676
Facsimile: 720.200.0679
Email: kdevans@s-elaw.com
pdouglass@s-elaw.com

Attorneys for Defendants
ERWIN LASSHOFER, INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH, and
INNOVATIS ASSET MANAGEMENT, S.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2013, I caused the foregoing **SUBMISSION OF MR. LASSHOFER AND THE INNOVATIS DEFENDANTS IN CONNECTION WITH SHOW CAUSE HEARING AND IN OPPOSITION TO FINDING OF CONTEMPT** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Robert N. Miller
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400
Email: rmiller@perkinscoie.com
sdunn@perkinscoie.com

Christopher W. Madel
Bruce D. Manning
Aaron R. Thom
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612.349.8500
Facsimile: 612.339.4181
Email: cwmadel@rkmc.com
bdmanning@rkmc.com
leschrero@rkmc.com

*s/Theresa Baksay*

Theresa Baksay