UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

    Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

    Defendants.

---

**SUBMISSION OF MR. LASSHOFER AND THE INNOVATIS DEFENDANTS IN CONNECTION WITH SHOW CAUSE HEARING AND IN OPPOSITION TO FINDING OF CONTEMPT**

Exhibit 1

Case No. 12-1233

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT

On Appeal from the United States District Court
for the District of Colorado

The Honorable R. Brooke Jackson, District Judge

RESPONSE BRIEF OF APPELLANTS ERWIN LASSHOFER, INNOVATIS
GmbH, INNOVATIS IMMOBILIEN GmbH, AND INNOVATIS ASSET
MANAGEMENT, S.A. TO THE MOTION TO DISMISS APPEAL

Respectfully submitted,
By:  Kevin D. Evans
     Phillip L. Douglass
     STEESE, EVANS & FRANKEL, P.C.
     6400 S. Fiddlers Green Circle
     Suite 1820
     Denver, Colorado 80111
     Telephone:  720.200.0676
     Facsimile:  720.200.0679

**Oral Argument Requested**

(6/1/2012 PI Order at 21-22, JA 907-08). Mr. Lasshofer and the Innovatis entities have not, as Plaintiffs assert, "entirely avoided" complying with the PI Order. (Plaintiffs' Motion at 16).

### A. Mr. Lasshofer And The Innovatis Entities Have Not Removed Funds From The Credit Suisse Account

On the day the PI Order entered, roughly $6.8 million was held in a Credit Suisse Account in the name of IAM. (*See* 5/25/2012 Prelim. Inj. Hearing Tr. at 150:11-14, JA 1645). That amount, plus some earned interest, remains in the Credit Suisse Account today. (*See, e.g.*, Attach. 2 hereto at ¶ 7). Mr. Lasshofer and the Innovatis entities have not removed a "cent" from the Account. They have not disregarded the PI Order or the district court's authority.

Before the PI Order entered, the Credit Suisse Account was frozen pursuant to the Mutual Legal Assistance Treaty with Switzerland in connection with criminal proceedings involving Burgess brought in the Middle District of Florida. The freeze resulted from false representations by Burgess that the Account contained proceeds of his fraud. (*See* Attach. 3 hereto at Ex. 2 ¶¶ 3-5).

On July 24, 2012, however, the United States Attorney for the Middle District of Florida advised the Department of Justice that "the United States wishes to withdraw its request to have the subject funds restrained." (*See* Attach. 4 hereto, 7/24/2012 letter from U.S. Attorney Robert E. O'Neill). The Government did this because it determined that Burgess had lied to it and that the Credit Suisse account in fact did not contain funds from Burgess' fraud. On July 27, 2012, the Swiss Federal Justice Authority directed

Credit Suisse to lift the freeze. (Attach. 5 hereto, 11/8/2012 Declaration Of Andreas Schwaighofer). On July 30, 2012, at Plaintiffs' behest, the district court entered a temporary restraining order enjoining Credit Suisse from "permitting the Innovatis Groups and Mr. Lasshofer from removing any money from the Credit Suisse accounts . . . ." (Attach. 6 hereto).[3] Even in that window between July 27 and July 30, 2012, Mr. Lasshofer and the Innovatis entities did not remove any funds. (*See, e.g.,* Attach. 2 hereto at ¶ 7). They did not disregard the PI Order or the district court's authority.

Further, far from avoiding the PI Order, on October 16, 2012, Mr. Lasshofer and the Innovatis entities alerted the district court to proceedings in Switzerland affecting the Credit Suisse Account. (*See* Attach. 7 hereto at 3:23 – 4:25). Specifically, they apprised the district court that at least one beneficial owner of funds in the Account (not Mr. Lasshofer or the Innovatis entities) obtained an Attachment Order pursuant to Swiss law. (*Id.* at 3:23 – 4:2). They also explained their understanding that under Swiss law, the Attachment Order took precedent over an order of a court of the United States, even one recognized by the Swiss Government; *i.e.*, funds could be removed by Swiss authorities despite the PI Order. (*Id.* at 4:2-6). These facts discredit Plaintiffs' accusation that Mr. Lasshofer and the Innovatis entities "have openly flouted the rule of law." (Plaintiffs' Motion at 2). If "they ignore" the PI Order, Mr. Lasshofer and the Innovatis entities would have removed the funds in July: they did not. If they were "contemptuous"

---

[3] Plaintiffs claim they were "forced to seek . . . additional injunctive relief against [Credit Suisse] to secure the relief contemplated by the June 1 Preliminary Injunction Order." (Plaintiffs' Motion at 5). This discussion belies that claim.

6

toward the district court, they would not have made the October disclosure: that disclosure was a sign of respect, not contempt, for the district court.[4]

### B. Plaintiffs Present No Basis To Challenge The Business Activities Of Mr. Lasshofer And The Innovatis Entities

Plaintiffs also complain that Mr. Lasshofer and the Innovatis entities ignore the PI Order because "they have continued their Austrian business operations as usual even after the District Court entered its TRO and June 1 Preliminary Injunction Order." (Plaintiffs' Motion at 4). The PI Order expressly allows Mr. Lasshofer and the Innovatis entities to continue operating their business. (*See* 6/1/2012 PI Order at 21-22, JA 907-08). Plaintiffs' citation to web pages discussing business operations hardly establishes grounds to dismiss the appeal, especially under the fugitive disentitlement doctrine. (Plaintiffs' Motion at 4).

### C. Mr. Lasshofer And The Innovatis Entities Do Not Have The Ability To Transfer $2.18 Million To Colorado

Plaintiffs repeatedly complain that Mr. Lasshofer and the Innovatis entities have failed to transfer $2.18 million to Colorado. (*See, e.g.,* Plaintiffs' Motion at 2, 4 & 11). The uncontroverted evidence of record, however, is that Mr. Lasshofer and the Innovatis entities do not have the money to transfer. (*See* Attach. E to Plaintiffs' Motion at ¶ 11).

---

[4] Indeed, as a result of this voluntary disclosure, the district court ordered Credit Suisse either to post bond in the amount of $6.8 million or provide assurance that it would not allow anyone to remove funds from the Account. (*See* Attach. D to Plaintiffs' Motion at 3). Rightly or wrongly under Swiss law, Credit Suisse provided the assurance. (*See* Attach. 8 hereto).

7

Dated: November 13, 2012.                Respectfully submitted,

                                  *s/Kevin D. Evans*
                        By: _____
                                  Kevin D. Evans
                                  Phillip L. Douglass
                                  STEESE, EVANS & FRANKEL, P.C.
                                  6400 S. Fiddlers Green Circle
                                  Suite 1820
                                  Denver, Colorado 80111
                                  Telephone:   720.200.0676
                                  Facsimile:   720.200.0679
                                  Email: kdevans@s-elaw.com
                                                pdouglass@s-elaw.com

                              Attorneys for Appellants
                              ERWIN LASSHOFER, INNOVATIS GmbH,
                              INNOVATIS IMMOBILIEN GmbH, and
                              INNOVATIS ASSET MANAGEMENT, S.A.