UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

      Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

      Defendants.

---

**SUBMISSION OF MR. LASSHOFER AND THE INNOVATIS DEFENDANTS IN CONNECTION WITH SHOW CAUSE HEARING AND IN OPPOSITION TO FINDING OF CONTEMPT**

Exhibit 2

Case No. 12-1233

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC,
BARRY FUNT, and
Nominal Defendant CREDIT SUISSE AG

On Appeal from the United States District Court
for the District of Colorado

The Honorable R. Brooke Jackson, District Judge

**MOTION OF JOHN NIEMI, ROBERT NAEGELE, III, AND JESPER PARNEVIK TO DISMISS APPEAL OF ERWIN LASSHOFER, INNOVATIS GmbH, INNOVATIS IMMOBILIEN GmbH, AND INNOVATIS ASSET MANAGEMENT SA**

RESPECTFULLY SUBMITTED,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P**
Christopher W. Madel
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612.349.8500

**PERKINS COIE LLP**
Robert N. Miller
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300

### STATEMENT OF COMPLIANCE WITH 10TH CIRCUIT RULE 27.2(B)(2)

There are no prior or related appeals.

### STATEMENT OF COMPLIANCE WITH 10TH CIRCUIT RULE 27.3(C)

During a call at 10:30 am CST on December 17, 2012, the Lasshofer Defendants' counsel informed Plaintiffs' counsel that the Lasshofer Defendants oppose the instant motion.

### INTRODUCTION

The June 1, 2012 Preliminary Injunction Order against the Lasshofer Defendants, on appeal before this Court, is moot. It has been superseded by a second Preliminary Injunction Order issued by the District Court on October 19, 2012 against Nominal Defendant Credit Suisse AG ("Credit Suisse"), and this October 19 Order is no longer appealable, as the thirty-day appeal deadline passed without either Credit Suisse or the Lasshofer Defendants noticing an appeal. The June 1 and October 19 Orders pertain to the same funds belonging to the Lasshofer Defendants. The Lasshofer Defendants' compliance with the June 1 Order, which has been entirely lacking to date, is now no longer necessary because Credit Suisse's compliance with the October 19 Order is the practical equivalent of the Lasshofer Defendants' compliance with the June 1 Order. As this Court can afford Plaintiffs no additional relief through its affirmance of the June 1 Order, this Order is moot. The Lasshofer Defendants' appeal, therefore, no longer satisfies the constitutional case-or-controversy requirement, and its resolution would be a waste of time and resources. Plaintiffs respectfully request that this Court dismiss as moot the Lasshofer Defendants' appeal.

An injunction is moot if, "for all practical purposes, none of the provisions of the injunction remain." *Rio Grande*, 355 F.3d at 1219. For two reasons, the June 1 Preliminary Injunction Order can no longer have any practical effect. As a consequence, it is moot.

*First*, for all practical purposes, the non-appealable October 19 Preliminary Injunction Order[2] grants Plaintiffs all relief afforded by the June 1 Order. The Lasshofer Defendants have led Plaintiffs and the District Court to believe that they possess no funds beyond "the $6.8 million in the Credit Suisse account." (*See* Resp. in Opp. to Mot. for Contempt and Sanctions at 6, Supp. App. 517 (stating that "[t]he *only* evidence in this case relating to funds in any bank account is the $6.8 million in the Credit Suisse account") (emphasis original).) All funds that the Lasshofer Defendants acknowledge possessing, therefore, are covered by the October 19 Order.

In addition to their word, the Lasshofer Defendants' actions indicate that they are not in possession of any funds not covered by the October 19 Order. The Lasshofer Defendants have argued that they are unable to comply with the Order requiring them to escrow funds in the District of Colorado. (*Id.* at 8.) The District of Colorado has recognized that "[i]nability to pay" means "*complete* financial inability to comply with an Order." *Bayview Loan Servicing, LLC v. Boland*, No. 08-cv-566-WDM-KLM, 2010 WL

---

[2] Because a preliminary injunction order is appealable subject to the requirements of Federal Rule of Appellate Procedure 4(a), Defendants' failure to notice an appeal of the October 19 Preliminary Injunction Order within the thirty-day time limit imposed by the Rule renders the Order non-appealable. *See Emann v. Latture*, 605 F.3d 830, 834 (10th Cir. 2010) (noting that "Fed. R. App. P. 4(a)'s thirty-day time limit for filing a notice of appeal in a civil case is a jurisdictional requirement").

4237796, at *4 (D. Colo. Aug. 26, 2010), *accepted by Bayview Loan Servicing, LLC v. Boland*, No. 08-cv-566-WDM-KLM, 2010 WL 4226441 (D. Colo. Oct. 18, 2010) (emphasis added). If the Lasshofer Defendants had any funds beyond this $6.8 million, they should have put these funds toward compliance long ago.

*Second*, the Lasshofer Defendants have demonstrated that they will not comply with the June 1 Preliminary Injunction Order. Though they have had over eight months to transfer some or all of the $6.8 million in the Innovatis Credit Suisse account, or at least seek permission to do so, they have transferred nothing and done nothing. Instead, they have argued that the Order requiring them to transfer funds simultaneously forbids them from making the transfer. (*See* 11/13/2012 Resp. to Mot. to Dismiss at 8.)

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court dismiss the Lasshofer Defendants' appeal as moot.

DATED this 20th day of December, 2012.

    Respectfully submitted,

    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
    *s/Christopher W. Madel*
    Christopher W. Madel
    2800 LaSalle Plaza
    800 LaSalle Avenue
    Minneapolis, MN 55402
    Telephone: 612.349.8500
    Facsimile: 612.339.4181
    cwmadel@rkmc.com

    And

**PERKINS COIE LLP**
*s/ Robert N. Miller*
Robert N. Miller
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400
rmiller@perkinscoie.com

ATTORNEYS FOR PLAINTIFFS