UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

      Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

      Defendants.

**SUBMISSION OF MR. LASSHOFER AND THE INNOVATIS DEFENDANTS IN CONNECTION WITH SHOW CAUSE HEARING AND IN OPPOSITION TO FINDING OF CONTEMPT**

Exhibit 3

Case No. 12-1233

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC,
BARRY FUNT, and
Nominal Defendant CREDIT SUISSE AG

On Appeal from the United States District Court
for the District of Colorado

The Honorable R. Brooke Jackson, District Judge

REPLY OF APPELLEES JOHN NIEMI, ROBERT NAEGELE, III, AND JESPER
PARNEVIK TO RESPONSE OF APPELLANTS ERWIN LASSHOFER,
INNOVATIS GmbH, INNOVATIS IMMOBILIEN GmbH, AND INNOVATIS
ASSET MANAGEMENT SA TO APPELLEES' MOTION TO DISMISS
APPELLANTS' APPEAL

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| **ROBINS, KAPLAN, MILLER & CIRESI L.L.P** | **PERKINS COIE LLP** |
| Christopher W. Madel | Robert N. Miller |
| 2800 LaSalle Plaza | 1900 Sixteenth Street, Suite 1400 |
| 800 LaSalle Avenue | Denver, CO 80202-5255 |
| Minneapolis, MN 55402 | Telephone: 303.291.2300 |
| Telephone: 612.349.8500 | |

## INTRODUCTION

Through their noncompliance, the Lasshofer Defendants awarded themselves the stay of the June 1 Preliminary Injunction Order ("June 1 Order") that both this Court and the District Court denied. Plaintiffs sought and obtained superseding, alternative relief in the form of the October 19 Preliminary Injunction Order ("October 19 Order"), which the Lasshofer Defendants failed to appeal. The Lasshofer Defendants' noncompliance, coupled with the superseding October 19 Order, has mooted the June 1 Order. By extension, the Lasshofer Defendants' appeal of the June 1 Order is also moot. All four arguments that the Lasshofer Defendants make in their response[1] to Plaintiffs' motion to dismiss their appeal as moot fail.

*First*, the Lasshofer Defendants argue that their appeal is not moot because reversal of the June 1 Order would impact the later-issued and superseding October 19 Order. (Response at 7.) The Lasshofer Defendants are incorrect. The two injunctions are unrelated and have distinct factual and legal bases.

*Second*, the Lasshofer Defendants argue that the June 1 Order is not moot because its "strictures" extend beyond those of the October 19 Order. (*Id.* at 10.) The Lasshofer Defendants, however, are unable to identify any assets that are covered by the June 1 Order but not the October 19 Order. To the extent such assets exist, moreover, the Lasshofer Defendants should have already transferred them to Colorado, as required by

---

[1] The Lasshofer Defendants filed their response to Plaintiffs' motion to dismiss appeal as moot after the time for responding had expired. *See* 10th Cir. R. 27.2(A)(4) (requiring that response to motion to dismiss be filed within 14 days after motion is served). Nevertheless, Plaintiffs submit this reply should this Court decide to consider the Lasshofer Defendants' response.

1

the District Court's Orders. The Lasshofer Defendants' argument not only fails to defeat mootness but also highlights the Lasshofer Defendants' contempt.

*Third*, the Lasshofer Defendants argue that the appeal is not moot because their noncompliance with the June 1 Order will be excused if this Court reverses the June 1 Order. (*Id.* at 9-10.) The Lasshofer Defendants are incorrect as a matter of law. The Lasshofer Defendants' failure to comply with the June 1 Order would be contemptuous even if the Order were reversed on appeal.

*Fourth*, the Lasshofer Defendants argue that their appeal is not moot because, in the event the June 1 Order is reversed, the Lasshofer Defendants may seek to recover for harm caused by the June 1 Order. (*Id.* at 11-12.) The Lasshofer Defendants fail, however, to substantiate or even explain their allegations of harm. What is more, if the Lasshofer Defendants possess assets or funds capable of being harmed, they should have transferred these assets or funds to Colorado long ago. Again, the Lasshofer Defendants highlight their contempt.

In sum, neither party will be afforded any relief through this Court's "affirming or reversing the preliminary injunction." *Rio Grande Silvery Minnow v. Keys*, 355 F.3d 1215, 1219 (10th Cir. 2004). The June 1 Order is accordingly moot, as is the Lasshofer Defendants' appeal.

DATED this 10th day of January, 2013.

                                                       Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
*s/Christopher W. Madel*
Christopher W. Madel
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612.349.8500
Facsimile: 612.339.4181
cwmadel@rkmc.com

And

**PERKINS COIE LLP**
Robert N. Miller
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400
rmiller@perkinscoie.com

ATTORNEYS FOR PLAINTIFFS