UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

        Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

        Defendants.

---

## RESPONSE AND OBJECTIONS OF MR. LASSHOFER AND THE INNOVATIS ENTITIES TO PLAINTIFFS' DISCOVERY REQUESTS

---

Defendants Erwin Lasshofer ("Mr. Lasshofer"), and Innovatis GmbH, Innovatis Immobilien GmbH and Innovatis Asset Management, S.A. (collectively, the "Innovatis entities"), by their undersigned attorneys, submit this Response And Objections Of Mr. Lasshofer And The Innovatis Entities To Plaintiffs Discovery Requests.

## INTRODUCTION

Mr. Lasshofer and the Innovatis entities recognize that the Court controls the order and timing of discovery and that, at this juncture, it is inconsequential that the discovery Plaintiffs have propounded otherwise violates the FEDERAL RULES OF CIVIL PROCEDURE and an earlier ruling of the Court.   Accordingly, Mr. Lasshofer and the Innovatis entities respond and object to Plaintiffs' discovery requests as follows:

## GENERAL OBJECTIONS TO ALL DISCOVERY REQUESTS

Pursuant to FED. R. CIV. P. 10(c), Mr. Lasshofer and the Innovatis entities incorporate herein by reference the Motion By Mr. Lasshofer And The Innovatis Defendants Pursuant To FED. R. CIV. P. 12(h)(3) Regarding Lack Of Standing And Subject Matter Jurisdiction, And Request To Dismiss Case [Doc. No. 171; filed 3/15/2013] ("Motion Regarding Lack Of Standing And Subject Matter Jurisdiction") and Response Of Mr. Lasshofer And The Innovatis Defendants, Pursuant To Special Appearance, To Plaintiffs' Motion For Limited Discovery [Doc. No. 162; filed 2/19/2013] ("Response To Motion For Limited Discovery").   Mr. Lasshofer and the Innovatis entities demonstrate in their Motion Regarding Lack Of Standing And Subject Matter Jurisdiction and the Response To Motion For Limited Discovery that Plaintiffs lack standing and the Court does not have subject matter jurisdiction.   " 'Without jurisdiction the court cannot proceed at all in any cause.   Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' " *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1168 (10th Cir. 2004) (quoting

2

*Ex Parte McCardle,* 74 U.S. (7 Wall.) 506, 514 (1868)).   Therefore, Mr. Lasshofer and the

Innovatis entities object to each and every one of Plaintiffs' discovery requests on grounds

that propounding discovery in a case in which Plaintiffs do not have standing and the Court

does not have subject matter jurisdiction is improper and outside the jurisdictional authority

of the Court.

Regarding requests for "all" documents, "all" information, "each" document and the

like, such discovery requests are improper.   *See, e.g., Regan-Touhy v. Walgreen Co.,* 526 F.3d 641,

649 (10th Cir. 2008) (citation and internal quotation marks omitted) (a court should "prevent

indiscriminate, overly broad, or unduly burdensome demands . . . such as those for all

documents relating or referring to a . . . claim"); *Horizon Holdings, LLC. v. Genmar Holdings,*

*Inc.,* 209 F.R.D. 208, 215 (D. Kan. 2002) (finding that requests for "any and all" documents

were "overly broad, vague and ambiguous on their face"); *Hilt v. SFC Inc.,* 170 F.R.D. 182,

186-87 (D. Kan. 1997) ("Whatever may be said for the virtues of discovery and liberality of

the federal rules, which perhaps all courts recognize, there comes at some point a reasonable

limit against indiscriminately hurling [discovery] at every conceivable detail and fact which

may relate to a case.").

## OBJECTIONS AND RESPONSES TO DISCOVERY

I.   **DISCOVERY REQUESTS CONTAINED IN PLAINTIFFS' MOTION TO COMPEL DISCOVERY OR FOR *IN CAMERA* REVIEW OF DOCUMENTS [DOC. NO. 82; FILED 7/23/12]**

1.   "[T]he communication and all related communications put in issue in ¶¶ 11-13

of the motion to withdraw (Dkt. 77)."

**Objection:**   Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.   In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this request to the extent that it calls for production to Plaintiffs of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.   Mr. Lasshofer and the Innovatis entities also object to Plaintiffs use of the phrase "put in issue."   Mr. Lasshofer and the Innovatis entities should not be required to ascertain whether a "communication" has been "put in issue" from Plaintiffs' perspective; therefore, the request is vague and ambiguous.

2.   "[F]or *in camera* review (A) all attorney-client communications relating to obligations imposed on the Lasshofer Defendants by orders of this Court and the Lasshofer Defendants' (non)compliance with the same; and (B) all attorney-client communications relating to the Lasshofer Defendants' litigation strategy of filing pleadings with this Court for the purpose of prejudicing foreign courts against Plaintiffs' case."

**Objection And Response:**   Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.   Notwithstanding these General Objections, and without waiver thereof, Mr. Lasshofer and the Innovatis entities have provided to the Court for *in camera* inspection those documents ordered by the Court on March 8, 2013.

4

II.   PLAINTIFFS' FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:**   For each person holding any asset for the benefit, or on behalf, of Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, or Innovatis Asset Management SA:

   a.  describe the asset; and

   b.  state where the asset is located;

   c.  identify each document relating to the asset.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.   In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this interrogatory to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.   Mr. Lasshofer and the Innovatis entities also object to the extent this interrogatory calls for the disclosures of information that is confidential, propriety, or a trade secret, and because this interrogatory is overly broad and unduly burdensome in that it calls for the identification of "each document relating to [an] asset."

**Interrogatory No. 2:**   For each contract to which Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, or Innovatis Asset Management SA was party between April 17, 2012 and the present:

   a.  describe the contract; and

   b.  identify each document relating to the contract.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.  In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this interrogatory to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Mr. Lasshofer and the Innovatis entities also object to the extent this interrogatory calls for the disclosure of information that is confidential, propriety, or a trade secret, and because this interrogatory is overly broad and unduly burdensome in that it calls for the identification of "each contract" and "each document" relating to "each contract."

**Interrogatory No. 3:**  For each communication between Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, or Innovatis Asset Management SA and any Plaintiff:

    a.   describe the communication;

    b.   identify each document relating to the communication.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.  In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this interrogatory to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

**Interrogatory No. 4:**   For each asset held by, for the benefit of, or on behalf of, Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, or Innovatis Asset Management SA:

    a.  describe the asset;

    b.  state where the asset is located; and

    c.  identify each document relating to the asset.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.   In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this interrogatory to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.   Mr. Lasshofer and the Innovatis entities also object to this interrogatory because it is premature, to the extent that it calls for the disclosure of information that is confidential, propriety, or a trade secret, and because this interrogatory is overly broad and unduly burdensome in that it calls for the identification of "each document relating to [an] asset."

**Interrogatory No. 5:**   For each communication between Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, or Innovatis Asset Management SA and any person relating to Plaintiffs, Plaintiffs' Colorado real estate project, or any person involved with Plaintiffs' Colorado real estate project:

    a.  identify the person making the communication;

b.  identify the person or persons to whom the communication was made;

c.  state when the communication was made;

d.  describe the communication;

e.  identify each document relating to the communication.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.  In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this interrogatory to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.   Mr. Lasshofer and the Innovatis entities also object to this interrogatory on the grounds that the reference to "Plaintiffs' Colorado real estate project" is vague, ambiguous, and factually inaccurate.

**Interrogatory No. 6:**  For each communication between Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, or Innovatis Asset Management SA and any person relating to Michael Frank Burgess, made on or after June 26, 2010:

a.  identify the person making the communication;

b.  identify the person or persons to whom the communication was made;

c.  state when the communication was made;

d.  describe the communication;

e.  identify each document relating to the communication.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action. In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this interrogatory to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

 **Interrogatory No. 7:** For each communication between Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, or Innovatis Asset Management SA and any person affiliated with Credit Suisse regarding Credit Suisse bank account number 0835-1128069-12, or any subaccounts associated with Credit Suisse bank account number 0835-1128069-12:

  a. identify the person making the communication;

  b. identify the person or persons to whom the communication was made;

  c. state when the communication was made;

  d. describe the communication;

  e. identify each document relating to the communication.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action. In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object on grounds that the interrogatory requests information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Lasshofer and the Innovatis entities also object to this interrogatory to the extent that it calls

for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Mr. Lasshofer and the Innovatis entities further object to the extent this interrogatory calls for the disclosure of information that is confidential, personal, propriety, or a trade secret, and because the disclosure would violate the rights of others under foreign law.

**Interrogatory No. 8:** For each communication between Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, or Innovatis Asset Management SA and any United States Government employee or representative relating to any asset held by, for the benefit of, or on behalf of, Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, or Innovatis Asset Management SA:

    a.  identify the person making the communication;

    b.  identify the person or persons to whom the communication was made;

    c.  state when the communication was made;

    d.  describe the communication;

    e.  identify each document relating to the communication.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action. In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this interrogatory because it is premature and to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

**Interrogatory No. 9:**  For each action taken by Erwin Lasshofer to fund, purport to fund, prepare to fund, or purport to prepare to fund, Plaintiffs' Colorado real estate project:

a.  describe the action;

b.  identify each document related to the action

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.  In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this interrogatory to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.   Mr. Lasshofer and the Innovatis entities also object to this interrogatory on the grounds that the reference to "Plaintiffs' Colorado real estate project" is vague, ambiguous, and factually inaccurate.

**Interrogatory No. 10:**   For each action taken by Jean-Pierre Sorichilli to fund, purport to fund, prepare to fund, or purport to prepare to fund, Plaintiffs' Colorado real estate project:

a.  describe the action;

b.  identify each document requesting, authorizing, or otherwise related to the action.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.  In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this interrogatory to the extent that it calls for the disclosure of

information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.   Mr. Lasshofer and the Innovatis entities also object to this interrogatory on the grounds that the reference to "Plaintiffs' Colorado real estate project" is vague, ambiguous, and factually inaccurate.

**Interrogatory No. 11:**  Identify any criminal, civil, or other judicial or administrative proceedings conducted anywhere in the world in which you have been a party, witness, or have had any other involvement from January 1, 2009 to the present.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.   In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this interrogatory on the grounds that it is overly broad and request information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

III.   **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Request No. 1:**  All documents that you identified, or should have identified, in responding to the foregoing interrogatories.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.   In addition to the General Objections, with respect to any interrogatory calling for the identification of a document, Mr. Lasshofer and the Innovatis

12

entities object to the production of those documents on the basis of the objections stated in the interrogatory.

**Request No. 2:**  All documents constituting or containing communications between Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, or Innovatis Asset Management SA and Michael Frank Burgess relating to Plaintiffs' Colorado real estate project.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.  In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Mr. Lasshofer and the Innovatis entities also object to this request on the grounds that the reference to "Plaintiffs' Colorado real estate project" is vague, ambiguous, and factually inaccurate.

**Request No. 3:**  All documents constituting or containing communications between or among Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, Innovatis Asset Management SA, or any persons affiliated with the foregoing entities relating to Plaintiffs' Colorado real estate project.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.  In addition to the General Objections, Mr. Lasshofer and the

13

Innovatis entities object to this request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Mr. Lasshofer and the Innovatis entities also object to this request on the grounds that the reference to "Plaintiffs' Colorado real estate project" is vague, ambiguous, and factually inaccurate.

**Request No. 4:** All documents constituting or containing communications between Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, Innovatis Asset Management SA and Jean-Pierre Sorichilli relating to Plaintiffs' Colorado real estate project.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.  In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Mr. Lasshofer and the Innovatis entities also object to this request on the grounds that the reference to "Plaintiffs' Colorado real estate project" is vague, ambiguous, and factually inaccurate.

**Request No. 5:**  To the extent they are not required to be produced under the foregoing request for production of documents, any documents in the possession, custody, or control of Erwin Lasshofer, Innovatis GmbH, or Innovatis Asset Management SA relating to Plaintiffs' Colorado real estate project.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.  In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this request because requests such as this are grossly overbroad and to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Mr. Lasshofer and the Innovatis entities also object to this request on the grounds that the reference to "Plaintiffs' Colorado real estate project" is vague, ambiguous, and factually inaccurate.

## IV.  DISCOVERY REQUESTS CONTAINED IN PLAINTIFFS' MOTION FOR LIMITED DISCOVERY [DOC. NO. 159; FILED 1/28/13]

1.      All documents constituting or containing any reference to any receipt of money from any Plaintiff in his individual capacity.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.  In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this request to the extent that it calls for production to Plaintiffs of documents protected from disclosures by the attorney-client privilege and/or the attorney work product doctrine.

2.      All documents relating to what the Lasshofer Defendants did with the money provided by Plaintiffs, including, but not limited to, payments to Burgess, attorneys, and other expenditures.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action. In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this request to the extent that it calls for production to Plaintiffs of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Mr. Lasshofer and the Innovatis entities also object to this request on the grounds that it is based upon a false premise.

3.    All documents constituting or containing any communications with any Plaintiffs, including, but not limited to, emails with John Niemi in his individual capacity.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action.

4.    All documents referencing John Niemi, Bob Naegele, or Jesper Parnevik, excluding any documents filed in connection with this lawsuit.

**Objection:** Mr. Lasshofer and the Innovatis entities incorporate herein their General Objections, including that Plaintiffs lack standing and the Court lacks subject matter jurisdiction in this action. In addition to the General Objections, Mr. Lasshofer and the Innovatis entities object to this request to the extent that it calls for production to Plaintiffs of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

16

Dated: March 22, 2013.          Respectfully submitted,

                                By:  _____
                                     Kevin D. Evans
                                     Philip L. Douglass
                                     STEESE, EVANS & FRANKEL, P.C.
                                     6400 S. Fiddlers Green Circle
                                     Suite 1820
                                     Denver, Colorado 80111
                                     Telephone:   720.200.0676
                                     Facsimile:   720.200.0679
                                     Email: kdevans@s-elaw.com
                                              pdouglass@s-elaw.com

                                Attorneys for Defendants
                                ERWIN LASSHOFER, INNOVATIS GmbH,
                                INNOVATIS IMMOBILIEN GmbH, and
                                INNOVATIS ASSET MANAGEMENT, S.A.

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2013, I caused the foregoing **RESPONSE AND OBJECTIONS OF MR. LASSHOFER AND THE INNOVATIS ENTITIES TO PLAINTIFFS' DISCOVERY REQUESTS** to be served via email and First Class Mail to the following attorneys of record:

Robert N. Miller
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone:     303.291.2300
Facsimile:     303.291.2400
Email: rmiller@perkinscoie.com
          sdunn@perkinscoie.com

Christopher W. Madel
Bruce D. Manning
Aaron R. Thom
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:     612.349.8500
Facsimile:     612.339.4181
Email: cwmadel@rkmc.com
          bdmanning@rkmc.com
          leschrero@rkmc.com

Theresa Baksay