IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-00869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK

     Plaintiffs,
v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER
INNOVATIS GMBH,
INNOVATIS IMMOBILIEN GMBH,
INNOVATIS ASSET MANAGEMENT SA,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

     Defendants,

CREDIT SUISSE A.G.,

     Nominal Defendant.

# ORDER

     This case is once again before the Court on motions, this time plaintiffs' motions for entry of default [#190] and for entry of default judgment [#191] against defendants Erwin Lasshofer, Innovatis GMBH, Innovatis Immobilien GMBH, and Innovatis Asset Management SA. Collectively this group of defendants has been referred to as the "Lasshofer Defendants" and sometimes as the "Innovatis Defendants." No response has been filed, nor is a response yet due, but for reasons explained herein, the Court has no need to await a response.

     The history of this case is already long and complex, but for present purposes I will refer only to portions of it. On June 1, 2012, following briefing and a hearing, the Court granted a

preliminary injunction in favor of the plaintiffs and against the Lasshofer Defendants. The Court ordered, among other things, that the Lasshofer Defendants place and maintain the sum of $2,180,000 in an escrow account within the State of Colorado. The Court specified that the funds could be deposited in a federally insured financial institution or in the trust account of the Lasshofer Defendants' counsel or in the registry of the Court. As a condition of this injunctive relief the Court ordered the plaintiffs to post a bond on terms specified. The plaintiffs complied. The Lasshofer Defendants filed a motion to suspend the preliminary injunction order pending an appeal, which the Court denied. The Lasshofer Defendants did not thereafter comply with the order regarding the escrow funds. Whether they have complied with any other part of the injunction order is unknown to the Court but, based on the attitude they have displayed throughout the case, I would doubt it.

      The Lasshofer defendants did proceed with their appeal, and the parties have advised the Court that the appeal has been briefed and argued and is awaiting decision. Meanwhile, motions continued to be filed and hearings requested in this Court. I will skip ahead to hearings held on March 8 and March 26, 2013. In scheduling those hearings and issuing certain rulings the Court recognized that the Court generally retains jurisdiction to act on the case while an appeal of the grant of a preliminary injunction is pending. *State of Colorado v. Idarado Mineral Co.,* 916 F.2d 1486, 1490 n.2 (10th Cir. 1990). The court may address the merits of the case. *Pinson v. Pacheco,* 424 F. App'x 749, 754 (10th Cir. 2011). The court probably may not alter or dissolve the injunction except to maintain the status quo pending the appeal. *See Fairchild Semiconductor Corp. v. Third Dimension,* 2009 WL 790105, at * (Fed. Cir. March 25, 2009). However, I am satisfied that the district court does have authority to enforce its injunction order while the appeal is pending unless a stay is granted.

At the March 8, 2013 hearing this Court, among other things, denied plaintiffs' motion for entry of a default against the Lasshofer Defendants. The Court noted that they had filed a motion to dismiss for lack of personal jurisdiction, notwithstanding that the Court had previously ruled on personal jurisdiction, and the Court found that this technically meant that they were not in default. The Court denied the jurisdictional motion and set a deadline of March 22, 2013 for a response to the complaint. The Court warned the Lasshofer Defendants that it would hold them in default if they did not respond. The Court also ordered the Lasshofer Defendants to show cause as to why they should not be held in contempt for failure to place the $2,180,000 in escrow in Colorado as the Court had ordered on June 1, 2012. A show cause hearing was set for March 26, 2013.

On March 26, 2013 the Court found the Lasshofer Defendants to be in contempt of the Court's order of June 1, 2012. The Court granted them two additional weeks, through April 9, 2013, to place the funds in an escrow account as ordered. The Court warned them that if they refused to comply, the Court would impose as a sanction against the Lasshofer Defendants, including Mr. Lasshofer personally, a fine of $10,000 a day until they comply. During the same hearing the Court denied the Lasshofer Defendants' motion to dismiss the case for lack of subject matter jurisdiction and expressly found that it does have subject matter jurisdiction notwithstanding the Lasshofer Defendants' argument (which they first advanced on appeal and their motion for a stay pending appeal) that a no-assignment clause in the Loan Agreement divested the Court of jurisdiction. The Court also set a trial date which was subsequently reset to begin on August 5, 2013.

On April 3, 2013 the plaintiffs and the Lasshofer defendants, through their respective counsel, filed what they called a "Joint Fed. R. Civ. P. 26(f) by Plaintiffs and Mr. Lasshofer and

3

the Innovatis Defendants" [#188]. The Lasshofer Defendants announced in this document that "Mr. Lasshofer and the Innovatis Defendants will not devote any more resources to this lawsuit at the District Court level. Consequently, Mr. Lasshofer and the Innovatis Defendants will not be filing an answer to Plaintiffs' Amended Complaint and they will not be participating in discovery." Suffice it to say that this was a first in this Court's experience.

It may be that going "all in" with their appeal will prove to have been a smart move. Until the Lasshofer Defendants triumph in the Circuit, however, this case will proceed.

**Order**

Accordingly, the Court orders as follows:

1. The Lasshofer defendants, including Erwin Lasshofer personally, having been found to be in contempt of court, are sanctioned in the amount of $10,000 a day beginning April 10, 2013 and continuing until they comply with the Court's order that they place $2,180,000 in escrow in the State of Colorado, as originally ordered on June 1, 2012.

2. Because they have indicated that they will not answer the complaint or otherwise participate in the case henceforth at the district court level, motion #190 is GRANTED. The Court enters a default against the Lasshofer Defendants.

3. Plaintiffs may set an evidentiary hearing on Motion #191. The Court will need evidence regarding the amount requested, and regarding the pre-judgment interest requested, before it will enter a specific monetary judgment.

4. Post-judgment interest will run from the date of judgment calculated in accordance with 28 U.S.C. § 1961 once the monetary judgment is entered.

5. At the hearing on the monetary amount the Court will also hear argument and consider any evidence submitted regarding plaintiff's request that Credit Suisse be directed to transfer funds and assets it is holding for the benefit of, on behalf of, or in the name of any of the Lasshofer defendants to the registry of the Court in partial satisfaction of the judgment.

DATED this 12th day of April, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge