## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Honorable R. Brooke Jackson

Civil Action No.: 12-cv-00869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

      Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GMBH,
INNOVATIS IMMOBILIEN GMBH,
INNOVATIS ASSET MANAGEMENT SA,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

      Defendants,

CREDIT SUISSE A.G.,

      Nominal Defendant.

---

### CIVIL SCHEDULING ORDER

---

Pursuant to FED. R. CIV. P. 26(f) and D.C.COLO.LCivR 26.1(A), Plaintiffs submit the following written report outlining the discovery plan discussed by Plaintiffs and Credit Suisse AG ("Credit Suisse") at their April 4, 2013 FED. R. CIV. P. 26(f) conference. Plaintiffs sent a proposed joint discovery plan to counsel for Credit Suisse on April 5. Plaintiffs sent another version, using the form prescribed by D.C.COLO.LCivR

26.1(A), on April 17. Credit Suisse and Plaintiffs conferred on April 18. The form below represents Plaintiffs' beliefs as to the parties' agreed-upon discovery plan. Plaintiffs do not purport to make any representation as to Credit Suisse's positions regarding the same.

**1.      DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

Credit Suisse AG ("Credit Suisse") and Plaintiffs conducted their Rule 26(f) conference on April 4, 2013. Kathleen Craigmile, Julie North, and Justine Beyda appeared for Credit Suisse. Christopher Madel and Aaron Thom appeared for Plaintiffs.

**2.      STATEMENT OF JURISDICTION**

This Court has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a)(2), as the matter is between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interests and costs; 28 U.S.C. § 1331, as Plaintiffs have stated a claim for relief under RICO (18 U.S.C. § 1962(d)); and 28 U.S.C. § 1367.

- 3 -

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs have moved for default judgment against the Lasshofer Defendants on Claim Five of Plaintiffs' Amended Complaint for relief under COLO. REV. STAT. § 18-17-104. (Dkt. 191.) Plaintiffs have additionally requested that Credit Suisse be ordered, pursuant to FED. R. CIV. P. 69(a) and COLO. R. CIV. P. 69(g), to transfer any and all assets it holds for the benefit of, on the behalf of, or in the name of any of the Lasshofer Defendants to the registry of this Court in partial satisfaction of a judgment entered against the Lasshofer Defendants.

b. The Lasshofer Defendants have informed Plaintiffs and this Court that they will no longer expend resources at the District Court level to defend the instant case. (Dkt. 188.)

c. Credit Suisse has requested that this Court decline to order the relief sought by Plaintiffs against Credit Suisse on grounds of comity and equitable estoppel. (Dkt. 143 at 22.)

4. **UNDISPUTED FACTS**

The following facts are undisputed:

1. Due to the Lasshofer Defendants' failure to answer Plaintiffs' Amended Complaint, this Court entered default against the Lasshofer Defendants on April 12, 2013. (Dkts. 192, 193.) Accordingly, the Lasshofer Defendants are deemed to have admitted all factual allegations in Plaintiffs' complaint, "thus placing no further burden upon Plaintiff[s] to prove [their] case factually." *Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996); *see also* FED. R. CIV. P. 8(b)(6).

2. Credit Suisse does not dispute Plaintiffs' allegation that Credit Suisse is a bank with its headquarters at Paradeplatz 8, 8001 Zurich, Switzerland. (Dkt. 143 ¶ 14.)

3. Credit Suisse does not dispute Plaintiffs' allegation that Defendant Innovatis Asset Management S.A. has an account at Credit Suisse, account number 0835-1128069-12, which has several subaccounts associated with it. (*Id.* at ¶¶ 14, 335.)

4. Credit Suisse does not dispute Plaintiffs' allegation that account number 1128069-15-3, a sub-account of Innovatis Asset Management S.A. account number 0835-1128069-12, was opened. (*Id.* at ¶ 87.)

5. **COMPUTATION OF DAMAGES**

In their Motion for Default Judgment Against the Lasshofer Defendants (Dkt. 191), Plaintiffs requested damages in the amount of $62,530,000 (before trebling) on Claim Five of their Amended Complaint for relief under COLO. REV. STAT. § 18-17-104. (Dkt. 191.) Plaintiffs also requested prejudgment interest in the amount of $639,289.48. (*Id.*) The basis for these damages is set forth in detail in the March 15, 2013 Declaration of John Niemi (Dkt. 172-1).

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

   a. The Rule 26(f) conference between Credit Suisse and Plaintiffs took place on April 4, 2013.

   b. Kathleen Craigmile, Julie North, and Justine Beyda appeared for Credit Suisse. Christopher Madel and Aaron Thom appeared for Plaintiffs.

   c. Plaintiffs made their Rule 26(a) initial disclosures on April 4, 2013, following the parties' Rule 26(f) conference. Credit Suisse made its initial disclosures on April 9, 2013.

   d. Plaintiffs and Credit Suisse made no agreement altering the form of initial disclosures under Rule 26(a).

   e. Plaintiffs and Credit Suisse made no agreements regarding informal discovery.

   f. Plaintiffs asked Credit Suisse to contact them and request clarification or narrowing if Credit Suisse believed that any of Plaintiffs' requests are unreasonably burdensome.

   Plaintiffs and Credit Suisse agreed that service may be accomplished via email.

   g. Plaintiffs have submitted the following proposal regarding electronically stored information to Credit Suisse, and Credit Suisse has not indicated any unwillingness to comply with the same:
      1. TIFFs: Single-page Group IV TIFFs should be provided, at least 300 dpi, or multi-page TIFFs with page breaks.

      2. Text Files: For each document, a text file should be provided along with the TIFF. The text of native files should be extracted directly from the native file. For any document with a redaction, no text files will be provided for the redacted portion of the document.

      3. Unique IDs: Each image should have a unique file name.

    4. Metadata Fields: Metadata pertaining to time/date will be maintained in Greenwich Mean Time (GMT). The following metadata fields should be provided if they exist:

        a. Extracted text
        b. Custodian
        c. Date Created
        d. Date Last Modified
        e. Location (File Path)
        f. MD5-HASH

        g. For emails:

            i. Extracted text
            ii. TO
            iii. FROM
            iv. CC:
            v. BCC:
            vi. DATE
            vii. SUBJECT
            viii. Attachment information and attachments

    5. Native Format: All financial data should be produced in native form, such as an Excel spreadsheet or Access database. The Plaintiffs hereby reserve their right to seek other documents in their native form.

h. Discussions regarding settlement between Plaintiffs and Credit Suisse have not been fruitful to date.

**7. CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

8. **DISCOVERY LIMITATIONS**

   a. Plaintiffs and Credit Suisse have proposed no modifications to the presumptive numbers of depositions or interrogatories contained in the Federal Rules, except for good cause shown.

   b. Plaintiffs and Credit Suisse have proposed no limitations on the length of depositions.

   c. Plaintiffs and Credit Suisse have proposed no limitations on the number of requests for production and/or requests for admission. Plaintiffs and Credit Suisse have proposed no modifications to the presumptive numbers of requests for production and/or requests for admission contained in the Federal Rules, except for good cause shown.

   d. On October 16, 2012, this Court ordered Credit Suisse to provide Plaintiffs with responses to the following Interrogatories and Document Requests that Plaintiffs served on Credit Suisse on September 5, 2012: Interrogatory Number 4, Interrogatory Number 7, Interrogatory Number 8, Interrogatory Number 9, Document Request Number 2, Document Request Number 3, Document Request Number 4, and Document Request Number 5. (Dkt. 136.)

   During the April 4 call, Credit Suisse stated that it expected to have this discovery produced to Plaintiffs on or before April 12, 2013. Plaintiffs' counsel told Credit Suisse that if Plaintiffs did not have this Court-ordered discovery in their possession on or before April 12, 2013, Plaintiffs intended to move the Court for, among other things, a finding of Credit Suisse's contempt of Court.

   On April 12, 2013, Credit Suisse supplemented its September 26, 2012 discovery responses in partial compliance with this Court's October 16, 2012 Order. Credit Suisse produced several company reports and company profile documents, as well as information regarding Colorado accountholders, that it had earlier refused to produce to Plaintiffs. Among Credit Suisse's reasons for refusing to produce these documents and information in its September 26, 2012 jurisdictional discovery responses was Credit Suisse's assertion that its production of this material would require its officers and employees to violate Swiss law.

       Credit Suisse has not yet responded to Plaintiffs' September 5, 2012 Interrogatory No. 4. Plaintiffs have requested that Credit Suisse respond to Interrogatory No. 4 by April 19, 2013. Plaintiffs have further informed Credit Suisse that Plaintiffs intend to move the Court for a finding of Credit Suisse's contempt of Court.

**9.     CASE PLAN AND SCHEDULE**

    a.    Plaintiffs and Credit Suisse did not discuss setting a deadline for Joinder of Parties and Amendment of Pleadings.

    b.    As Plaintiffs informed Credit Suisse, Plaintiffs expect that if Credit Suisse provides complete, fair, and proper responses to Plaintiffs' April 4, 2012 Interrogatories and Document Requests, Plaintiffs will not ask for discovery beyond these responses. Plaintiffs have, however, reserved their right to request additional discovery, depending upon the information and material Credit Suisse produces.

        Though Plaintiffs and Credit Suisse did not discuss setting a discovery cut-off date, Plaintiffs propose a June 30, 2013 discovery cut-off.

    c.    Plaintiffs and Credit Suisse did not discuss setting a dispositive motion deadline. On April 10, 2013, Plaintiffs moved for default judgment. (Dkt. 191.)

    d.    Plaintiffs and Credit Suisse did not discuss expert witness disclosure.

    e.    Plaintiffs and Credit Suisse did not discuss identification of persons to be deposed.

    f.    Plaintiffs and Credit Suisse did not set a deadline for serving interrogatories, but Credit Suisse and Plaintiffs will serve interrogatories on opposing counsel on a schedule that allows timely responses on or before the discovery cut-off date.

    g.    Plaintiffs and Credit Suisse did not set a deadline for serving requests for production of documents and/or admissions, but Credit Suisse and Plaintiffs will serve requests for production of documents and/or admissions on opposing counsel on a schedule that allows timely responses on or before the discovery cut-off date.

**10.    DATES FOR FURTHER CONFERENCES**

    a.    Status conferences will be held in this case at the following dates and times:

    _____

    b.    A final pretrial conference will be held in this case on _____ at ____:____ ☐ am ☐ pm. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the pretrial conference.

**11.    OTHER SCHEDULING MATTERS**

    a.    *See* 8.d., above.

    b.    A two-week trial has been set. (Dkt. 187.)

    c.    Plaintiffs and Credit Suisse have identified no pretrial proceedings that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.

**12.    NOTICE TO COUNSEL**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 20__.

BY THE COURT:

_____
United States District Court Judge

APPROVED:

          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

          */s/Christopher W. Madel*
          Christopher W. Madel
          Bruce D. Manning
          Aaron R. Thom
          2800 LaSalle Plaza
          800 LaSalle Avenue
          Minneapolis, MN 55402
          Telephone: 612-349-8500
          Facsimile: 612-339-4181
          cwmadel@rkmc.com
          bdmanning@rkmc.com
          arthom@rkmc.com

          AND

          Robert N. Miller
          **PERKINS COIE LLP**
          1900 Sixteenth Street, Suite 1400
          Denver, CO 80202-5255
          Telephone: 303-291-2300
          Facsimile: 303-291-2400
          rmiller@perkinscoie.com

          **ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2013, I electronically filed the foregoing CIVIL SCHEDULING ORDER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Justine Victoria Beyda**
  jbeyda@cravath.com,mao@cravath.com
- **Kathleen E. Craigmile**
  kec@benningtonjohnson.com,dtb@benningtonjohnson.com, man@benningtonjohnson.com,tlp@benningtonjohnson.com, afa@benningtonjohnson.com
- **Kevin D. Evans**
  kdevans@s-elaw.com,pdouglass@s-elaw.com,sjoshi@s-elaw.com, tbaksay@s-elaw.com
- **Christopher William Madel**
  cwmadel@rkmc.com,dclandis@rkmc.com,dmvanalstine@rkmc.com, ELBecker@rkmc.com,arthom@rkmc.com
- **Robert Nolen Miller**
  rmiller@perkinscoie.com,rmiller-efile@perkinscoie.com
- **Julie Anne North**
  jnorth@cravath.com,mao@cravath.com

> */s/Christopher W. Madel*
> Christopher W. Madel
> Bruce D. Manning
> Aaron R. Thom
> **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
> 2800 LaSalle Plaza
> 800 LaSalle Avenue
> Minneapolis, MN 55402
> Telephone: 612-349-8500
> Facsimile: 612-339-4181
> cwmadel@rkmc.com
> bdmanning@rkmc.com
> arthom@rkm.com
>
> ATTORNEYS FOR PLAINTIFFS

83847964.1