# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge R. Brooke Jackson

Civil Action No. 12-cv-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

       Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GMBH,
INNOVATIS IMMOBILIEN GMBH,
INNOVATIS ASSET MANAGEMENT SA,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

       Defendants,

CREDIT SUISSE A.G.,

       Nominal Defendant.

---

**Plaintiffs' Motion to Quash Subpoenas Served by the Lasshofer Defendants**

---

On March 8, 2013, this Court ordered the Lasshofer Defendants to respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents "no later than March 22, 2013." (Dkt 169.) In response to this Court Order, the Lasshofer Defendants objected to every request, provided no substantive answer, and did not

produce one document. Less than two weeks later, the Lasshofer Defendants made their position on discovery clear: "Mr. Lasshofer and the Innovatis Defendants will not be filing an answer to Plaintiffs' Amended Complaint and they will not be participating in discovery." (Dkt. 188.)

Plaintiffs were thus surprised to learn that the Lasshofer Defendants served four subpoenas on separate non-party financial institutions in the past week. Through these subpoenas, the Lasshofer Defendants seek to impose discovery burdens on third parties while simultaneously refusing to participate in discovery themselves, including even the required initial disclosures. Plaintiffs thus respectfully request that this Court issue an Order that, among other things, quashes the four subpoenas.

## STATEMENT OF COMPLIANCE WITH D.C.COLO.LCIVR 7.1A

Plaintiffs have complied with D.C. Colo.LCivR 7.1A. (Exs. 1 & 9.)

## FACTS

**I.    March 8, 2013: this Court granted Plaintiffs' motions to compel**

On December 20, 2012, Plaintiffs moved this Court to compel the Lasshofer Defendants to respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents. (Dkt. 152.) This Court granted that motion on March 8, 2013. (Dkt. 169 at 3.) Specifically, the Lasshofer Defendants were ordered to respond to Plaintiffs' discovery requests no later than March 22, 2013 and to participate in a Rule 26(f) conference. (*Id.*)

## II.     March 22, 2013: the Lasshofer Defendants serve their discovery responses

On March 22, the Lasshofer Defendants provided their Court-ordered discovery responses to Plaintiffs. (Ex. 10). The Lasshofer Defendants objected to every request, provided no substantive answer, and did not produce any documents. (*Id.*)

## III.    April 2, 2013: the Lasshofer Defendants stated they will not participate in discovery in this lawsuit

During the Court-ordered Rule 26(f) conference on April 2, the Lasshofer Defendants' counsel informed Plaintiffs' counsel that the Lasshofer Defendants would not devote any more resources to this lawsuit at the District Court level. (Dkt. 188.) The parties' joint Rule 26(f) submission (filed on April 3) further stated that "Mr. Lasshofer and the Innovatis Defendants will not be filing an answer to Plaintiffs' Amended Complaint and they will not be participating in discovery." (*Id.*; *see also* Ex. 2 (Lasshofer Defendants' counsel's proposed changes to Rule 26(f) submission, including their following proposed changes (all of which Plaintiffs accepted): "Defendants will not be filing an answer to Plaintiffs' Amended Complaint and they will not be participating in discovery.").)

## IV.    April 12, 2013: This Court's Default-Judgment Order

On April 12, 2013, the Court entered an Order that, *inter alia*, (1) sanctioned the Lasshofer Defendants in the amount of $10,000 a day until they comply with this Court's Order of June 1, 2012; (2) entered a default against the Lasshofer Defendants; and (3) set

an evidentiary hearing regarding the amount of the judgment requested (scheduled for June 7, 2013). (Dkt. 192.)

**V.     April 22, 2013: the Lasshofer Defendants' counsel state they cannot answer Plaintiffs' counsel's evidentiary question until May 10**

On April 22, Plaintiffs' counsel emailed the Lasshofer Defendants' counsel and asked if the Lasshofer Defendants would agree to stipulate to the admissibility of three real-estate appraisals at the June 7 hearing. (Ex. 3.) These appraisals were requested as part of a bank's due-diligence process when considering loans for the Fairmont Breckenridge project. (*Id*.) In an effort to save these third parties' time and expense, Plaintiffs' counsel asked the Lasshofer Defendants if they would stipulate to the admissibility of the appraisals, but they also expressed their willingness to subpoena the appraisers, if necessary, in order to lay the foundation for the appraisals. (*Id*.) Counsel for the Lasshofer Defendants responded that same day, stating, "I am not in a position at the moment to answer your questions. I will endeavor to do so by May 10." (*Id*.)

**VI.    April 26, 2013: Twenty-four days after stating they will not participate in discovery and four days after stating they cannot respond to the evidentiary question until May 10, the Lasshofer Defendants began serving subpoenas on three financial institutions**

On April 26 and 29, 2013, the Lasshofer Defendants served three subpoenas: one on Bank of the West, one on J.P. Morgan Chase, and a third on First Citizens Bank and Trust Company. (Exs. 4, 5 & 6.) The subpoenas served upon Bank of the West and J.P. Morgan Chase seek documents "relating to Azco LLC" and "relating to John Niemi,

Robert Naegele, III, and/or Jesper Parnevik." (Exs. 4 & 5.) The subpoena served upon First Citizens Bank and Trust Company seeks "documents relating to account activity for a narrow window between October 1 and December 31, 2009, with respect to an account that we understand you took over for United Western Bank." (Ex. 6.) Counsel for the Lasshofer Defendants notified Plaintiffs of the subpoenas and the document requests via email on April 29. (Ex. 7.)

**VII. May 1, 2013: After Plaintiffs' Counsel noted their intent to file this motion, the Lasshofer Defendants' Counsel argued that they have the right to participate in discovery**

As stated above, the parties' joint Rule 26(f) submission (filed on April 3) stated that "Mr. Lasshofer and the Innovatis Defendants . . . will not be participating in discovery." (Dkt. 188.) Nonetheless, in an email sent to Plaintiffs' counsel on May 1, 2013, the Lasshofer Defendants' counsel stated:

> Confirming the voice message I left you, our position has been consistent (and I understand Kevin [Evans] discussed this with you at some length as part of the Rule 26(f) meeting) that we did not intend to devote further resources to answering the complaint or participating in the liability phase of the litigation, preserving instead the liability, jurisdictional, and venue issues for appeal. However, the issue of damages remains to be decided, and we have the right to and intend to participate, including presenting evidence that Plaintiffs are not entitled to damages, much less damages in the amount that they seek. We also have the right to subpoena evidence that refutes Plaintiffs['] claim to damages. It would be further reversible error for the Court to deprive us of this opportunity, and frankly, we were surprised to see your communication with the subpoenaed parties, carrying the implication that they will not be required to respond to our subpoenas.

(Ex. 1.)

**VIII. May 2, 2013: the Lasshofer Defendants' counsel served a fourth subpoena**

Three days after being notified that Plaintiffs intended to move to quash their three subpoenas due to their refusal to participate in discovery, the Lasshofer Defendants' counsel served an additional subpoena on the FDIC on May 2. (Ex. 8). This fourth subpoena seeks "[d]ocuments sufficient to identify any deposits, withdrawals and/or transfers from any United Western Bank account for Azco LLC, Azco II LLC, Mesatex LLC, John Niemi, Robert Naegele, III, and/or Jesper Parnevik between October 1 and December 31, 2009," "[d]ocuments relating to any loan or other obligation for which payment has been, is being, or should be being made by John Niemi, Robert Naegele, III, and/or Jesper Parnevik as guarantor," "[d]ocuments relating to Azco LLC, Azco II LLC, and/or Mesatex LLC, including but not limited to documents relating to loans made to any of these entities or documents relating to property owned by any of these entities in Breckenridge, CO," and "[d]ocuments relating to loans made or guaranteed by any of these person [sic] for property in Breckenridge, CO." (*Id.*) Plaintiffs' counsel immediately informed the Lasshofer Defendants' counsel that Plaintiffs would add this subpoena to their motion to quash. (Ex. 9.)

**ARGUMENT**

**I.     This Court Should Quash The Four Subpoenas.**

This Court should quash the four subpoenas for at least six reasons.

*First,* it is unfair for a party to simultaneously demand discovery and refuse to participate in discovery.[1] Fed. R. Civ. P. 45(c)(3)(A)(iv) provides that a district court may quash a subpoena that subjects a person to undue burden. The Lasshofer Defendants' refusal to participate in discovery makes the burden they seek to impose on the subpoenaed financial institutions particularly unwarranted.

*Second*, because the Lasshofer Defendants have refused to participate in discovery, this Court cannot assess any need they may have for third-party discovery; *i.e.*, the Lasshofer Defendants cannot prove that they do not already possess documents to satisfy their alleged discovery needs. *See Carbajal v. Serra*, Civ. No. 10-cv-02862-REB-KLM,

---

[1]     *See*, *e.g.*, *Munoz v. PHH Corp.*, Case no. 1:08-cv-0759-AWI-BAM, 2013 WL 684388, at *5, 2013 U.S. Dist. LEXIS 24671, at *16 (E.D. Cal. Feb. 22, 2013) ("Defendants cannot have it both ways. They cannot on one hand resist Plaintiffs discovery as overbroad, but simultaneously resist Plaintiffs' efforts to limit the scope of their request as unduly burdensome."); *cf. United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 84-85 (2d Cir. 1995) ("If it appears that a litigant has sought to use the Fifth Amendment to abuse or obstruct the discovery process, trial courts, to prevent prejudice to opposing parties, may adopt remedial procedures or impose sanctions."); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 780 (E.D. Tex. 2000) ("Defendants may not move for dismissal under the defense of lack of personal jurisdiction and simultaneously refuse to disclose that very same information to the Plaintiffs. No reading of the Local Rules for the Eastern District of Texas would permit such tactical recalcitrance."); *Banks v. United States*, 90 Fed. Cl. 707, 711 (2009) ("*Ampex* [*Corp. v. United States (Ampex)*, 207 Ct. Cl. 1014, 1015-16 (1975)] noted that a party may not claim that it had 'relied on advice of counsel' and simultaneously refuse discovery on what the advice was. *Id*. at 1015 (citing *Trans World Airlines, Inc. v. Hughes*, 332 F.2d. 602, 615 (2d Cir. 1964)).").

2012 WL 2215677, at *2, 2012 U.S. Dist. LEXIS 83172, at **7-8 (D. Colo. June 15, 2012) (noting that, in determining the burden imposed by a third party subpoena, the court considers whether the information requested is necessary and available from any other source). Accordingly, before they are permitted to obtain documents from third parties, the Lasshofer Defendants should (1) produce their own documents; and (2) show that those documents lack necessary information sufficient to justify imposing discovery burdens on third parties. The Lasshofer Defendants have done neither of these things.

*Third*, Fed. R. Civ. P. (b)(2)(A) provides that this Court may impose sanctions on a party, the attorney advising that party, or both, that "fails to obey an order to provide or permit discovery." Here, the Lasshofer Defendants have failed to provide Court-ordered discovery responses (Dkt. 169 at 3) and to participate in discovery. (Dkt. 188.) Thus, the Lasshofer Defendants are simultaneously disobeying this Court's Orders and invoking this Court's power to subpoena third parties. An order quashing the four subpoenas would prevent the use of their requested discovery at the June 7 hearing and would serve as an appropriate sanction for the Lasshofer Defendants' refusal to comply with this Court's discovery Orders.

*Fourth*, Fed. R. Civ. P. 37(c)(1)(C) provides that this Court may impose any "appropriate sanction" against a party who fails to provide Fed. R. Civ. P. 26(a) and (e) disclosures. Again, Plaintiffs' requested relief would serve as an appropriate sanction.

*Fifth*, the Lasshofer Defendants should be estopped from "deliberately changing positions according to the exigencies of the moment." *Cuin v. Adams County Bd. of County Commissioners*, Civ. No. 10-cv-01704-PAB-MEH, 2011 WL 3236088, at *2, 2011 U.S. Dist. LEXIS 82830, at *6 (D. Colo. July 28, 2011) (internal citations omitted.)[2]

*And finally*, a party may not simultaneously contend a court lacks subject-matter jurisdiction and seek discovery. *See St. John Health Sys. v. Cohen*, Case No. 10-CV-0066-CVE-TLW, 2010 WL 1727971, at *6, 2010 U.S. Dist. LEXIS 41258, at **19-20 (N.D. Okla. Apr. 27, 2010) ("The Cohens cannot have it both ways: they cannot simultaneously argue that the Court lacks subject matter jurisdiction over the case and seek the benefits of a federal forum in conducting discovery.").

## II. This Court should award Plaintiffs their reasonable attorneys' fees against the Lasshofer Defendants' Counsel.

This motion was necessitated by the Lasshofer Defendants' continuing disregard for their discovery obligations and the Orders of this Court. The Lasshofer Defendants' counsel have now joined this effort. Accordingly, pursuant to Fed. R. Civ. P. 37(b)(2) (for failing to follow this Court's discovery orders), Fed. R. Civ. P. 37(c)(1) (for failing to provide Rule 26(a) & (e) disclosures), Fed. R. Civ. P. 37(d) (for failing to answer Plaintiffs' interrogatories), Fed. R. Civ. P. 37(f) (for failing to include or mention any of

---

[2]   *See also Rincon Band of Luiseno Mission Indians of the Rincon Reservation v. Schwarzenegger*, 602 F.3d 1019, 1041 n.25 (9th Cir. 2010) ("The State cannot have it both ways. If the State wants to avoid discovery and limit review of good faith to the official record of negotiations, the State cannot defend itself on the good faith question by claiming its objectively improper demands were made with an innocent intent.").

9

these subpoenas in their required, but refused, discovery plan), Fed. R. Civ. P. 45(c)(1) (for failing to take reasonable steps to avoid imposing an undue burden or expense on subpoenaed parties), and/or this Court's inherent powers, Plaintiffs respectfully request that this Court order the Lasshofer Defendants' counsel to pay Plaintiffs their reasonable attorneys' fees and costs incurred with respect to this motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the relief described in their accompanying Proposed Order.

DATED: May 3, 2013    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: */s/Christopher W. Madel*
  Christopher W. Madel
  Bruce D. Manning
  Aaron R. Thom
  800 LaSalle Avenue
  2800 LaSalle Plaza
  Minneapolis, MN 55402-2015
  Telephone: 612-349-8500
  Facsimile: 612-339-4181
  cwmadel@rkmc.com
  bdmanning@rkmc.com
  arthom@rkmc.com

   And

11

        Robert N. Miller
        PERKINS COIE LLP
        1900 Sixteenth Street, Suite 1400
        Denver, CO 80202 – 5255
        Telephone: 303-291-2300
        Facsimile: 303-291-2400
        rmiller@perkinscoie.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2013, I electronically filed the foregoing **Plaintiffs' Motion to Quash Subpoenas Served by the Lasshofer Defendants** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Robert Nolen Miller**
  rmiller@perkinscoie.com, rmiller-efile@perkinscoie.com

- **Kathleen E. Craigmile**
  kec@benningtonjohnson.com, add@benningtonjohnson.com, afa@benningtonjohnson.com, man@benningtonjohnson.com, sdj@benningtonjohnson.com

- **Kevin D. Evans**
  kdevans@s-elaw.com, lroberts@s-elaw.com, pdouglass@s-elaw.com, sjoshi@s-elaw.com, tbaksay@s-elaw.com

- **Christopher William Madel**
  cwmadel@rkmc.com, ELBecker@rkmc.com, arthom@rkmc.com, dclandis@rkmc.com, dmvanalstine@rkmc.com

- **Justine Victoria Beyda**
  jbeyda@cravath.com, mao@cravath.com

- **Julie Anne North**
  jnorth@cravath.com, mao@cravath.com

- **Jeffrey H. McClelland**
  jmc@benningtonjohnson.com

- **Aaron R. Thom**
  arthom@rkmc.com, aeheideman@rkmc.com

                */s/Christopher W. Madel*
                Christopher W. Madel
                Bruce D. Manning
                Aaron R. Thom
                **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
                2800 LaSalle Plaza
                800 LaSalle Avenue
                Minneapolis, MN 55402
                Telephone: 612-349-8500
                Facsimile: 612-339-4181
                cwmadel@rkmc.com
                bdmanning@rkmc.com
                arthom@rkmc.com

                ATTORNEYS FOR PLAINTIFFS