# Exhibit 1

**From:** Phil Douglass [mailto:pdouglass@s-elaw.com]
**Sent:** Wednesday, May 01, 2013 5:28 PM
**To:** Madel, Christopher W.
**Cc:** kdevans@s-elaw.com; tbaksay@s-elaw.com
**Subject:** RE: Motion to quash/7.1A conference

As long has your prior message indicates the bases on which you intend to move to quash, I believe you have satisfied your Rule 7.1A obligation.

Phil

**From:** Madel, Christopher W. [mailto:CWMadel@rkmc.com]
**Sent:** Wednesday, May 01, 2013 4:25 PM
**To:** Phil Douglass
**Cc:** kdevans@s-elaw.com; tbaksay@s-elaw.com
**Subject:** RE: Motion to quash/7.1A conference

Phil –

Sorry I missed your call. We are obviously going to agree to disagree. Have I satisfied my obligations under Rule 7.1A, or do you want to speak live? I would never want to waste your time.

Thanks & take care,
Chris

**From:** Phil Douglass [mailto:pdouglass@s-elaw.com]
**Sent:** Wednesday, May 01, 2013 5:20 PM
**To:** Madel, Christopher W.
**Cc:** kdevans@s-elaw.com; tbaksay@s-elaw.com
**Subject:** RE: Motion to quash/7.1A conference

Chris—

Confirming the voice message I left you, our position has been consistent (and I understand Kevin discussed this with you at some length as part of the Rule 26(f) meeting) that we did not intend to devote further resources to answering the complaint or participating in the liability phase of the litigation, preserving instead the liability, jurisdictional, and venue issues for appeal. However, the issue of damages remains to be decided, and we have the right to and intend to participate, including presenting evidence that Plaintiffs are not entitled to damages, much less damages in the amount that they seek. We also have the right to subpoena evidence that refutes Plaintiffs claim to damages. It would be further reversible error for the Court to deprive us of this opportunity, and frankly, we were surprised to see your communication with the subpoenaed parties, carrying the implication that they will not be required to respond to our subpoenas.

1

Phil


Phil Douglass
STEESE • EVANS • FRANKEL, P.C.
6400 South Fiddlers Green Circle
Suite 1820
Denver, Colorado 80111
Voice: 720.200.0614
Fax: 720.200.0679
Email: pdouglass@s-elaw.com

This e-mail message, including any attachment(s), contains information that may be confidential, protected by the attorney client privilege or other legal protections, and/or non-public, proprietary information. If you are not an intended recipient of this message or an authorized assistant to the intended recipient, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message and/or any of its attachments (if any) by unintended recipients is not authorized and may be unlawful.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Madel, Christopher W. [mailto:CWMadel@rkmc.com]
**Sent:** Wednesday, May 01, 2013 3:49 PM
**To:** Phil Douglass (pdouglass@s-elaw.com) (pdouglass@s-elaw.com); kdevans@s-elaw.com
**Subject:** Motion to quash/7.1A conference

Kevin & Phil –

Do you want to talk about our motion to quash your subpoenas? We intend to comply with D.C. Colo. L.R. 7.1A, so I wanted to give you the opportunity, but I also would like to be respectful of our respective time.

Our basis for our motion is this: the Lasshofer Defendants have resisted discovery from the outset of this litigation, going so far as to submit to the Court their intention "not [to] devote any more resources to this lawsuit at the District Court level" when compelled to participate in a Rule 26(f) conference. (Dkt. 188.) Thus, Plaintiffs were surprised to learn that the Lasshofer Defendants recently issued subpoenas to three non-party financial institutions, seeking the production of documents pertinent to this dispute. The subpoenas issued shortly after counsel for Plaintiffs contacted counsel for the Lasshofer Defendants regarding the authentication of appraisals requested by these financial institutions, which Plaintiff would like to introduce at the June 7 evidentiary hearing scheduled pursuant to the Court's entry of default judgment.

Through the three subpoenas, the Lasshofer Defendants seek to impose discovery burdens on third parties while simultaneously refusing to engage in discovery as named parties. Accordingly, Plaintiffs will respectfully request that this Court issue an Order quashing all three of the Lasshofer Defendants' subpoenas and confirming that the third parties who received them are not required to produce the requested documents.

Thanks
Chris

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com