**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson**

Civil Action No. 12-cv-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

       Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GMBH,
INNOVATIS IMMOBILIEN GMBH,
INNOVATIS ASSET MANAGEMENT SA,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

       Defendants,

CREDIT SUISSE A.G.,

       Nominal Defendant.

---

**Plaintiffs' Reply to Lasshofer Defendants' Opposition to Plaintiffs'
Motion to Quash Subpoenas Served by the Lasshofer Defendants**

---

### INTRODUCTION

    The Lasshofer Defendants do not (and cannot) cite one case that permitted a defaulting party to conduct discovery when that same party refused to participate in discovery itself. Nor do they (or could they) cite any case where that same defaulting

party is already in ongoing contempt of court when it suddenly wants to avail itself to discovery.

In contrast, Plaintiffs here cite: (1) a District of Minnesota case prohibiting a defendant from participating at a default-judgment hearing on damages and from opposing the plaintiff's request for damages due to that defendant's violation of court orders; and (2) a District of Utah case allowing *limited* discovery for a defendant that sought it with respect to a default-judgment damages hearing *but explicitly on the condition* that the defendant participate in discovery itself.

Plaintiffs maintain that it is unreasonable and unfair for the Lasshofer Defendants to (1) represent to the Plaintiffs and this Court that they will not participate in discovery; and then (2) simultaneously defy this Court's Orders and invoke this Court's subpoena powers.

## ARGUMENT

**I.    The Lasshofer Defendants Have Provided No Authority for Their Contention That They Have a "Right" to Conduct Discovery on Damages Under the Present Circumstances.**

None of the parties in the cases that the Lasshofer Defendants cite to establish their alleged "right" to conduct discovery was granted discovery when that party (1) represented that it would not participate in discovery; and (2) was in continuing contempt of court orders.  Each of their cited cases is distinguishable on its facts.  *See Clague v. Bednarksi,* 105 F.R.D. 552, 553 (E.D.N.Y. 1985) (defendant defaulted by

failing to file a timely answer, defendant moved for leave to conduct discovery, and there is no indication that the defendant had disregarded prior court orders or had been held in contempt of court); *SEC v. Wang*, No. 88 Civ. 4461(RO), 1989 U.S. Dist. LEXIS 15346, at \*\*2-3, 1989 WL 135558, at \*1 (S.D.N.Y. June 22, 1989) (the party in default sought leave from the court to conduct discovery—and the court denied the motion—and there is no indication that the defaulting party had disregarded prior court orders or had been held in contempt of court).

Furthermore, the Lasshofer Defendants represent that the U.S. District Court for the District of Colorado has repeatedly relied upon *Clague.* (Dkt. 201 at 6.) While it is true that this District has cited *Clague*, each such case has cited the Eastern District of New York case for the general rule that the plaintiff bears the burden of establishing entitlement to recovery of damages against a defaulting defendant.[1] Not one of the

---

[1] *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, Civil Action No. 08-cv-01114-RPM-MEH, 2008 U.S. Dist. LEXIS 118560, at \*16, *judgment entered by* 2009 U.S. Dist. LEXIS 114732, at \*1, 2009 WL 765872, at \*7 (D. Colo. Mar. 20, 2009) ("The burden is on the plaintiff to establish entitlement to recovery of damages against a defaulting defendants."); *American Produce, LLC v. Vargas*, Civil Action No. 11-cv-02919-PAB-MEH, 2012 U.S. Dist. LEXIS 69576, at \*17, 2012 WL 1813285, at \*7 (D. Colo. Apr. 24, 2012) ("Plaintiff bears the burden of establishing entitlement to recovery of damages against the defaulting Defendant for each amount sought."); *CS Capital Corp. v. Local Senior Svs.*, Civil Action No. 11-cv-02357-WYD-MEH, 2012 U.S. Dist. LEXIS 176020, at \*20, 2012 WL 6152889, at \*8 (D. Colo. Aug. 15, 2012) ("Plaintiff bears the burden of establishing entitlement to recovery of damages against the defaulting LSS Defendants for each amount sought."); *Mesfin v. Five Star Vending, Inc.*, Civil Action No. 07-cv-00388-RPM, 2008 U.S. Dist. LEXIS 123073, at \*27, 2008 WL 4293339, at \*10 (D. Colo. Sept. 16, 2008) ("The burden is on the plaintiff to establish entitlement to recovery of damages against a defaulting defendant.").

District of Colorado cases adopts or applies the language from *Clague* from which the Lasshofer Defendants attempt to establish their "right" to discovery.[2]

## II. The Lasshofer Defendants Should Not Be Permitted To Obtain Third-Party Discovery Without Providing Discovery And While In Ongoing Contempt of This Court's Orders.

The Lasshofer Defendants contend that, in spite of their disregard for the orders of this Court, they have a legal right to participate in the "damages phase" of this litigation, and therefore have an unassailable right to conduct discovery on damages. The Lasshofer Defendants are incorrect for at least four reasons.

*First*, the Lasshofer Defendants confuse an opportunity to be heard with a purported right to obtain discovery. A party's "right" to oppose damages in a default-judgment context can be—and should be—conditioned on that party's ongoing compliance with court orders. *See Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, Civ. No. 09-1091 (JNE/JSM), 2013 WL 449838, 2013 U.S. Dist. LEXIS 15832, at *3 (D. Minn. Feb. 6, 2013) ("After providing the numerous occasions on which Defendant . . . has failed to obey Court orders, the magistrate judge recommended that Plaintiffs' . . . Motion for Sanctions be granted in part and denied in part."; affirming magistrate judge's holding

---

[2] The cited language from *Clague* reads, in part, "[t]here would be little point in allowing a defendant to contest the amount of damages if the defendant is not permitted adequately to prepare for the hearing on damages. We therefore hold that Rule 26(b)(1) authorizes a defendant who has defaulted to conduct discovery regarding the amount of unliquidated damages . . . ." *Clague*, 105 F.R.D. at 552. This language does not establish an absolute right to conduct such discovery, it does not address misconduct by the defaulting party that could estop that party from seeking discovery, and the decision itself limited discovery to the amount of unliquidated damages.

that the non-defaulting party "shall submit to the District Court proof of its damages on its Lanham Act claims and [the defaulting party] shall not be permitted to oppose this submission.").

*Second*, federal courts are not required to provide a hearing, much less authorize discovery, to a party in default. Upon entry of default, courts have discretion in determining the necessity of a hearing on damages.[3] Given that not all defaulting parties are even granted a hearing, it strains logic for the Lasshofer Defendants to contend that parties in default have some "right" to conduct discovery on damages.

*Third*, a defaulting party who has failed to comply with preexisting discovery orders should not be permitted to conduct discovery unless it participates in discovery itself. A case from the District of Utah is particularly instructive. In *Zero Down Supply Chain Solutions, Inc. v. Global Transp. Solutions, Inc.*, Case No. 2:07-cv-00400-TC-DBP, 2012 U.S. Dist. LEXIS 149303, at **2-3, 2012 WL 4925368, at *1 (D. Utah Oct. 16, 2012), the defendants conceded that a prior default judgment against them established their liability, but filed a Rule 16 motion to conduct discovery about damage causation, mitigation of damages, and off-set of damages. Relying in part on *Greyhound Exch. Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir. 1992), which held that a

---

[3] Fed. R. Civ. P. 55(b)(2) provides that "[t]he court *may* conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." (emphasis added). In the Tenth Circuit, a court may enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

defaulting defendant may normally contest the actual compensatory amount claimed pursuant to a default judgment, the *Zero Down* court determined that the defendants "cannot seek discovery about the underlying cause of Plaintiffs' damages. . . . Defendants shall be limited to conducting discovery about the extent, *i.e.*, the amount of damages Plaintiffs claim, and whether such an amount naturally flows from the complaint allegations conceded by Defendants upon their default." 2012 WL 4925368, at *2; 2012 U.S. Dist. LEXIS 149303, at **5-6. And importantly, the court conditioned this limited damages discovery upon the defendants' prompt compliance with their preexisting discovery obligations. 2012 WL 4925368, at *3; 2012 U.S. Dist. LEXIS 149303, at *9.[4]

The *Zero Down* defendants filed a motion seeking the court's *permission* to conduct damages discovery following entry of default against them. Unlike the *Zero Down* defendants, the Lasshofer Defendants issued four third-party subpoenas without (1) raising their alleged need for any subpoena during the Rule 26(f) conference; (2) consulting Plaintiffs thereafter; or (3) notifying this Court at any time. Further, the Lasshofer Defendants did not expressly limit the document requests contained within the subpoenas to evidence on Plaintiffs' damages. Moreover, the Lasshofer Defendants, like the *Zero Down* defendants, have failed to abide by their court-ordered discovery obligations. Accordingly, they should not be granted permission to conduct damages

---

[4] The *Zero Down* court also refused defendants' motion for discovery regarding mitigation of damages. 2012 WL 4925368, at **2-4; 2012 U.S. Dist. LEXIS 149303, at **6-8.

discovery until they (1) participate in discovery themselves; and (2) comply with all of this Court's outstanding Orders, including its injunction, contempt, and discovery Orders.

*Fourth*, the Lasshofer Defendants represented to Plaintiffs and to this Court that they would not be participating in discovery (Dkt. 188). They should be bound by that representation. The Lasshofer Defendants made no effort at the time of parties' joint Rule 26(f) submission to limit their non-participation in discovery to issues of liability, nor did they reserve their right to conduct future discovery on damages. (*See id*.) In this regard, their attempt to distinguish *Cuin v. Adams Cnty. Bd. of Cnty. Comm'rs*, No. 10-CV-01704-PAB-MEH, 2011 WL 3236088 (D. Colo. July 28, 2011) is unavailing. The Lasshofer Defendants claim *Cuin* is "factually inapposite" because "the parties invoked the authority of the court to stay discovery," "and then complained that they needed discovery to identify and serve unknown parties." (Dkt. 201 at 14.) Unlike the situation here, the "complaining" party in *Cuin* at least participated in discovery and sought the stay order.

### III.  Plaintiffs have the right to seek their requested relief.

The Lasshofer Defendants claim that Plaintiffs do not have standing to seek their requested relief. (Dkt. 201 at 7.) The Lasshofer Defendants' contention is incorrect.

*First*, a third party has standing to move to quash a subpoena if the subpoena was issued after the close of discovery. *In re Application of FG Wilson (Eng'g) Ltd*., Case No. 10-20843-MC-GRAHAM/GOODMAN, 2011 WL 5361073, at **5-7, 2011 U.S.

Dist. LEXIS 128736, at **7-8 (S.D. Fla. Nov. 7, 2011) (granting Fed. R. Civ. P. 37 sanctions pursuant to motion to quash subpoena because it was served after close of discovery; "But the Court's ruling here is not dependent on whether the subpoena was served 17 months too late, 12 months too late, 7 months too late or even 7 weeks too late."). Moreover, third-party standing to quash a subpoena may be found if that party claims a personal right or privilege with respect to the documents requested in the subpoena. *Nova Products, Inc. v. Kisma Video,* Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004); *In re Cree Inc. Sec. Litig.*, 220 F.R.D. 443 (M.D.N.C. 2004). And all Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b). *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636-37 (C.D. Cal. 2005); *see also Zero Down Supply Chain Solutions, Inc. v. Global Transp. Solutions, Inc.*, Case No. 2:07-cv-00400-TC-DBP, 2012 U.S. Dist. LEXIS 149303, at **5-6, 2012 WL 4925368, at **2-3 (D. Utah Oct. 16, 2012) (prohibiting, in default-judgment context, discovery of causation and mitigation of damages).

Here, there is no practical difference between a motion to quash a subpoena after the close of discovery (as in *FG Wilson*) and the situation here, where the party represented that they *would not participate* in discovery at all. In short, Plaintiffs respectfully move to quash the subpoenas due to the Lasshofer Defendants' (1) representation that they would not participate in discovery; (2) noncompliance with this Court's Orders; and (3) because the subpoenaed documents pertain to *Plaintiffs* and

are irrelevant to the default-judgment motion. The Lasshofer Defendants do not have a right to participate in discovery. Any discovery, therefore, is an undue burden on everyone receiving discovery requests from them.

*Second*, this Court has authority under Fed. R. Civ. P. 37 to sanction the Lasshofer Defendants' noncompliance with their Court-ordered discovery obligations. *See*, *e.g.*, *Warzon v. Drew*, 155 F.R.D. 183 (E.D. Wis. 1994) (awarding expenses and attorney's fees, under Fed. R. Civ. P. 37, against plaintiff for subpoenas to appear at a deposition and produce documents); *In re Application of FG Wilson (Eng'g) Ltd.*, Case No. 10-20843-MC-GRAHAM/GOODMAN, 2011 WL 5361073, at **5-7, 2011 U.S. Dist. LEXIS 128736, at **7-8 (S.D. Fla. Nov. 7, 2011) (granting Fed. R. Civ. P. 37 sanctions pursuant to motion to quash subpoena).

*Third*, this Court has the authority under its contempt powers to sanction the Lasshofer Defendants for their continuing noncompliance with this Court's Preliminary Injunction Order and its discovery orders. *See*, *e.g.*, *Consumers Gas & Oil v. Farmland Indus.*, *Inc.*, 84 F.3d 367, 370 (10th Cir. 1996) (stating courts have broad discretion in using their power to hold parties in contempt for failing to adhere to court orders).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the relief described in the Proposed Order accompanying their May 3 Motion to Quash. (Dkt. 200.)

DATED: May 8, 2013                    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: */s/Christopher W. Madel*
    Christopher W. Madel
    Bruce D. Manning
    Aaron R. Thom
    800 LaSalle Avenue
    2800 LaSalle Plaza
    Minneapolis, MN 55402-2015
    Telephone: 612-349-8500
    Facsimile: 612-339-4181
    cwmadel@rkmc.com
    bdmanning@rkmc.com
    arthom@rkmc.com

And

Robert N. Miller
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202 – 5255
Telephone: 303-291-2300
Facsimile: 303-291-2400
rmiller@perkinscoie.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2013, I electronically filed the foregoing **Plaintiffs' Reply to Lasshofer Defendants' Opposition to Plaintiffs' Motion to Quash Subpoenas Served by the Lasshofer Defendants** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Robert Nolen Miller**
  rmiller@perkinscoie.com, rmiller-efile@perkinscoie.com

- **Kathleen E. Craigmile**
  kec@benningtonjohnson.com, add@benningtonjohnson.com, afa@benningtonjohnson.com, man@benningtonjohnson.com, sdj@benningtonjohnson.com

- **Kevin D. Evans**
  kdevans@s-elaw.com, lroberts@s-elaw.com, pdouglass@s-elaw.com, sjoshi@s-elaw.com, tbaksay@s-elaw.com

- **Christopher William Madel**
  cwmadel@rkmc.com, ELBecker@rkmc.com, arthom@rkmc.com, dclandis@rkmc.com, dmvanalstine@rkmc.com

- **Justine Victoria Beyda**
  jbeyda@cravath.com, mao@cravath.com

- **Julie Anne North**
  jnorth@cravath.com, mao@cravath.com

- **Jeffrey H. McClelland**
  jmc@benningtonjohnson.com

- **Aaron R. Thom**
  arthom@rkmc.com, aeheideman@rkmc.com

           */s/Christopher W. Madel*
           Christopher W. Madel
           Bruce D. Manning
           Aaron R. Thom
           **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
           2800 LaSalle Plaza
           800 LaSalle Avenue
           Minneapolis, MN 55402
           Telephone: 612-349-8500
           Facsimile: 612-339-4181
           cwmadel@rkmc.com
           bdmanning@rkmc.com
           arthom@rkmc.com

           ATTORNEYS FOR PLAINTIFFS

83897725.1