

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in the United States of America

MAY 0 7 2013

The Honorable R. Brooke Jackson
United States District Court for
the District of Colorado
Alfred A. Arraj Courhouse
901 19th Street
Denver, CO 80294

Your reference:
Your message of:
Our reference: 432.0-HVO

Washington, D.C., 1.05.2013

Re: **Case No. 1:12-cv-00869-RBJ: Niemi et al. v. Burgess et al.**

Dear Judge Jackson:

It has been brought to the attention of the Government of Switzerland that the plaintiffs in the above mentioned matter have sent requests to nominal defendant Credit Suisse demanding the production of documents and information located in Switzerland. Because the direct service of requests and the extraterritorial demands for discovery raise important questions concerning Swiss sovereignty and the procedures applicable to obtaining evidence from Switzerland for use in a United States court, I am writing to inform you of the views of Switzerland on this subject.

I wish to emphasize that the Government of Switzerland has no independent knowledge of the underlying merits of the cases before you. The comments in this letter are limited strictly to the procedures used for taking evidence in Switzerland. My letter seeks to avoid conflict between the laws of the United States and Switzerland by urging use of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of March 18, 1970.

The United States Supreme Court has stated that courts should "take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of nationality or the location of its operations, and for any sovereign interest expressed by a foreign state." Société Nationale Industrielle Aérospatiale v. United States District Court for the Southern District of Iowa, 482 U.S. 522, 546 (1987). Moreover, according to Rule 44.1 of the Federal Rules of Civil Procedure, United States Courts are expressly authorized to consider any relevant material or source in determining foreign law, whether or not submitted by a party. The Government of Switzerland has previously submitted the views contained in this letter to other courts of the United States. I therefore trust that you will be able to give full consideration to our comments.

2900 Cathedral Ave. NW
Washington, D.C. 20008-3499
Phone: (202) 745 7900, Fax: (202) 387 2564

Like many other civil law countries, Switzerland exercises more control over the collection of evidence in judicial matters than does the United States. The taking of evidence within Switzerland is considered a domestic judicial function, and it is the sovereign and exclusive right of the Swiss authorities to take compulsory measures against persons, including corporations, that are located in Switzerland. A unilateral attempt by a United States court to compel the release of documents from Switzerland without the participation or consent of Switzerland would be an infringement of Swiss sovereignty.

The Swiss Criminal Code also protects Swiss judicial sovereignty and the national economy by prohibiting unlawful activities by foreign authorities and the disclosure of trade or business secrets to foreign authorities or private parties.[1] This prohibition is enforced with criminal sanctions.[2]

In addition, the Swiss Banking Act prohibits employees of Swiss banks from disclosing customer information without consent from the customer, unless directed to disclose such information by the competent Swiss judicial authority.[3] This prohibition is intended to protect privacy of individuals and is strictly enforced in criminal procedures.[4]

Swiss judicial sovereignty and Swiss privacy laws are not designed to frustrate United States discovery procedures. Rather, they are a reflection of a national political tradition that places great value on the sovereign independence of the nation and the individual autonomy of its citizens.

I emphasize that Swiss judicial sovereignty and Swiss privacy laws do not preclude a foreign litigant from obtaining evidence from Switzerland. Rather, they require that certain procedures be followed in requesting and obtaining the evidence.

---

[1] Swiss Criminal Code of December 21, 1937, provides:

    Article 271 ("Unlawful activities on behalf of a foreign state"):
Any person who carries out activities on behalf of a foreign state on Swiss territory without lawful authority, where such activities are the responsibility of a public authority or public official,
any person who carries out such activities for a foreign party or organisation,
any person who encourages such activities,
is liable to a custodial sentence not exceeding three years or to a monetary penalty, or in serious cases to a custodial sentence of not less than one year.

    Article 273 ("Economic Intelligence Service"):
Whoever seeks to discover a manufacturing or business secret in order to make it accessible to a foreign official agency or a foreign organization or private enterprise or their agents, whoever makes a manufacturing or business secret accessible to a foreign official agency or a foreign organization or private enterprise or their agents, shall be sentenced to imprisonment for up to three years or a fine, in serious cases, to imprisonment for not less than one year. A fine can be combined with the imprisonment.

[2] Between 1984 and 2009, there have been 28 convictions for violations of Article 273.

[3] Article 47 of the Federal Law on Banks and Savings Banks of November 8, 1934 provides:

1. Whoever intentionally:
a. divulges a secret entrusted to him in his capacity as a management body, employee, mandatory or liquidator of a bank, as a management body or employee of an audit company or that he became aware of in this capacity;
b. seeks to induce others to such a violation of professional secrecy shall be sentenced to imprisonment of up to three years or a fine.
2. Where the offender acts through negligence, he or she is liable to a fine of up to 250,000 Swiss francs.
3. In the case of a repetition of the offense within five years of the conviction taking full legal effect, the monetary penalty will be a minimum of 45 daily penalty units.
4. Violation of professional secrecy remains punishable after termination of the official relationship or the practice of the profession.
5. The Federal and Cantonal regulations concerning the obligation to testify and to furnish information to a government authority remain reserved.
6. Prosecution and judgment of the acts under this provision are the responsibility of the cantons. The general provisions of the Swiss Criminal Code shall apply.

[4] Since 1993, there have been 48 convictions for violations of Article 47.

The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of March 18, 1970 ("Hague Convention") applies between Switzerland and the United States. When ratifying the Hague Convention, the Government of Switzerland made an express declaration that Switzerland regards this Convention to be exclusively applicable among the Contracting States. The Hague Convention allows evidence to be taken in Switzerland in a manner which is consistent with Swiss sovereignty, while offering the possibility to a party from a common law nation, such as the United States, to use the evidence-gathering methods of its home country rather than those of Switzerland.

By using the means of international judicial assistance as provided for in the Hague Convention, the competent Civil Court in the Canton in which the requested bank documents are located would decide whether they may be released. The Swiss courts have the authority, in appropriate circumstances, to allow the release of information that otherwise would be restricted under Article 273 of the Swiss Criminal Code and Article 47 of the Swiss Banking Act. Being authorized by the competent Swiss court to release the bank documents, the bank and its employees would be able to comply with the relevant discovery request from the United States court without being subject to criminal prosecution in Switzerland.

If international judicial assistance via the Hague Convention were not used, a bank and its employees would risk serious criminal sanctions if they were to produce such documents without authorization by a Swiss court. The existence of a unilateral discovery request or a discovery order from a United States court would not shield from prosecution a person who violated Swiss law in complying with it. Thus, the object of such an order would be in the position of having to decide which legal requirement to obey and, consequently, which sanctions to face.

Conflicts between the legal requirements of the United States and Switzerland should be avoided whenever possible. By using the mechanism for obtaining evidence from Switzerland that is available through international judicial assistance as provided for in the Hague Convention, the goal of the United States proceeding would be accomplished without violating Swiss sovereignty, and there would be no conflict.

As discussed above, requests for information by private parties in civil matters, including cases like this one, should be dealt with under the Hague Convention, and as previously noted, the Swiss courts have the authority to authorize release of information pursuant to such requests that would otherwise be prohibited from release by Articles 271 and 273 of the Swiss Criminal Code and Article 47 of the Swiss Banking Act. Each such request is evaluated individually and on its own merits.

Especially because the Government of Switzerland has repeatedly stressed and demonstrated its continuing willingness to assist the Government of the United States and the United States Courts in these types of matters, I respectfully urge you to require the use of international judicial assistance in this case.

Sincerely,

THE AMBASSADOR OF SWITZERLAND

Manuel Sager

cc:

Christopher William Madel
Bruce D. Manning
Robins, Kaplan, Miller & Ciresi, LLP
800 LaSalle Avenue
LaSalle Plaza, #2800
Minneapolis, MN 55402-2015

Robert Nolen Miller
Stephanie Erin Dunn
Perkins Coie LLP
1900 16th Street, #1400
Denver, CO 80202-5255

Kevin D. Evans
Phillip L. Douglass
Steese, Evans & Frankel, PC-Denver
6400 South Fiddlers Green Circle, #1820
Denver, CO 80111

Kathleen Craigmile
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, #3500
Denver, CO 80202

Julie Anne North
Cravath, Swaine & Moore LLP
825 Eighth Avenue
39th Floor
New York, NY 10019-7475

U.S. Department of State
Swiss Desk

U.S. Department of Justice
Office of Foreign Litigation, Civil Division