**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson**

Civil Action No. 12-cv-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

    Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GMBH,
INNOVATIS IMMOBILIEN GMBH,
INNOVATIS ASSET MANAGEMENT SA,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

    Defendants,

CREDIT SUISSE A.G.,

    Nominal Defendant.

---

**PLAINTIFFS' REPLY TO THE LASSHOFER DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE FOR AN ORDER THAT ALL FACTUAL ALLEGATIONS IN PLAINTIFFS' AMENDED COMPLAINT ARE DEEMED PROVEN AND THAT THE LASSHOFER DEFENDANTS ARE PRECLUDED FROM OPPOSING PLAINTIFFS' DAMAGES EVIDENCE**

---

The Lasshofer Defendants' disregard of this Court's Orders has caused, and

continues to cause, harm to Plaintiffs. To date, the Lasshofer Defendants have escrowed

$0 despite numerous Orders requiring them to do so (*see* Dkt. 16 at 3-4; Dkt. 50 at 21; Dkt. 184 at 2); they have paid $0 of the over $480,000 in Court-ordered fines they have incurred (*see* Dkt. 184 at 2); they have not answered a single interrogatory, produced a single document to Plaintiffs, or made any FED. R. CIV. P. 26(a) disclosures, despite being ordered by this Court to produce four different types of discovery (*see* Dkt. 169 at 2-3).

Now, the Lasshofer Defendants wish to attack Plaintiffs' damages calculations while simultaneously withholding critical information from Plaintiffs. This Court has discretion to sanction the Lasshofer Defendants' refusal to participate in discovery by precluding them from contesting Plaintiffs' damages evidence.[1]

In addition to requesting an order that the Lasshofer Defendants be precluded from contesting Plaintiffs' damages evidence, Plaintiffs' motion in limine requested an order that the Lasshofer Defendants be precluded from arguing that their fraudulent acts did not cause Plaintiffs' injuries or that Plaintiffs failed to mitigate their damages. (Dkt. 211.) The Lasshofer Defendants, however, do not dispute that their fraudulent acts "caused injuries as alleged," nor do they dispute that they are barred from arguing failure to

---

[1] Plaintiffs and the Lasshofer Defendants participated in a meet-and-confer via email with respect to this motion in limine. Plaintiffs filed this *entire* email string so the Lasshofer Defendants could not complain that Plaintiffs' counsel mischaracterized or misrepresented their position with respect to this motion. (*See* Dkt. 212 at 2 n.1; Dkt. 211-2.) Nevertheless, the Lasshofer Defendants have accused Plaintiffs of "represent[ing] events inaccurately" with respect to the parties' meet-and-confer.

mitigate damages. Instead, the Lasshofer Defendants ask this Court to refrain from making these rulings in limine. (*See* Dkt. 212 at 4-5.)

The Lasshofer Defendants have provided no reason why such a ruling should be delayed. In the interest of efficiency, and to delineate the contours of the June 7 hearing to allow all parties to productively prepare, Plaintiffs respectfully request that this Court grant Plaintiffs' motion in limine before the hearing.

## FACTS

In the instant motion in limine, Plaintiffs referenced and quoted from one of the Innovatis entities' web pages. (*See* Dkt. 211 at 3 (citing http://www.innovatis-organization.com/new-partner-for-innovatis-on-the-issuer-side/).) Plaintiffs submitted this web page to show that the Lasshofer Defendants, by their own representations, continue to conduct profitable business while ignoring this Court's escrow Orders and mounting fines.

After Plaintiffs filed this motion, the Lasshofer Defendants removed this webpage. (*See* http://www.innovatis-organization.com/new-partner-for-innovatis-on-the-issuer-side/.) The import of this deletion is clear: the Lasshofer Defendants continue their attempts to conceal and secrete evidence favorable to Plaintiffs.

## ARGUMENT

**This Court should grant Plaintiffs' motion in limine, including Plaintiffs' request for an order that the Lasshofer Defendants are precluded from opposing Plaintiffs' damages evidence.**

It is axiomatic that "a party that does not provide discovery cannot profit from its own failure." *Rose Mfg. Co. v. U.S. Forgecraft Corp.*, No. 91-1269, 1992 WL 180119, at *4 (10th Cir. July 27, 1992) (unpublished) (quoting *Dellums v. Powell*, 566 F.2d 231, 235 (D.C. Cir. 1977)). Moreover, a district court's discretion to issue FED. R. CIV. P. 37(b) sanctions for violation of a discovery Order is limited only by the requirement that the "sanction be both 'just' and 'related to the particular 'claim' at issue in the order to provide discovery.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). Criteria helpful for determining a just sanction include the degree of prejudice to the opposing party and availability of lesser sanctions. *See id.* at 921.

If a defendant improperly withholds discovery that would aid a plaintiff in calculating damages, an order precluding the defendant from contesting plaintiff's damages evidence is appropriate. *See, e.g.*, *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 72 (2d Cir. 1988) (affirming magistrate's imposition of sanctions, "including defendants being precluded from offering evidence as to damages," against defendant who willfully failed to comply with discovery orders and refused to produce information requested by plaintiff that was "necessary to calculate damages"); *Aviva Sports, Inc. v.*

*Fingerhut Direct Mktg., Inc.*, No. 09-1091 (JNE/JSM), 2013 WL 449775, at *19 (D. Minn. Jan. 8, 2013) (after recommending that district court enter default against defendant for violating discovery orders, ordering plaintiff to "submit to the District Court proof of its damages on its Lanham Act claims" and ruling that defendant "shall not be permitted to oppose this submission"), *adopted by* No. 09-1091 (JNE/JSM), 2013 WL 449838 (D. Minn. Feb. 6, 2013); *LaserDynamics, Inc. v. Asus Computer Int'l*, No. 2:06-CV-348, 2009 WL 153161, at *3 n.3 (E.D. Tex. Jan. 21, 2009) (ordering that "[t]o the extent any defendant fails to fully produce its relevant financial information, such as information to discern profitability, such defendant will be precluded from relying on any such information at trial to rebut any opinion expressed by the plaintiff's damages expert"); *O'Connor v. Powell*, No. 99 C 6582, 2000 WL 1230459, at *1, *5 (N.D. Ill. Aug. 23, 2000) (accepting magistrate's recommendation "that, pursuant to Federal Rule of Civil Procedure 37(b), the defendants be precluded from contesting any facts as to liability" and that the plaintiffs "demonstrate their damages on a prove-up basis"; setting prove-up hearing "at which time defendants shall be precluded from presenting any evidence").

In arguing that this Court lacks authority to order the relief requested by Plaintiffs, the Lasshofer Defendants cite inapposite case law. Neither *Clague v. Bednarski*, 105 F.R.D. 552 (E.D.N.Y. 1985), nor *SEC v. Wang*, No. 88 CIV 4461 (RO), 1989 WL 135558 (S.D.N.Y. May 22, 1989), involved a defendant who had violated discovery

orders, much less completely refused to participate in discovery. Neither case addressed a situation like that of the instant case, or the cases cited *supra*, where a defendant has withheld discovery that plaintiff could have used in calculating or establishing damages.

The Lasshofer Defendants' refusal to participate in discovery puts Plaintiffs at a disadvantage in proving their damages. Without the Lasshofer Defendants' participation in discovery, Plaintiffs cannot know the full extent to which they have been prejudiced by the Lasshofer Defendants' discovery violations. Nonetheless, Plaintiffs are aware of at least five ways in which the Lasshofer Defendants' choice not to participate in discovery has harmed Plaintiffs.

*First*, discovery would likely confirm Plaintiffs' contention that they, and not any special purpose entity, have been harmed by the Lasshofer Defendants' scheme to defraud. The Lasshofer Defendants continue to argue that the properties destroyed by fraud were "owned by the Azco entities, not Plaintiffs." (Dkt. 212 at 2.) Plaintiffs are aware of at least one document authored by Erwin Lasshofer that contradicts these arguments. (*See, e.g.*, Dkt. 178-7 (email in which Defendant Lasshofer asks Defendant Burgess: "By the way, when did John bring in his funds?").) The Lasshofer Defendants may possess additional documents which show that they expected and intended their fraud scheme to harm Plaintiffs—not Plaintiffs' alleged "special purpose entities."

*Second*, discovery obtained from the Lasshofer Defendants would enable Plaintiffs to trace their personal funds, which the Lasshofer Defendants have admitted possessing.

(*See* Dkt. 32 at 7 (Lasshofer Defendants admitting that "Credit Suisse bank records reflect that Burgess sent approximately $600,000 of Plaintiffs' money to Innovatis").) Discovery would also allow reveal the extent to which the Lasshofer Defendants have profited from Plaintiffs' funds.

*Third*, the Lasshofer Defendants are likely in possession of documents, potentially in the form of cost-benefit analyses, which would reveal the harm that the Lasshofer Defendants expected Plaintiffs to suffer as a result of Defendants' fraud scheme.

*Fourth*, while the fraud scheme was underway, Plaintiff Niemi put Defendants on notice of the harm that the fraud scheme was causing Plaintiffs and their project. (*See* Dkt. 151-6 at 25-26 (email from Plaintiff Niemi to Defendant Burgess: Niemi explaining that he "agreed to assume sole responsibility as guarantor for over $30mm of existing debt" and that "due to my belief in you and Prosperity, I have stalled my project in its entirety by not extending my construction loans, leaving me in a precarious position if our relationship does not move forward"); *id.* at 47-48 (email from Plaintiff Niemi to Defendant Burgess: "Michael, I am extremely disappointed that I am being notified on the evening of January 20th that the contractual obligation for funding tomorrow will not be met by Prosperity/Innovatis. This places our project in a very precarious position, as we will not be able to meet our obligation to existing vendors and lenders. You and I have had extensive conversations regarding this financial pressure and I took your word that you understood and would ensure that you would not jeopardize the project by

failing to fund the partial escrow payments.").) Communications between Defendants relating to this or other communications regarding Plaintiffs' harm would confirm, and perhaps even bolster, Plaintiffs' damages calculations.

*Fifth*, in connection with Defendants' fraudulent due diligence process, Defendants asked for and received the appraisals which support Plaintiffs' damages calculations. Discovery would reveal the extent to which the Lasshofer Defendants credited and relied upon these appraisals. *See* FED. R. EVID. 801(d)(2)(B).

Plaintiffs, in contrast to the Lasshofer Defendants, have made full disclosure of their damages evidence and calculations. Indeed, Plaintiffs have even provided a detailed expert report of Plaintiff Niemi that fully explains Plaintiffs' damages. (May 28, 2013 Declaration of Aaron R. Thom ("Thom Decl.") Ex. 1.) The Lasshofer Defendants' receipt of this thorough damages analysis gives them an unfair opportunity to attack the report while withholding discovery that Plaintiffs could use to bolster the same. This Court should exercise its discretion to alleviate this unfairness.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion in limine (Dkt. 211).

DATED this 28th day of May, 2013.

        Respectfully submitted,

        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

        */s/Christopher W. Madel*
        Christopher W. Madel
        Bruce D. Manning
        Aaron R. Thom
        2800 LaSalle Plaza
        800 LaSalle Avenue
        Minneapolis, MN 55402
        Telephone: 612-349-8500
        Facsimile: 612-339-4181
        cwmadel@rkmc.com
        bdmanning@rkmc.com
        arthom@rkmc.com

        And

        Robert N. Miller
        **PERKINS COIE LLP**
        1900 Sixteenth Street, Suite 1400
        Denver, CO 80202-5255
        Telephone: 303-291-2300
        Facsimile: 303-291-2400
        rmiller@perkinscoie.com

        ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

     I hereby certify that on May 28, 2013, I electronically filed the foregoing PLAINTIFFS' REPLY TO THE LASSHOFER DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE FOR AN ORDER THAT ALL FACTUAL ALLEGATIONS IN PLAINTIFFS' AMENDED COMPLAINT ARE DEEMED PROVEN AND THAT THE LASSHOFER DEFENDANTS ARE PRECLUDED FROM OPPOSING PLAINTIFFS' DAMAGES EVIDENCE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Justine Victoria Beyda**
  jbeyda@cravath.com,mao@cravath.com
- **Kathleen E. Craigmile**
  kec@benningtonjohnson.com,dtb@benningtonjohnson.com, man@benningtonjohnson.com,tlp@benningtonjohnson.com, afa@benningtonjohnson.com
- **Kevin D. Evans**
  kdevans@s-elaw.com,pdouglass@s-elaw.com,sjoshi@s-elaw.com, tbaksay@s-elaw.com
- **Robert Nolen Miller**
  rmiller@perkinscoie.com,rmiller-efile@perkinscoie.com
- **Julie Anne North**
  jnorth@cravath.com,mao@cravath.com

                                                    */s/Christopher W. Madel*
                                                    Christopher W. Madel
                                                    Bruce D. Manning
                                                    Aaron R. Thom
                                                    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
                                                    2800 LaSalle Plaza
                                                    800 LaSalle Avenue
                                                    Minneapolis, MN 55402
                                                    Telephone: 612-349-8500
                                                    Facsimile: 612-339-4181
                                                    cwmadel@rkmc.com
                                                    bdmanning@rkmc.com
                                                    arthom@rkmc.com

                                                    ATTORNEYS FOR PLAINTIFFS

83943207.1