**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

    Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GMBH,
INNOVATIS IMMOBILIEN GMBH,
INNOVATIS ASSET MANAGEMENT SA,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

    Defendants,

CREDIT SUISSE A.G.,

    Nominal Defendant.

---

**CREDIT SUISSE AG'S RESPONSE TO PLAINTIFFS' MOTION
*IN LIMINE* TO PRECLUDE CREDIT SUISSE FROM INTRODUCING
EXPERT TESTIMONY AT JUNE 7 HEARING (DOC. 218)**

---

    Nominal Defendant Credit Suisse AG ("Credit Suisse"), by and through its undersigned counsel, submits this response to Plaintiffs' motion *in limine* to preclude it from introducing expert testimony at the June 7, 2013 hearing.

**SUMMARY OF RESPONSE**

    1.    The Court should deny Plaintiffs' latest Motion for four reasons: (1) the testimony Credit Suisse will present is not subject to Rule 26(a)(2) but, rather, is governed by Rule 44.1;

(2) the requirements of Rule 44.1 were long ago satisfied through CS AG's repeated identification, citation and quotation of each of the Swiss laws at issue; (3) there has been no prejudice to Plaintiffs, and any theoretical prejudice could have been cured had Plaintiffs attempted to further address the issue with Credit Suisse after raising and dropping the issue nearly a month ago; and (4) Plaintiffs should not be rewarded for continuing to file lengthy, last-minute motions that distract an exceptionally busy Court from considering (and other litigants from preparing to present) the merits of the parties' positions.

## RESPONSE

1.      Plaintiffs commence the Motion with the unsupported reference to "**Credit Suisse's refusal to participate in discovery in this case.**" Motion at 2.  As reflected by the Credit Suisse discovery responses Plaintiffs omitted when filing the referenced Motion to Compel, Credit Suisse has not refused to participate in discovery.  Doc. 207-2; *see also* Doc. 208 (Motion to Strike) at 3-4.  Rather, Credit Suisse substantively responded to the requests to the extent that doing so would not violate Swiss laws, including those addressed in the letter of Ambassador Sager dated May 1, 2013 (Doc. 204).

2.      Plaintiffs next assert that the obligations of Local Rule 7.1.A were satisfied through the email exchange that occurred on May 9 and 10, 2013 attached to the Motion as Exhibit 1.  Motion at 3; Doc. 218-2.  Plaintiffs never responded to the last email in the exchange, in which Credit Suisse attempted to clarify which rules Plaintiffs were referencing and confirmed that to the extent Credit Suisse offered any opinion testimony at the hearing, it would be limited to opinions that were addressed in detail in declarations that had been provided to Plaintiffs more than six months ago (Doc. 218-2, p. 2).  With no intervening communication on the subject,

Plaintiffs waited until less than three days before the hearing to file the Motion. Plaintiffs' delay and failure to confer in good faith alone are reason to deny the Motion.

    3.    In any event, the substance of Plaintiffs' Motion fails because a federal court's determination of foreign law is governed by Rule 44.1, not Rule 26(a)(2). Rule 44.1 provides:

> A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

No expert disclosure or report is required for matters subject to Rule 44.1. *See, e.g., BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil,* 184 F.R.D. 3, 9 (D.C. 1999); *Universal Trading & Inv. Co., v. Kiritchenko,* No. C-99-03073 MMC (EDL), 2007 WL 2141296, at *2, 4 (N.D. Cal. Jul. 25, 2007). As the *Kiritchenko* court explained:

> Rule 44. 1 of the Federal Rules of Civil Procedure provides that a court may consider testimony or other relevant material to determine issues of foreign law, and "provides flexible procedures for presenting and utilizing material on issues of foreign law." *See* Fed.R.Civ.P. 44. 1, Advisory Committee Notes to 1966 Adoption; *see also Thomson Consumer Elecs., Inc. v. Innovatron, S.A.,* 3 F. Supp. 2d 49, 52 (D.D.C. 1998) ("When answering a question of foreign law, a federal court is authorized to look to a host of sources, including evidence in the form of expert testimony."). A court's determination of foreign law is not a factual issue for the jury, as with evidence submitted under Rule 26; instead, it "shall be treated as a ruling on a question of law." *See* Fed. R. Civ. P. 44. 1 (addressing determination of foreign law by the court); Fed. R. Civ. P. 26 (applying to "persons who will provide opinions under Rule 702" to assist the trier of fact). Rule 44. 1 permits, but does not require, a party to provide persuasive materials to the court; it only requires that notice be given to the court by a party who intends to raise an issue concerning the law of a foreign country. Fed. R. Civ. P. 44. 1; *see also* Fed.R.Civ.P. 44. 1, Advisory Committee's Notes to 1966 Adoption ("if notice is given by one party it need not be repeated by any other and serves as a basis for presentation of material on the foreign law by all parties.").

* * *

> Plaintiff also seeks to compel Defendants to produce a report for all experts whom Defendants identified, including those who are testifying pursuant to Rule 44.1 and not providing evidence under Rule 702. However, Rule 44.1 by its plain language does not require a written report from persons who will be providing testimony only to assist the court in making determinations of foreign law.

*Id.* at 2, 4.

4.From its first appearance in this action, Credit Suisse put the Court and parties on notice that the turnover order requested by Plaintiffs implicated issues of Swiss law and, in particular, provisions of the Swiss Criminal Code. Doc. 100, 7/30/2012 TRO Hearing Tr. at 51:13-52:6. Credit Suisse provided to Plaintiffs and filed with the Court multiple declarations of Swiss attorneys Drs. Peter Reichart and Andrea Meier specifying the Swiss laws that would be violated by Credit Susise's compliance with the turnover order, quoting the English translations of those laws, and identifying relevant Swiss authorities discussing those laws. (Docs. 124-2, 133, 166-1). Plaintiffs themselves recognized that Swiss laws would be implicated in this case given that they initially retained a Swiss attorney "to provide legal advice and counsel with respect to the laws of Switzerland" (see Declaration of Marcel Steinegger, Doc. 34-2, at 1). For reasons known only to Plaintiffs, they have not submitted any declaration or statement of Dr. Steinegger or other Swiss law authority challenging the citations or opinions of Drs. Reichart and Meier.

5.In April 2013, when Plaintiffs served substantive discovery requests primarily seeking account records and information directly implicating the Swiss financial privacy laws that it had previously cited, Credit Suisse believed it had a duty to inform the Swiss Foreign Ministry of the pending dispute and Plaintiffs' requests. Thereafter, Switzerland's United States Ambassador provided an official statement as to those matters in the letter dated May 1, 2013,

citing the privacy laws Credit Suisse had previously cited (Doc. 204). In response to the Court's setting of the June 7 hearing and its comments during the telephonic conference on May 9, Credit Suisse contacted the Swiss Foreign Ministry a second time to advise of the entry of default and turnover request. The Government of Switzerland submitted its official position on that issue through the Ambassador's letter dated May 21, 2013 (Doc. 216), again citing Swiss laws previously identified by Credit Suisse. More than six weeks ago, to ensure that there was no question at all as to disclosure of the provisions of the Swiss laws that Credit Suisse has referenced and relied on at every turn, Credit Suisse provided Plaintiffs copies of the entire Swiss Criminal Code in its official German language form and unofficial English translation. *See* Doc. 197-2 at p. 2 (referencing enclosure).

6.  Plaintiffs' argument that they have been "render[ed] wholly unable" to research or prepare to refute Credit Suisse's Swiss law arguments (Motion at 5) is, very simply, untrue. For this and the other reasons set forth herein, Credit Suisse requests that Plaintiffs' Motion be denied.[1]

Dated: June 6, 2013

---

[1] As Credit Suisse has advised Plaintiffs, it will present the testimony of Dr. Lorenz Erni, a Swiss criminal defense attorney, to address the Swiss law issues. Contrary to Plaintiffs' statement in their response to Credit Suisse's hearing memorandum filed late last evening, Dr. Erni was identified as a witness in Credit Suisse's discovery responses served May 7, 2013. See Doc. 207-2 at 9 and 3 (noting supplementation pursuant to Fed. R. Civ. P. 26(a)(1) and (e)). Plaintiffs' arguments regarding statements in Ambassador Sager's May 21 letter and the likelihood of prosecution of criminal matters in Switzerland are not the appropriate subject of a motion in *limine*. In any event, Credit Suisse will be prepared at the June 7 hearing to address Plaintiffs' misstatements of law and fact in that regard.

*s/ Kathleen E. Craigmile*

Kathleen E. Craigmile
Jeffrey H. McClelland
BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202

Julie North
Justine Beyda
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  212-474-1752

*Attorneys for Nominal Defendant
Credit Suisse AG*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 6, 2013, a copy of the foregoing **CREDIT SUISSE AG'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE CREDIT SUISSE AG FROM INTRODUCING ANY EXPERT TESTIMONY AT JUNE 7 HEARING** was served on the following parties via the CM/ECF filing system:

Christopher William Madel
Bruce D. Manning
Robins, Kaplan, Miller & Ciresi, LLP
800 LaSalle Avenue
LaSalle Plaza, #2800
Minneapolis, MN 55402-2015
*CWMadel@rkmc.com*
*BDManning@rkmc.com*

Robert Nolen Miller
Stephanie Erin Dunn
Perkins Coie LLP
1900 16th Street, #1400
Denver, CO 80202-5255
*rmiller@perkinscoie.com*
*sdunn@perkinscoie.com*

Kevin D. Evans
Phillip L. Douglass
Steese, Evans & Frankel, PC-Denver
6400 South Fiddlers Green Circle, #1820
Denver, CO 80111
*kdevans@s-elaw.com*
*pdouglass@s-elaw.com*

*s/ Marie Newberger*