**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge R. Brooke Jackson**

Civil Action No. 12-cv-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

       Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GMBH,
INNOVATIS IMMOBILIEN GMBH,
INNOVATIS ASSET MANAGEMENT SA,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

       Defendants,

CREDIT SUISSE A.G.,

       Nominal Defendant.

---

**PLAINTIFFS' REPLY TO THE LASSHOFER DEFENDANTS' RESPONSE TO
NOTICE OF PROPOSED ORDER [DOC. NO. 225; FILED 6/10/2013]**

---

Although they have not complied with this Court's Preliminary Injunction Order for

376 days now, the Lasshofer Defendants ask this Court to delay issuing a bench warrant

for Defendant Lasshofer's arrest until after the Tenth Circuit issues its decision regarding

the Lasshofer Defendants' appeal. The United States Supreme Court rejected this

argument almost forty years ago:

> [A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975); *Schildt v. FBI*, Nos. 96-4114, 96-4149,

1997 WL 235277, at *2 (10th Cir. May 9, 1997) (unpublished) (quoting *Maness*, 419

U.S. at 458).

Title 18, Section 401 of the U.S. Code provides that "[a] court of the United States

shall have power to punish by fine *or imprisonment*, or both, at its discretion, such

contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its

lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401 (emphasis

added); *see also United States v. Ford*, 514 F.3d 1047, 1050 (10th Cir. 2008) ("Unmoved

by these arguments, and finding that Ford had no valid basis for disobeying the court's

April Order, the district court held Ford in civil contempt and ordered that he be taken

into federal custody immediately.") (citing 18 U.S.C. § 401). District courts have

accordingly recognized that they have "the power . . . to impose conditional

imprisonment for the purpose of compelling a person to obey a valid order." *Uphaus v.

Wyman*, 360 U.S. 72, 81 (1959). Such imprisonment constitutes coercive *civil* contempt.

*See Ford*, 514 F.3d at 1050; *see also Shillitani v. United States*, 384 U.S. 364, 370-71

(1966) (noting that "[w]here contempt consists of a refusal to obey a court order to testify

2

at any stage in judicial proceedings, the witness may be confined until compliance. . . .

The conditional nature of the imprisonment—based entirely upon the contemnor's

continued defiance—justifies holding civil contempt proceedings absent the safeguards

of indictment and jury . . . .") (citations omitted); *United States v. Wesson*, No. 08-cv-

01545-REB-MJW, 2008 WL 5083495, at *3 (D. Colo. Nov. 24, 2008) (holding that

"[c]ivil confinement is one type of coercive sanction" for noncompliance with a court

order).

Here, the Lasshofer Defendants sought a stay pending appeal of this Court's June 1,

2012 Preliminary Injunction Order. (Dkt. 50.) Both this Court and the Tenth Circuit

denied their request. (Dkt. 69.) This Court found the Lasshofer Defendants to be in

contempt of its Orders on March 26, 2013—298 days after this Court issued its

Preliminary Injunction Order. (Dkt. 184.) When the Lasshofer Defendants still did not

comply with the Order after this contempt finding, this Court ordered that the Lasshofer

Defendants pay $10,000 per day for each day of their noncompliance with this Court's

Orders from and after April 10, 2013. (*Id.*) While this March 26 Order has resulted in the

Lasshofer Defendants owing an additional $630,000 to date, the $10,000-per-day

sanction has not achieved the desired effect of coercing compliance with this Court's

Orders (or compensating Plaintiffs for the contempt). A bench warrant for Erwin

3

Lasshofer's arrest, therefore, is the next logical step to coerce compliance. Plaintiffs thus

respectfully request that this Court issue the warrant immediately.[1]

---

[1]    The Lasshofer Defendants mistakenly characterize this Court's $10,000-per-day sanction and the requested bench warrant as *criminal* contempt sanctions. (*See* Dkt. 227 at 2.) Because the $10,000-per-day sanction was issued to coerce compliance with this Court's Orders and to compensate Plaintiffs for the Lasshofer Defendants' contempt, and because the requested bench warrant would be issued to coerce compliance with this Court's Orders, both sanctions are properly characterized as *civil* contempt orders. *See Bradley v. Am. Household, Inc.*, 378 F.3d 373, 378 (4th Cir. 2004) ("The basic difference between civil and criminal contempt sanctions is that civil contempt sanctions are intended 'to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained,' while criminal contempt sanctions are intended 'to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct . . . .'") (quoting *Buffington v. Balt. Cnty.*, 913 F.2d 113, 133 (4th Cir. 1990)); *Law v. Nat'l Collegiate Athletic Assoc.*, 134 F.3d 1438, 1442 (10th Cir. 1998) (stating that civil contempt "'is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance'") (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)).

Moreover, even if either sanction constituted *criminal* contempt sanctions, the Lasshofer Defendants' argument that "[a] criminal contempt finding in connection with an order that is then reversed would gut the contempt finding" (Dkt. 227 at 2) would still be incorrect. The United States Supreme Court has stated that "[v]iolations of an order are punishable as criminal contempt even though the order is set aside on appeal, . . . or though the basic action has become moot . . . ." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 294 (1947) (citing *Worden v. Searls*, 121 U.S. 14 (1887)); *see also Brown v. City of Upper Arlington*, 637 F.3d 668, 671 (6th Cir. 2011) (quoting this sentence from *United Mine Workers*, 330 U.S. at 294). The Supreme Court has even permitted Rule 11 sanctions where the district court lacked subject-matter jurisdiction over the underlying case. *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992). Moreover, even when a subsequent appellate decision reversed an injunctive order, appellate courts have remanded the case to the district court to ascertain if the district court would *still* find the noncompliant party in contempt. *Dunn v. United States*, 388 F.2d 511, 513 (10th Cir. 1968). Plaintiffs remain confident that the Tenth Circuit will affirm this Court's June

4

DATED this 12th day of June, 2013.

Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

*/s/Christopher W. Madel*
Christopher W. Madel
Bruce D. Manning
Aaron R. Thom
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
cwmadel@rkmc.com
bdmanning@rkmc.com
arthom@rkmc.com

And

Robert N. Miller
**PERKINS COIE LLP**
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303-291-2300
Facsimile: 303-291-2400
rmiller@perkinscoie.com

ATTORNEYS FOR PLAINTIFFS

---

1 Order, but the disposition of this appeal has no bearing on this Court's authority to impose contempt sanctions.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2013, I electronically filed the foregoing PLAINTIFFS' REPLY TO THE LASSHOFER DEFENDANTS' RESPONSE TO NOTICE OF PROPOSED ORDER [DOC. NO. 225; FILED 6/10/2013] with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Justine Victoria Beyda**
  jbeyda@cravath.com,mao@cravath.com
- **Kathleen E. Craigmile**
  kec@benningtonjohnson.com,dtb@benningtonjohnson.com,
  man@benningtonjohnson.com,tlp@benningtonjohnson.com,
  afa@benningtonjohnson.com
- **Kevin D. Evans**
  kdevans@s-elaw.com,pdouglass@s-elaw.com,sjoshi@s-elaw.com,
  tbaksay@s-elaw.com
- **Robert Nolen Miller**
  rmiller@perkinscoie.com,rmiller-efile@perkinscoie.com
- **Julie Anne North**
  jnorth@cravath.com,mao@cravath.com

*/s/Christopher W. Madel*
Christopher W. Madel
Bruce D. Manning
Aaron R. Thom
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
cwmadel@rkmc.com
bdmanning@rkmc.com
arthom@rkmc.com

ATTORNEYS FOR PLAINTIFFS

83981567.1