**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

        Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

        Defendants.

---

**RESPONSE OF DEFENDANTS ERWIN LASSHOFER, INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH, AND INNOVATIS ASSET
MANAGEMENT, S.A. IN OPPOSITION TO PLAINTIFFS' MOTION FOR
ENTRY OF FINAL JUDGMENT THAT TREBLES PLAINTIFFS' ACTUAL
DAMAGES, INCLUDES FED. R. CIV. P. 54(b) CERTIFICATION, INCLUDES
FACTUAL FINDINGS RELEVANT TO ENFORCEABILITY ABROAD, AND IS
PHYSICIALLY SIGNED AND APOSTILLIZED**

---

Defendants Erwin Lasshofer ("Mr. Lasshofer") and Innovatis GmbH, Innovatis

Immobilien GmbH and Innovatis Asset Management, S.A. (collectively, the "Innovatis

entities") respond in opposition to Plaintiffs' Motion For Entry Of Final Judgment That Trebles Plaintiffs' Actual Damages, Includes Fed. R. Civ. P. 54(b) Certification, Includes Factual Findings Relevant To Enforceability Abroad, And Is Physically Signed And Apostillized ("Motion For Entry Of Final Judgment") [Doc. No. 246; filed 7/5/13].

## INTRODUCTION

Notwithstanding the facts that i) the Court on June 7, 2013, entered final judgment on Plaintiffs' Fifth and Twelfth Claims, ii) the Court certified that judgment on June 7, 2013, under Rule 54(b) at Plaintiffs' request, iii) the Clerk entered the judgment and Rule 54(b) certification on June 11, 2013, iv) Plaintiffs have initiated collection efforts, and v) Mr. Lasshofer and the Innovatis entities have appealed the Court's judgment and related rulings, including the Rule 54(b) certification (*see* Notice Of Appeal and Docketing Statement, Exhibit 1 hereto), Plaintiffs seek to have the Court issue another Rule 54(b) certification to correct errors and to enter further requested relief.  Plaintiffs so moved after Mr. Lasshofer and the Innovatis entities raised the erroneous Rule 54(b) certification as an issue on appeal, and the Tenth Circuit issued an order stating in part:

> The order being appealed (entered on June 11, 2013) apparently did not dispose of all claims against all parties.  Accordingly, it appears that no final, appealable order or judgment has been entered and that this court may lack jurisdiction to consider this appeal. . . . [¶] Although the district court's June 11, 2013 order references Fed. R. Civ. P. 54(b), the order did not set forth the district court's reasons for granting 54(b) certification.

[Document:  01019082393; filed 07/01/2013].  The Tenth Circuit thus tolled briefing on appeal in order to consider the jurisdictional question.  In light of these developments, not

only does the Court lack jurisdiction to entertain Plaintiffs' Motion, but the Court should look with jaundiced eyes at Plaintiffs' latest misdirection.

In their Motion For Entry Of Final Judgment, Plaintiffs pretend that this Court did not enter final judgment and sever Claims Five and Twelve pursuant to FED. R. CIV. P. 54(b). They also incorrectly claim that Mr. Lasshofer and the Innovatis entities prematurely filed their Notice Of Appeal "before this Court was provided with the opportunity to enter a FED. R. CIV. P. 54(b) certification order . . . ." Motion For Entry Of Final Judgment at 3. Moreover, recently Plaintiffs falsely told the Tenth Circuit that this Court has not entered a Rule 54(b) order. *See* Exhibit 2, Memorandum Brief Of Appellees, at 2.

Certainly, these revisionist revelations must surprise the Court as they do Mr. Lasshofer and the Innovatis entities. The Courtroom Minutes from the June 7 hearing unequivocally state: "Court severs Counts Five and Twelve with respect to Mr. Lasshofer and the Innovatis Defendants pursuant to 54B [sic]." Courtroom Minutes [Doc. No. 224; filed 6/7/2013]. On June 11, 2013, the Clerk entered final judgment and severed the claims: "Counts Five and Twelve with respect to Mr. Lasshofer and the Innovatis Defendants are severed, pursuant to Fed. R. Civ. P. 54(b)." *See* Default Judgment [Doc. No. 226].

Clearly, final judgment has been entered and certified pursuant to Rule 54(b), albeit erroneously. An appeal of that final judgment has been taken on grounds, *inter alia,* that the legal criteria for Rule 54(b) certification have not been and cannot be met. That appeal divested the Court of jurisdiction over the appealed issues, and Plaintiffs advance no Rule or authority by which they may ask the Court to issue another Rule 54(b) finding while the Rule

54(b) issue is on appeal.  Therefore, the Court should deny Plaintiffs' Motion For Entry Of Final Judgment.

## ARGUMENT

There can be no question that the Court entered final judgment against Mr. Lasshofer and the Innovatis entities and severed Claims Five and Twelve pursuant to Rule 54(b). Indeed, at the June 7, 2013 hearing, Plaintiffs specifically asked the Court to certify its default judgment order pursuant to Rule 54(b):

> What we would just ask, Your Honor, is that so that we can ask – if my clients determine that they want to go to Switzerland, if Your Honor would **sever counts five and twelve with respect to Mr. Lasshofer and the Innovatis defendants pursuant to 54(b) so we can have a final judgment with respect to those two counts.**

Exhibit 3, June 7, 2013 Hearing Transcript at 209:11-16 (emphasis added).  The Court ruled in a single word:  "Granted."  Then the Court asked:  "Anything else."  *Id.* at 209:17-18.

If, at that point, Plaintiffs believed the Court had not properly ordered final judgment and severed the claims in question pursuant to Rule 54(b), Plaintiffs were free to ask the Court to " 'clearly articulate [its] reasons and make careful statements based on the record supporting [its] determination . . . .' " *Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 n.5 (10th Cir. 2002).  They did not.[1]  In fact, even the order Plaintiffs now propose merely recites catch-phrases without reflecting the type of findings prerequisite to

---

[1] Instead, Plaintiffs' counsel raced to the lectern to request a bench warrant against Mr. Lasshofer, saying nothing about the adequacy (or rather lack thereof) of the Court's Rule 54(b) ruling.  *See* Exhibit 3 at 210:2-22.

4

Rule 54(b) certification.  *See* [Proposed] Order [Doc. No. 228-1; filed 6/11/2013] (asking the Court to recite that "there is no just reason for delay").

As referenced above, following the June 7 hearing, the Courtroom Minutes were entered, reflecting an order of judgment and severance of Claims Five and Twelve.  *See* Courtroom Minutes [Doc. No. 224; filed 6/7/2013].  In compliance with FED. R. CIV. P. 58, the Clerk then entered default judgment on June 11, 2013, also noting that Claims Five and Twelve were severed pursuant to Rule 54(b).  *See* Default Judgment [Doc. No. 226; filed 6/11/2013].

Plaintiffs now argue that the Court expected to do more before its judgment was final.  They contend that the something more was to rule on their Motion For This Court To Treble Damages Pursuant To Their Fifth Claim For Relief And To Enter Judgment That Will Be Enforceable Abroad ("Motion To Treble") [Doc. No. 228; filed 6/11/2013], which was filed just a few hours after the default judgment and Rule 54(b) certification by the Court.  However, Plaintiffs' Motion To Treble makes no reference to any applicable Federal Rule Of Civil Procedure (nor does Plaintiffs' current Motion).  It was not, for instance, a motion under FED. R. CIV. P. 59.  Truth be told, in immediately requesting on June 7 that the Court certify the default judgment under Rule 54(b), Plaintiffs either engaged in an intentional strategic ploy (intending to argue "gotcha" if Mr. Lasshofer and the Innovatis entities did not appeal within 30 days), or they were careless in their prematurely securing the Rule 54(b) certification from the Court (erroneous as it was).  Either way, whatever the

Motion To Treble was, it had no effect on the finality of the default judgment and time to appeal given the Court's Rule 54(b) certification.

Indeed, Plaintiffs' own conduct since June 7 (which they conveniently neglect to mention) establishes this very point. On June 28, 2013 – 21 days after the Court entered final judgment pursuant to Rule 54(b) at Plaintiffs' request, and 17 days after the order was entered by the Clerk – Plaintiffs filed their Motion For Order To Apply Property Owned By The Lasshofer Defendants Toward Partial Satisfaction Of The Default Judgment ("Motion For Order To Apply Property") [Doc. No. 243], asking the Court to issue a writ of execution pursuant to FED. R. CIV. P. 69(a) and COLO. R. CIV. P. 69(g). In other words, Plaintiffs began collection efforts. In light of these collection efforts, this Court must ask: if, as Plaintiffs told the Tenth Circuit and argue now before this Court, Plaintiffs truly believed that the default judgment was not a final appealable order and that the Court intended to enter another order before the judgment was final, what is the basis of Plaintiffs' Motion For Order To Apply Property? In other words, Plaintiffs either falsely assert (in the Tenth Circuit and now here) that final judgment pursuant to Rule 54(b) was not entered, or they attempted to collect on a nonfinal judgment; as explained herein, it was the former.

Mr. Lasshofer and the Innovatis entities demonstrated in recent briefing before the Tenth Circuit that not only did the Court err in its one word grant of Plaintiffs' request for Rule 54(b) certification, but also that final judgment should not have been entered because, among other reasons, the severed claims are not separable. *See* Exhibit 4, Memorandum

Brief Of Appellants.[2]  Now, an appeal having been taken challenging numerous rulings –

including the Court's Rule 54(b) certification, there is nothing for this Court to do (and

nothing the Court can do) but deny Plaintiffs' Motion For Entry Of Final Judgment.  It is

for the Tenth Circuit to decide whether the Court complied with Rule 54(b) and, if it did

not, instruct the Court how to proceed:  "The filing of a notice of appeal is an event of

jurisdictional significance – it confers jurisdiction on the court of appeals and divests the

district court of its control over those aspects of the case involved in the appeal." *Griggs v.*

*Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

## CONCLUSION

For the foregoing reason, the Court should deny Plaintiffs' Motion For Entry Of

Final Judgment.

---

[2] Plaintiffs' Motion For Final Judgment concedes facts showing the impropriety of Rule 54(b) certification.  According to Plaintiffs:  "With respect to Claim 5 of the Amended Complaint, Plaintiffs have no intention of seeking monetary damages from any Defendant beyond those awarded under Claim 5."  Motion For Final Judgment at 5.  Courts concentrate on two factors in evaluating separability:  " '(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) **whether the claims disposed of and the remaining claims seek separate relief**.' " *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting *Moore's Federal Practice 3d § 202.06[2]*) (emphasis added).  Plaintiffs' expressed intent concedes the obvious:  the claims disposed of and the remaining claims do not seek separate relief.  Certification was not proper.

Dated:  July 16, 2013.                            Respectfully submitted,

                                                  *s/Kevin D. Evans*
                                            By:   _____

                                                  Kevin D. Evans
                                                  Phillip L. Douglass
                                                  STEESE, EVANS & FRANKEL, P.C.
                                                  6400 S. Fiddlers Green Circle
                                                  Suite 1820
                                                  Denver, Colorado 80111
                                                  Telephone:    720.200.0676
                                                  Facsimile:    720.200.0679
                                                  Email: kdevans@s-elaw.com
                                                         pdouglass@s-elaw.com

                                                  Attorneys for Defendants
                                                  ERWIN LASSHOFER, INNOVATIS GmbH,
                                                  INNOVATIS IMMOBILIEN GmbH, INNOVATIS
                                                  ASSET MANAGEMENT, S.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2013, I caused the foregoing **RESPONSE OF DEFENDANTS ERWIN LASSHOFER, INNOVATIS GmbH, INNOVATIS IMMOBILIEN GmbH, AND INNOVATIS ASSET MANAGEMENT, S.A. IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT THAT TREBLES PLAINTIFFS' ACTUAL DAMAGES, INCLUDES FED. R. CIV. P. 54(b) CERTIFICATION, INCLUDES FACTUAL FINDINGS RELEVANT TO ENFORCEABILITY ABROAD, AND IS PHYSICIALLY SIGNED AND APOSTILLIZED** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Robert N. Miller
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Email: rmiller@perkinscoie.com

Christopher W. Madel
Bruce D. Manning
Aaron R. Thom
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Email: cwmadel@rkmc.com
      bdmanning@rkmc.com
      arthom@rkmc.com

Jeffrey H. McClelland
Kathleen E. Craigmile
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, #3500
Denver, CO 80202
Email: jmc@benningtonjohnson.com
Email: kec@benningtonjohnson.com

Julie Anne North
Justine Victoria Beyda
Cravath, Swaine & Moore LLP
825 Eighth Avenue
39th Floor
New York, NY 10019-7475
Email: jnorth@cravath.com
Email: jbeyda@cravath.com

*s/Theresa Baksay*

_____

Theresa Baksay