IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-00869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK

    Plaintiffs,
v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER
INNOVATIS GMBH,
INNOVATIS IMMOBILIEN GMBH,
INNOVATIS ASSET MANAGEMENT SA,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

    Defendants,

CREDIT SUISSE A.G.,

    Nominal Defendant.

## ORDER GRANTING MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiffs have filed two motions, both seeking an order trebling the damages awarded on June 7, 2013; entering its judgment in a form that will be enforceable abroad; and certifying the judgment as final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure [docket entries #228 and #246]. No response was filed to motion #228, but a response and reply have been filed as to motion #246. These motions are both granted on the terms set forth in this order.

Plaintiffs' Fifth Claim, arising under the Colorado Organized Crime and Control Act (COCCA), specifically C.R.S. § 18-17-104(3), was brought against Erwin Lasshofer and three related Innovatis entities, collectively referred to either as the "Lasshofer defendants" or the

1

Innovatis defendants." The Twelfth Claim asserts common law fraud against the Lasshofer defendants and three other named defendants. The plaintiffs have not served or otherwise pursued the other three defendants.[1] Likewise, plaintiffs have not focused on any claims against the Lasshofer defendants other than the one COCCA claim and the largely similar common law fraud claim.

The Court found the Lasshofer defendants to be in default when they failed, actually declined, to file an answer. *See* docket entries ##190, 192 and 193 and 192. On June 7, 2013 the Court held a one-day evidentiary hearing on plaintiffs' motion for a default judgment [#191] in which counsel for the Lasshofer defendants did participate. At the conclusion of that hearing, the Court issued detailed findings and conclusions from the bench and entered a default judgment against the Lasshofer defendants, jointly and severally, in the amount of $61,692,492. The issue of trebling those damages was reserved for later briefing and decision.

In one sense it might seem that trebling stretches the judgment from fair compensation to excess. After all, even in the financial circles in which these parties seem to travel, $61 million is a great deal of money, not to mention that the Court had already ordered the Lasshofer defendants to pay the plaintiffs $10,000 a day beginning April 10, 2013 as a contempt sanction for disregarding and therefore disobeying this Court's order issued on June 1, 2012 (a sanction not yet paid and still accumulating). *See* Minute Orders of March 26, 2013 [#184] and April 12, 2013 [#192]. Nevertheless, COCCA expressly states that "[a]ny person injured by reason of any violation of the provisions of section 18-17-104 shall also have a cause of action for threefold the actual damages sustained." This statutory language is both unambiguous and mandatory.

---

[1] The first named defendant, Michael Frank Burgess, is serving a 15-year prison sentence imposed by a federal court in Florida. That court also issued a substantial restitution order in favor of John Niemi and others, but Mr. Burgess apparently has not paid any part of it.

2

The Court has no objection to wording its judgment in a form that makes it enforceable abroad, so long as the wording is consistent with the Court's previous orders and the intended remedy. Otherwise the judgment would be of no value as a practical matter, since the Lasshofer defendants are located outside the United States. Plaintiffs' proposed language, guided by declarations of Swiss attorneys, is acceptable to this Court and is set forth below.

The Court orally severed Claims Five and Twelve pursuant to Fed. R. Civ. P. 54(b) at the conclusion of its bench ruling on June 7, 2013. The Court now reiterates its determination that there is no just reason for delay of the Lasshofer defendants' appeal(s) and directs entry of final judgment as to the Claims Five and Twelve against those defendants pursuant to Rule 54(b). As indicated above, from the very outset of this case plaintiffs have only pursued their claims against the Lasshofer defendants. Moreover, they have essentially ignored their claims against the Lasshofer defendants other than claims Five and Twelve. I attempt no explanation of plaintiffs decision-making in that regard other than the fact that Mr. Burgess appears to be judgment proof. There is an unfortunate tendency in modern civil litigation to assert more claims and to name more defendants than what might be necessary. Regardless, this lawsuit has been pursued as the three plaintiffs' attempt to establish what amount to statutory and common law fraud claims against Mr. Lasshofer and his entities. For all intents and purposes, the case has been concluded at the trial court level, and there is no just reason to delay the Circuit's review of the case.

The Court now directs in writing that final judgment enter in favor of John Niemi, Robert Naegele, III, and Jesper Parnevik, and against Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, and Innovatis Asset Management SA, jointly and severally, as to Count 5 (COCCA) in the amount of $185,077,476, plus post-judgment interest at .14% per annum (the

statutory rate set for the week of the date of entry of default judgment, pursuant to 28 U.S.C. 1961(a)); and as to Count 12 (common-law fraud) in the amount of $61,692,492, plus post-judgment interest at .14% per annum. Plaintiffs may collect up to $185,077,476 (plus post-judgment interest) on Count 5. Plaintiffs may collect up to $61,692,492 (plus post-judgment interest) on Count 12. Plaintiffs may not, however, collect more than $185,077,476 (plus post-judgment interest) in total, that is, on the two counts combined.

The Court further finds that:

(1) Plaintiffs' Count 12, upon which judgment is hereby entered for $61,692,492, states a claim for common-law fraud, which is a tort.

(2) Judgment is being rendered on Plaintiffs' common-law fraud tort claim, Count 12, at the place where the Lasshofer Defendants committed fraudulent acts, making this Court's exercise of personal jurisdiction over Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, and Innovatis Asset Management SA proper.

(3) Judgment is being rendered on Plaintiffs' common-law fraud tort claim, Count 12, at the place of the injury resulting from the Lasshofer Defendants' fraud, also making this Court's exercise of personal jurisdiction over Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, and Innovatis Asset Management SA proper.

(4) Plaintiffs' Count 5, upon which judgment is hereby entered for $185,077,476, is predicated upon tortious acts, i.e. fraud, committed by Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, and Innovatis Asset Management SA.

(5) Judgment is being rendered on Plaintiffs' COCCA claim, Count 5, at the place where the Lasshofer Defendants committed fraudulent acts, making this Court's exercise of personal jurisdiction over Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, and Innovatis Asset Management SA proper.

(6) Judgment is being rendered on Plaintiffs' COCCA claim, Count 5, at the place of the injury resulting from the Lasshofer Defendants' fraud, also making this Court's exercise of personal jurisdiction over Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, and Innovatis Asset Management SA proper.

(7) Erwin Lasshofer, Innovatis GmbH, Innovatis Immobilien GmbH, and Innovatis Asset Management SA are not domiciled in Switzerland. Erwin Lasshofer is a citizen of Austria who, as of June 15, 2012, resided at Gaisbergstrasse 44c, 5020 Salzburg, Austria; Innovatis GmbH and Innovatis Immobilien GmbH are both Austrian corporations which, as of June 15, 2012, were located at Aigner Strasse 4a,

5020 Salzburg, Austria; and Innovatis Asset Management SA is a Panamanian corporation which, as of June 15, 2012, was located at 2nd Floor, East 53rd Street, Swiss Bank Building, Marbella, Republic of Panama.

In accordance with Fed. R. Civ. P. 58(b)(2), this Court will promptly approve and execute, by hand, the form of the final judgment which the designated Deputy Clerk of Court will likewise execute and promptly enter. A certified, file-stamped original final judgment will be made available in the Office of the Clerk upon execution of the final judgment by the Court and the designated clerk, to be surrendered *in person* to any of plaintiffs' counsel of record. Contemporaneous to the surrender of the certified judgment (and payment of the requisite certification fee) and at the further request of the plaintiffs, and corresponding payment of the appropriate fee set by the Judicial Conference of the United States,[2] the Office of the Clerk will issue an apostille on Administrative Office of the U.S. Courts Form 390, Apostille.

DATED this 23rd day of August, 2013.

BY THE COURT:

R. Brooke Jackson
United States District Judge

---

[2] 28 U.S.C. § 1914, District Court Miscellaneous Fees Schedule.