**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
Honorable R. Brooke Jackson

Civil Action No.: 12-CV-869-RBJ

JOHN NIEMI,
ROBERT NAEGELE, III, and
JESPER PARNEVIK,

Plaintiffs,

v.

MICHAEL FRANK BURGESS,
ERWIN LASSHOFER,
INNOVATIS GmbH,
INNOVATIS IMMOBILIEN GmbH,
INNOVATIS ASSET MANAGEMENT, S.A.,
LEXINGTON CAPITAL & PROPERTY INVESTMENTS, LLC, and
BARRY FUNT,

Defendants.

---

**MOTION OF STEESE, EVANS & FRANKEL, P.C.**
**TO QUASH SUBPOENA**

---

Pursuant to FED. R. CIV. P. 45(c)(3), STEESE, EVANS & FRANKEL, P.C. ("SE&F") respectfully requests that the Court quash the subpoena that Plaintiffs John Niemi, Robert Naegele, III, and Jesper Parnevik ("Plaintiffs") served (by process server) on SE&F. The subpoena seeks production of documents bearing no relevance or legitimate purpose in this lawsuit. Clearly, Plaintiffs served their subpoena to harass and annoy. Particularly under the

circumstances described below, Plaintiffs also should be required to pay for the attorneys' fees and costs incurred in having to bring this Motion.

## D.C.COLO.LCivR 7.1A CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1A, undersigned counsel certifies that counsel conferred with Plaintiffs' counsel regarding this motion, and Plaintiffs' counsel indicated that Plaintiffs oppose this motion.

## INTRODUCTION

Having opposed SE&F's motion to withdraw as counsel for Defendant Erwin Lasshofer ("Mr. Lasshofer") and Defendants Innovatis GmbH, Innovatis Immobilien GmbH, and Innovatis Asset Management, S.A. (collectively, the "Innovatis entities") in June and July, 2012, Plaintiffs now abusively and baselessly seek to pry into the financial relationship between SE&F and its clients. Plaintiffs do so for no other purpose than to harass and annoy SE&F. Moreover, the documents subpoenaed are irrelevant. For Plaintiffs to suggest now that, based on nothing more than rank speculation, money resides in SE&F's COLTAF account to pay the $185 million default judgment is specious. At no time has SE&F's COLTAF account contained any funds other than those used to pay for SE&F's services – again recall that Plaintiffs opposed SE&F's motion to withdraw. Indeed, Plaintiffs long faulted Mr. Lasshofer and the Innovatis entities for not transferring $2.18 million to Colorado, an accusation that completely debunks the innuendo behind Plaintiffs' subpoena.

Based upon this guesswork, however, Plaintiffs seek SE&F's "Retainer Agreements" with Mr. Lasshofer and the Innovatis entities, all financial documents relating to payments from or to be made by Mr. Lasshofer and the Innovatis entities (including checks, withdrawal slips, wire transfer records, receipts, bookkeeping documents, journals, ledgers, financial statements, and other financial records) since September 7, 2013, records of SE&F's COLTAF account, and documents sufficient to show any unused portion of any retainer. *See* Exhibit 1, Subpoena. These documents are irrelevant to any issue or legitimate purpose in this case. Moreover, while Plaintiffs purport to exempt from production attorney-client communications and attorney work product, Plaintiffs' intrusion into the attorney-client relationship without need or justification erodes confidence in the legal profession. *Cf.* COLO. RULES OF PROF'L CONDUCT R. 4.5 cmt. 2 ("As in all cases of ***abuse of judicial process***, the improper use of criminal, administrative or disciplinary process ***tends to diminish public confidence in our legal system.***") (emphasis added).

Particularly in light of the fact that Plaintiffs objected to SE&F's motion to withdraw, and as a result the Court denied that motion, SE&F has a right to be fairly and reasonably compensated for the legal services it has and continues to provide. The Court recognized this when it exempted reasonable legal fees from the now-vacated preliminary injunction order. Reasonable legal fees include payment for services rendered in connection with the appeal of this Court's final judgment. Plaintiffs cannot be allowed to interfere with and trample upon the due process rights of Mr. Lasshofer and the Innovatis entities to appeal by using this Court's subpoena power to engage in a reckless fishing expedition into SE&F's

COLTAF account and other financial records. The Court should, therefore, quash Plaintiffs' Subpoena.

**ARGUMENT**

In explaining their intrusion into the relationship between SE&F and its clients, Plaintiffs referred SE&F to *FTC v. Trudeau*, No. 03c3904, 2013 WL 842599 (N.D. Ill. Mar. 6, 2013). According to Plaintiffs' counsel:

> We are simply seeking discovery aimed at satisfying our clients' judgment. Additionally, and before you move for anything, I respectfully suggest that you read FTC v. Trudeau, No. 03 C 3904, 2013 U.S. Dist. LEXIS 30106 (N.D. Ill. Mar. 6, 2013). ***The verbiage from the schedule to the subpoena served on your firm is nearly identical to the subpoena that was approved and enforced in that case.***

Exhibit 2, 9/24/2013 email from Christoper Madel to Kevin D. Evans (emphasis added). Plaintiffs' reliance on *Trudeau* is misguided.

In *Trudeau*, the court found the documents relevant to disprove the defendant's contention that he lacked the ability to pay a sanction. *See Trudeau,* 2013 WL 842599, at *1. The issue here is not ability to pay; therefore, Plaintiffs' subpoena serves no similar purpose. As put by Plaintiffs' counsel: "We are simply seeking discovery aimed at satisfying our clients' judgment." *See* Exhibit 2. But the discovery Plaintiffs seek is not aimed at satisfying their judgment. Plaintiffs are using the subpoena power to harass and annoy counsel for Mr. Lasshofer and the Innovatis entities in this case. ***Further, Plaintiffs also are using this case (and this Court) to issue subpoenas in other jurisdictions and to threaten other attorneys with claims of aiding and abetting fraudulent transfers if those attorneys***

***provide legal services to Mr. Lasshofer or any of the Innovatis entities and are paid for their services.*** *See* Exhibit 3, 10/1/2013 letter from Aaron Thom to Jeanette Bazis ("As you know, any asset transfer by the Defendants in the above-referenced matter that is made with the intent to hinder, delay, or defraud collection of the judgment entered against them would constitute a fraudulent transfer pursuant to Colo. Rev. Stat. § 38-8-105, and ***any party assisting such a transfer could be held liable for aiding and abetting the violation.***") (emphasis added).

Plaintiffs' improper use of the subpoena power is evident. In contrast, Plaintiffs have not and cannot establish that their intrusion meets even the most basic requirement for discovery: that the information sought be relevant or likely to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1). Therefore, the Court should quash Plaintiffs' subpoena.

## I. SE&F IS ENTITLED TO BE FAIRLY COMPENSATED, PARTICULARLY AS SE&F WAS NOT ALLOWED TO WITHDRAW

On June 28, 2012, SE&F filed an Opposed Motion To Withrdraw [Doc. No. 77] as counsel for Mr. Lasshofer and the Innovatis entities. Plaintiffs opposed the Motion To Withdraw, and as a result the Court denied it. *See* Plaintiffs' Response In Opposition To Motion To Withdraw [Doc. No. 84; filed 7/23/2012]; Order Denying Motion To Withdraw [Doc. No. 93; filed 7/29/2013]. Thus, SE&F was obligated to continue representing Mr. Lasshofer and the Innovatis entities. As a result, both sides expended substantial resources litigating this case to the point where it could finally be appealed to the Tenth Circuit on the

merits of the Court's jurisdictional rulings. (Last month the Tenth Circuit agreed with Mr. Lasshofer and the Innovatis entities, and vacated the preliminary injunction.)

SE&F rightly expected – and continues to expect – to be paid for its legal services. *See, e.g., In re Forrest A. Heath Co.,* 159 F. Supp. 632, 637 (D. Colo. 1958) ("Certainly, attorneys should be compensated for their services"). Indeed, the Court's Preliminary Injunction Order [Doc. No. 50; filed 6/1/2012], now vacated, expressly allowed Mr. Lasshofer and the Innovatis entities to "pay reasonable and ordinary business expenses ***(including necessary and reasonable attorney's fees)*** . . . ." Preliminary Injunction Order at 22 (emphasis added). Moreover, Colorado statutory law provides a lien on any money held by an attorney for services: "***All attorneys- and counselors-at-law shall have a lien on any money . . . in their hands . . . for any fees or balance of fees due or to become due from any client.***" C.R.S. § 12-5-119 (emphasis added); *see also* C.R.S. § 12-5-120 (creating attorney lien in client's papers). "If an attorney who possessed funds of a client had a present interest only in fees already earned, this statutory language would be utterly superfluous." *In re Printcrafters, Inc.*, 233 B.R. 113, 117-18 (D. Colo. 1999) (reversing decision of bankruptcy court based upon language quoted above).

Plaintiffs have no claim to money held to pay SE&F's legal fees. Thus, as addressed below, Plaintiffs' subpoena to SE&F does not seek information that will assist Plaintiffs in collecting their judgment. Plaintiffs' abusive tactic seeks only to harass and annoy SE&F and complicate the attorney-client relationship between SE&F and its clients by seeking

information about funds retained to secure payment of legal fees. The subpoena seeks irrelevant information and should be quashed.

## II. PLAINTIFFS SEEK IRRELEVANT INFORMATION UNLIKELY TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE

Relevancy is determinative of whether a party may intrude into the particulars of another parties' financial relationship with its attorney. *See, e.g., Abdel-Samed v. ING Life Ins. and Annuity Co.,* No. 3:12CV925 (RNC), 2013 WL 1962673, at *1 (D. Conn. May 10, 2013) (denying discovery of fee agreement as premature at liability stage); *Brown v. Walsh & Kelly, Inc.,* No. 2:11-cv-34-RLM-PRC, 2012 WL 1831545, at *2 (N.D. Ind. May 18, 2012) ("information regarding attorney fees and fee arrangements . . . must also be 'relevant to any party's claim or defense.' ") (citations omitted; quoting FED. R. CIV. P. 26(b)(1)); *Valley Hous. Ltd. P'ship v. City of Derby,* Civ. No. 3:06cv1319 (TLM), 2011 WL 6258310, at *1 (D. Conn. Dec. 15, 2011) (denying discovery of fee agreement because "there is nothing in either agreement which would assist defendants in opposing plaintiffs' application for attorney's fees"); *Monarch Prods., LLC v. Zephyr Grafix, Inc.,* No. 4:09cv02049 ERW, 2010 WL 3894206, at *1 (E.D. Mo. Sep. 23, 2010) (denying discovery request for fee agreement as irrelevant); *Emery v. Am. Airlines, Inc.*, No. 08-22590-CIV, 2009 WL 3877557, at *4 (S.D. Fla. Nov. 18, 2009) (denying as irrelevant request for production of "[t]he retainer agreement, engagement letter, and all documents or electronically stored information reflecting or relating-to-the-fee-arrangement between Plaintiff and her attorneys, the hourly rate charged by her attorneys,

the hours expended by her attorneys to date on this action, and the amounts Plaintiff has paid to her attorneys to date").

In evaluating whether to order a law firm to turnover through discovery a retainer agreement or similar documents, "courts perform[ ] a relevancy analysis based on the individual facts of the case." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 2122440, at *5 (D. Kan. Jul. 20, 2007). Thus, for example, in *Heartland Surgical*, the court ruled that a law firm's engagement letter with an outside accounting firm was facially irrelevant in an antitrust lawsuit, and that the defendants had failed to demonstrate relevance. *Id.* In *Williams v. KOPCO, Inc.*, 162 F.R.D. 670 (D. Kan. 1995), the defendant sought to disqualify plaintiff's counsel. In the process, the defendant demanded production of the plaintiff's fee agreement with her counsel, even though the defendant knew when that agreement had been entered. *Id.* at 674. Denying discovery, the court stated: "[T]he court can see no relevance to the disclosure to the full body of the agreement, and the defendant has failed to indicate its relevance." *Id.*

As discussed above, Plaintiffs' claim that the documents they have subpoenaed are relevant because the Northern District of Illinois ordered the production of similar documents in *Trudea*. *See supra* at 4. However, Plaintiffs can offer no explanation for how uncovering SE&F's retainer agreements, payments made to SE&F, and information about present or historical balances in SE&F's COLTAF account is "aimed at satisfying [Plaintiffs']

judgment." Exhibit 2. There is no explanation.[1] SE&F has a right to be paid for legal services. SE&F has a security interest in the retainer. The documents Plaintiffs seek are irrelevant. The only reason Plaintiffs subpoenaed SE&F is to harass and annoy. Therefore, the Court should quash Plaintiffs' subpoena.

## CONCLUSION

For the foregoing reasons, SE&F respectfully requests that the Court quash Plaintiffs' subpoena, order Plaintiffs to pay the attorneys' fees and costs in bringing this Motion, and grant SE&F such other and further relief to which it is entitled.

Dated: October 4, 2013.

Respectfully submitted,

By: *s/Kevin D. Evans*

Kevin D. Evans
Phillip L. Douglass
STEESE, EVANS & FRANKEL, P.C.
6400 S. Fiddlers Green Circle, Suite 1820
Denver, Colorado 80111
Telephone: 720.200.0676
Facsimile: 720.200.0679
Email: kdevans@s-elaw.com
pdouglass@s-elaw.com

Attorneys for Defendants
ERWIN LASSHOFER, INNOVATIS GMBH, INNOVATIS IMMOBILIEN GMBH, INNOVATIS ASSET MANAGEMENT, S.A.

[1] Certainly, Plaintiffs are not suggesting that SE&F is hiding funds from Plaintiffs, for such an accusation would be wholly improper and, frankly speaking, a violation of the Colorado Rules of Profession Conduct. *See Christou v. Beatport*, No. 10–cv–02912–RBJ–KMTLLC, 2013 WL 248058, at *15 (D. Colo. Jan. 23, 2013) (cautioning against "accusing reputable counsel of incompetent and even unethical conduct").

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2013, I caused the foregoing **MOTION OF STEESE, EVANS & FRANKEL, P.C. TO QUASH SUBPOENA** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Robert N. Miller
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400
Email: rmiller@perkinscoie.com

Christopher W. Madel
Bruce D. Manning
Aaron R. Thom
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612.349.8500
Facsimile: 612.339.4181
Email: cwmadel@rkmc.com
bdmanning@rkmc.com
arthom@rkmc.com

Jeffrey H. McClelland
Kathleen E. Craigmile
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street
#3500
Denver, CO 80202
303-629-5200
Email: jmc@benningtonjohnson.com
Email: kec@benningtonjohnson.com

Julie Anne North
Justine Victoria Beyda
Cravath, Swaine & Moore LLP
825 Eighth Avenue
39th Floor
New York, NY 10019-7475
212-474-1000
Email: jnorth@cravath.com
Email: jbeyda@cravath.com

*s/Theresa Davidson*

Theresa Davidson